UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. Cr-C-02-216 |
|  | : |  |
| Respondent, | : | Honorable Janis Graham Jack, |
|  | : | U.S.D.J. |
| -against- | : |  |
|  | : | **This is a Capital Case** |
| ALFRED BOURGEOIS, | : |  |
|  | : | Electronically Filed |
| Petitioner. | : |  |
|  | : |  |

**PETITIONER'S MOTION TO COMPLETE RECORD
AND CONSOLIDATED BRIEF IN SUPPORT**

Petitioner, ALFRED BOURGEOIS, through undersigned counsel, hereby moves to complete the record. As shown below, Petitioner's counsel are busily preparing Mr. Bourgeois' section 2255 Motion, but they currently are without a number of critical pieces of the historical record of this case. As also shown below, these missing pieces are essential to a full and fair evaluation of the prior proceedings in this Court and, in particular, an evaluation of trial counsels' performance. Specifically, Petitioner requires the Court's intervention to obtain photo-quality copies of all autopsy photos in the Government's possession, and all audio recordings of statements made by Petitioner. In support of this *Motion*, Petitioner states as follows.

1.     Petitioner was convicted before this Court for a violation of 18 U.S.C. § 1111 and was sentenced to death. Petitioner's conviction and death sentence were affirmed on direct appeal. United States v. Bourgeois, 423 F.3d 501 (5th Cir. 2005), cert denied, Bourgeois v. United States, 126 S.Ct. 2020 (May 15, 2006). Petitioner was represented by Joel Douglas Tinker, Esq. and John

S. Gilmore Jr., Esq. at trial and on direct appeal.  On October 16, 2006, this Court granted Mr. Bourgeois' Motion and appointed undersigned counsel (document # 380).  On October 19, 2006 the Court granted counsel Wiseman's motion for admission *pro hac vice* in these §2255 proceedings (document # 382).  Mr. Bourgeois' petition for a writ of habeas corpus is currently due on or before May 14, 2007.

2.     Since their appointment, counsel have been gathering and reviewing the record and conducting investigation based upon that review.  While counsel have obtained the bulk of the record from prior counsel and the Court, there remain a number of items that are in the sole possession of the United States Attorney, and which the Government has refused to provide.

3.     As part of their efforts to complete the record, on February 27, 2007 counsel traveled to Corpus Christi to review the trial exhibits, all of which were made available for inspection by the Court.  At that time, the Court directed case manager, Sandra Scotch, to assist counsel with our review and/or copying of trial exhibits and Ms. Scotch courteously complied.  Those exhibits included multiple autopsy photos and two audio recordings of Mr. Bourgeois' pre-trial phone conversations.

4.     On that same day, counsel met with Assistant United States Attorney, Patricia Booth, Esq., and inquired whether the Government possessed a computer disk or color copies of the autopsy photographs admitted at trial.[1]   Ms. Booth advised counsel that the Government possessed additional autopsy photographs and audio recordings of Mr. Bourgeois' phone conversations which were not admitted at trial.

---

[1]Counsel has contacted Case Manager Sandra Scotch for assistance in obtaining copies of the autopsy photographs admitted at trial.

5.     Counsel has not seen in prior counsels' files such other photos, or recordings or transcripts of recordings, which were not admitted at trial.  Knowing that such materials should have been provided to trial counsel upon request, pursuant to Fed.R.Crim.P. 16,[2] counsel requested that the Government produce those autopsy photographs and audio-recordings.  The Government advised counsel on March 13, 2007 that it would not produce these items.

6.     The Government's refusal to provide these documents, photographs and recordings, render it impossible for counsel to conduct a full evaluation of whether trial counsel rendered effective assistance of counsel.  Trial counsels' apparent failure to secure that discovery that was due

---

[2]F.R.Crim.P. 16 states in relevant part:

(a) Government's Disclosure.

(1) Information Subject to Disclosure.

(B) Defendant's Written or Recorded Statement.  Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
    (i) any relevant written or **recorded statement** by the defendant if:
        • the statement is within the government's possession, custody, or control: and
        • the attorney for the government knows – or through due diligence could know – that the statement exists. . .

(E) Documents and Objects.  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, **photographs**, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
    (i) the item is material to preparing the defense. . . .

(F) Reports of Examinations and Tests.  Upon a defendants request, the government must permit a defendant to inspect and to copy or photograph the results or report of any physical or mental examination if:
    (iii) the item is material to preparing the defense. . . .

to them under Rule 16 may have caused Petitioner prejudice – prejudice being an essential element of a post-conviction claim of counsel ineffectiveness. Strickland v. Washington, 466 U.S. 668, 694 (1984) (Counsel is ineffective when his or her performance falls below objective standards of reasonableness, and that as a result of that deficiency, a defendant suffers prejudice.)   Current counsel cannot assess whether trial counsels' failure to secure the discovery in fact caused prejudice until they are able to review the materials that trial counsel did not obtain.

7.      The American Bar Association's GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF COUNSEL IN DEATH PENALTY CASES, Guideline 10.15.1 (E) (4) (Duties of Post-Conviction Counsel), require current counsel to "continue an aggressive investigation of all aspects of the case."[3] As the *Commentary* to this Guideline states, **"collateral counsel cannot rely on the previously compiled record** but must conduct a thorough, independent investigation in accordance with Guideline 10.7 (Investigation)." Accordingly, in order to facilitate counsels' conduct of a thorough investigation required by the Sixth Amendment and the ABA Guidelines, and in particular to explore whether trial counsel performed effectively, counsel requires that the Court allow him to complete the record by having access to the requested materials.

---

[3]The ABA Guidelines have been cited repeatedly by the Supreme Court as guides to "what is reasonably" expected of capital counsel. See Rompilla v. Beard, 545 U.S. 374, 387 (2005) citing, Wiggins v. Smith, 539 U.S. 510, 524 (2003), and Strickland, 466 U.S. at 688.

WHEREFORE, Petitioner respectfully requests that this Court grant his *Motion to Complete Record*.  A proposed Order is attached.

Respectfully Submitted,

/s/ Michael Wiseman

_____

Michael Wiseman, Esq.
Supervisory Assistant Federal Defender
Victor J. Abreu, Esq.
Assistant Federal Defender
Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19016
215-928-0520
Michael_Wiseman@fd.org
Victor_Abreu@fd.org

Dated: April 4, 2007
        Philadelphia, Pennsylvania

## CERTIFICATE OF SERVICE

I, Michael Wiseman, Esq., hereby certify that on this 4th day of April, 2007, I caused the foregoing *Petitioner's Motion to Complete Record* to be served upon the following person in the manner indicated below:

Patricia Hubert Booth, Esq.
United States Attorney's Office
800 North Shoreline, Suite 500
Corpus Christi, TX 78401

/s/ Michael Wiseman

Michael Wiseman

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____ :
:
UNITED STATES OF AMERICA,                :          No. Cr-C-02-216
:
Respondent,             :      Honorable Janis Graham Jack,
:                U.S.D.J.
-against-                :
:          **This is a Capital Case**
ALFRED BOURGEOIS,                        :
:
Petitioner.             :
_____ :

**ORDER**

And now, this _____ day of _____, 2007 upon consideration of *Petitioner's Motion to Complete Record*, and the Government's response, it is hereby ORDERED:

1.    Petitioner's Motion is GRANTED.

2.    Within 10 days of the date of this ORDER , the Government shall make available, for inspection and copying, all photographs taken of the deceased before her death, after her death but before the autopsy, and at her autopsy, by the NCIS, hospital pathologist, county medical examiner, or any other person(s) employed by either law enforcement agencies or medical authorities; and all recordings of Petitioner's phone conversations in its possession, custody, or control.

_____
Janis Graham Jack, USDJ