UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| _____ | : | |
| UNITED STATES OF AMERICA, | : | No. Cr-C-02-216 |
| | : | No. Cv-07-223 |
| Respondent, | : | Honorable Janis Graham Jack, |
| | : | U.S.D.J. |
| -against- | : | |
| | : | |
| ALFRED BOURGEOIS, | : | Electronically Filed |
| | : | |
| Petitioner. | : | |
| _____ | : | |

**PETITIONER'S UNOPPOSED MOTION TO AMEND COURT'S
ORDER LIMITING MR. BOURGEOIS' CORRESPONDENCE**

Petitioner, Alfred Bourgeois, through undersigned counsel, hereby moves to amend this Court's order restricting Mr. Bourgeois' correspondence, and in support of this *Motion* states the following.

1.      Pending before the Court is *Petitioner's Motion Pursuant to 28 U.S.C. Section 2255 or in the Alternative Pursuant to 28 U.S.C. 2241* challenging his convictions and sentence of death related to the 2002 beating death of his daughter, JG-1999.  On October 5, 2007 Petitioner filed a *Memorandum in Support*, and the Government's answering pleading is currently due on April 28, 2008.

2.      During pre-trial proceedings the Government raised a concern that Petitioner was having improper and allegedly threatening communications with witnesses and potential witnesses. As a result, the Court issued a series of orders placing restrictions on Petitioner's oral and written communications with prisoners and others outside of his place of confinement.  Even though

1

Petitioner was convicted in 2004, Petitioner understands that the United States Bureau of Prisons (BOP) considers these orders still in effect and does not permit Petitioner to write or place telephone calls to people outside his current place of confinement.

3.      Undersigned counsel visited Petitioner at U.S.P. Terre Haute on January 22, 2008. At the beginning of the meeting, BOP counselor Randy White advised counsel that Petitioner was on a hunger strike ostensibly related to the on-going restrictions on his communications. Counselor White's stated purpose was to see if counsel could persuade Mr. Bourgeois to abandon his strike. Counselor White presented Petitioner with copies of two orders which he indicated formed the basis for the BOP's on-going restriction on Petitioner's communication. A copy of the orders are attached to this Motion.[1] Counsel naturally advised Mr. Bourgeois to abandon his strike, and he agreed to do so. Counsel also promised Mr. Bourgeois that he would file this *Motion*.

4.      It appears from the attached orders that at some point the Court permitted Petitioner to communicate through his trial counsel. Since trial counsel (Mr. Gilmore and Mr. Tinker) no longer represent Petitioner, this arrangement has resulted in a total ban on Petitioner's communication.

5.      Undersigned counsel requests that the Court permit Mr. Bourgeois to have written communication with the outside world, so long as the communications are first sent to undersigned counsel who will review them for propriety before sending them on to the addressee. Counsel is

---

[1]Undersigned counsel has been unable to access these orders on PACER (which tells counsel that they are not authorized to view these documents) and therefore counsel believe that they will not be able to reconstruct the entire sequence of orders related to the question of Mr. Bourgeois' communication. However, counsel believe, based upon Counselor White's communication, that the attached orders reflect BOP's current understanding with respect to the limits on Mr. Bourgeois' communication.

willing to act in this capacity and will enclose with each such letter a cover letter explaining to the recipient that counsel will stop forwarding letters to them upon request.

6.    Counsel has communicated with AUSA Tony Roberts about this *Motion*, and Mr. Roberts has authorized counsel to advise the Court that the Government does not object to the relief requested herein.

WHEREFORE, counsel for Petitioner request that the Court modify its prior order to permit Petitioner to send written communications to those outside of BOP custody, in accordance with the terms set forth in the accompanying proposed order.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Michael Wiseman, Esq.
Supervisory Assistant Federal Defender
Victor J. Abreu, Esq.
Assistant Federal Defender
Capital Habeas Corpus Unit
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19016
215-928-0520
Michael_Wiseman@fd.org

Dated:  Philadelphia, PA
        February 5, 2008

CERTIFICATE OF SERVICE

I, Michael Wiseman, Esq., hereby certify that on this 5th day of February, 2008, I caused the foregoing upon the following person in the manner indicated below:

Tony R. Roberts Esq.
United States Attorney's Office
PO Box 61129
Houston, TX 77208-1129
Tony.Roberts@usdoj.gov

/s/ Michael Wiseman

Michael Wiseman

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____  :
:
UNITED STATES OF AMERICA,        :        No. Cr-C-02-216
:        No. Cv-07-223
Respondent,       :    Honorable Janis Graham Jack,
:        U.S.D.J.
-against-        :
:        **This is a Capital Case**
ALFRED BOURGEOIS,         :
:
Petitioner.        :
_____  :

**ORDER**

AND NOW this ___ day of _____, 2008 consideration of *PETITIONER'S UNOPPOSED MOTION TO AMEND COURT'S ORDER LIMITING MR. BOURGEOIS' CORRESPONDENCE*, it is hereby ORDERED:

Petitioner's motion is granted in accordance with the following terms:

A.      The United States Bureau of Prisons (BOP) is directed to permit Petitioner to have written communications with persons outside of BOP custody in accordance with BOP policy governing prisoner communications and with the following additional terms;

B.      All such written communications must be sent by Petitioner to his counsel of record, Michael Wiseman and/or Victor Abreu, at the following address:

Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Curtis Center – Suite 545 West
Philadelphia, PA 19106

C.      Upon receipt, counsel shall review the correspondence to insure that they are proper including that they contain no threats or intimidation;

D.      If the communication is determined to contain improper content, counsel shall retain the letter and notify Petitioner in writing that the letter has not been forwarded;

E.      If the communication is deemed proper, counsel will forward it to the addressee along with a cover letter from counsel advising the addressee that if they wish to not receive further correspondence from Petitioner, they can inform counsel of the same in writing;

F.      This order shall remain in effect until further order of the Court.

**SO ORDERED,**

_____
Hon. Janis Graham Jack
USDJ

Dated: Corpus Chrisi, Texas
       February 5, 2008