UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | CR. No. C-02-216 |
| | § | C.A. No. C-07-223 |
| ALFRED BOURGEOIS, | § | |
| Petitioner. | § | |

RESPONDENT'S MOTION SEEKING ORDER FOR
AFFIDAVIT FROM DEFENSE COUNSEL TO ENABLE RESPONDENT
TO ADEQUATELY RESPOND TO PETITIONER'S SECTION 2255 MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the government," by and through the United

States Attorney for the Southern District of Texas, files this Motion  seeking a Court Order for the

trial defense counsel, Mr. Douglas Tinker and Mr. John Gilmore, to file affidavits in response to the

allegations of ineffective assistance of counsel in Petitioner's pleading.  The government is unable

to fully address Petitioner's allegations without said affidavits.  In support thereof, the government

states the following:

The government's response is currently due on September 19, 2008.  The complexity of the

issues raised by the Petitioner has required the government to seeking three extensions.  The

government has primarily focused upon obtaining the opinion of expert witnesses to respond to

several of Petitioner's substantive claims.  At the same time, the government has remained hopeful

that trial defense counsel would willingly and voluntarily provide written responses to Petitioner's

claims of ineffective assistance of counsel.  However, subsequent to the government's most recent

motion for an extension, the counsel representing Petitioner in his instant pleading has taken direct

action to prevent trial defense counsel from providing information to the government that would facilitate this Court's review of the issues presented. (*See* Appendix A).

On July 17, 2008, Petitioner's current counsel sent a letter to Douglas Tinker and John Gilmore to "remind" them that Petitioner has not waived the attorney-client privilege. *Id.* The letter claims that allegations of ineffective assistance "do not constitute a waiver of the privilege." *Id*. However, the letter adds that Petitioner "may ultimately have to waive some aspects of the privilege in order to have certain of his claims heard," but his counsel avers that "he has yet to [waive the privilege]." *Id*.

In stark contrast to Petitioner's claims in the letter to his former trial defense counsel, the rule in the Fifth Circuit states: "The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue." *Laughner v. U.S.*, 373 F.2d 326, 327 & n.1 (5th Cir. 1967); *see also*, *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001) and *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). Unless Petitioner is hereby withdrawing his claims of ineffective assistance of counsel, he has waived any privilege he heretofore had in regards to his specific allegations which are extremely broad and far reaching.

Mr. Gilmore has indicated a willingness to respond to Petitioner's allegations, but after Petitioner's July 17 letter, he is now hesitant to do so without a Court Order. Mr. Tinker has not yet informed the government of his full intentions regarding how, or whether, he will respond to Petitioner's allegations. In any event, to avoid further delays, the government respectfully requests that this Court Order Mr. Tinker and Mr. Gilmore to submit responsive affidavits to this Court.

Indeed, said responsive affidavits might enable this Court to resolve some of the issues raised on an expanded record without resort to an evidentiary hearing on those issues. To the extent that Petitioner desires to enforce his attorney-client privilege with regard to specific issues, the government would not oppose Petitioner's withdrawal of those issues.

As the government is unsure whether Petitioner's letter will have the same chilling effect upon Mr. Tinker as it has had upon Mr. Gilmore, and in an abundance of caution in desiring to fully reply to Petitioner's 2255 motion in an expedient manner, the government moves this Court to Order Mr. Tinker and Mr. Gilmore to submit affidavits to this Court, with a copy to undersigned counsel, responding to all of the allegations presented in Petitioner's Section 2255 Motion.

As noted in our prior motions for extensions, the government has no interest in unnecessarily extending the instant proceedings. The government continues to anticipate that an evidentiary hearing will be necessary notwithstanding the comprehensive nature of the pleadings, but the government remains hopeful that some of the issues can be resolved on the record and the pleadings.

Undersigned counsel conferred with Assistant Federal Public Defender Elizabeth Larin, one

of Petitioner's co-counsel, and she indicated that Petitioner's defense team opposes this motion.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney


    /S/ *Tony R. Roberts*
TONY R. ROBERTS
Assistant United States Attorney
TX Bar No. 17022000
S.Dist.Tx.  26173
P.O. Box 61129
Houston, Texas  77208-1129

CERTIFICATE OF SERVICE

I, Tony R. Roberts, Assistant United States Attorney, do hereby certify that a copy of the

above Motion for Extension of Time was placed in the mail on July 31, 2008, via certified mail,

return receipt requested to:

Maureen Kearney Rowley
Michael Wisemen
Victor Abreu
James McHugh
Elizabeth Larin
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106



　　　/S/ Tony R. Roberts
TONY R. ROBERTS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA,    §
  Respondent,    §
        §
vs.    § CR. No. C-02-216
        § C.A. No. C-07-223
ALFRED BOURGEOIS,    §
  Petitioner.    §

ORDER

It is hereby ORDERED that Mr. Douglas Tinker, and Mr. John Gilmore, 622 South Tancahua, Corpus Christi, Texas, shall submit sworn and signed affidavits addressing the issues of ineffective assistance of counsel raised in Petitioner's Section 2255 Motion. Said affidavit shall be filed in this Court and served upon the United States Attorney's office in Corpus Christi, Texas by _____, 2008.

The clerk of this Court shall send a copy of this Order to the parties, and to Mr. Tinker and Mr. Gilmore, by any receipted means.

Signed at Corpus Christi, Texas, this _____ day of _____ 2008.


_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE