UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____    :

UNITED STATES OF AMERICA,    :     No. Cr-C-02-216
   :     No. Cv-07-223
    Respondent,    :     Honorable Janis Graham Jack
   :     U.S.D.J.
    -against-    :
   :     Electronically Filed
ALFRED BOURGEOIS,    :
   :
    Petitioner.    :
_____    :

**PETITIONER'S ANSWER IN OPPOSITION TO THE**
***GOVERNMENT'S MOTION SEEKING ORDER FOR AFFIDAVIT FROM DEFENSE***
***COUNSEL TO ADEQUATELY RESPOND TO PETITIONER'S SECTION 2255 MOTION***

Petitioner, ALFRED BOURGEOIS, through undersigned counsel hereby
submits his Answer in Opposition to the *Government's Motion Seeking Order For*
*Affidavit From Defense Counsel To Adequately Respond to Petitioner's Section 2255*
*Motion* (document # 435) (hereafter, *Motion*).

### INTRODUCTION

The Government requests a broad order requiring trial defense counsel to
complete affidavits relevant to their representation of Petitioner. Petitioner fully
acknowledges – as he did in his July 17, 2008 letter to defense counsel referenced in
the *Motion* – that he implicitly waives the attorney-client and work-product privileges

1

for any issue for which he has claimed that counsel were ineffective. Conversely, he retains these privileges in all other respects. Thus, the Government's broad request that trial counsel simply produce statements about their representation of Petitioner, if granted in its current form, has the potential to reveal communications, documents and/or work product, for which these privileges have not been waived. In short, the dispute at this juncture is not about whether Petitioner's retains his privileges. Rather, the dispute is about the mechanism that will permit the Government to get the information it needs, while insuring that Petitioner is able to protect those privileges he has not waived.

### ANALYSIS

Petitioner does not dispute that he waives the attorney-client and work-product privileges as to communications and documents relevant to the claims of ineffective assistance of counsel. The Government's citations to this effect are accurate. *Motion* at 2. See also Baker v. General Motors Corp., 209 F.3d 1051, 1055 (8th Cir. 2000). However, there is more for the Court to consider.

A waiver of these privileges occurring as a result of a claim of ineffective assistance of counsel raised in a post-conviction pleading is an "implied waiver." Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003) ("The privilege may be found to have been waived by implication when a party takes a position in litigation that

makes it unfair to protect the party's attorney-client communications . . . The doctrine of waiver by implication reflects the position that the attorney-client privilege was intended as a shield, and not a sword.") (ellipses in original).

Bittaker, relied upon by the Government (*Motion* at 2), explains the distinction between an implied and express waiver of privileged information. Id. at 719. An express waiver occurs when disclosure of the ostensibly privileged matter is made to a third party who is not bound by the privilege. In such an instance, the court has "no role in encouraging or forcing the disclosure – [it] merely recognizes the waiver after is has occurred." Id. Conversely, a waiver resulting from a claim of ineffectiveness is considered under the "doctrine of implied waiver":

> The doctrine of implied waiver allocates control of the privilege between the judicial system and the party holding the privilege. . . The court imposing the waiver does not order disclosure of the materials **categorically**; rather the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it.

Id., at 720 (emphasis added). Bittaker, also cautions that the:

> [C]ourt must impose a waiver **no broader than needed** to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose. Courts . . . that have imposed waivers under the fairness principle have therefore **closely tailored the**

3

> **scope of the waiver** to the needs of the opposing party in litigating the claim in question.

Id., (emphasis added) citing, Kerr v. U.S. District Court, 426 U.S. 394 (1976) (court should ensure that the "balance between the petitioner's claims of . . . privilege and plaintiffs' asserted need for the documents is correctly struck.") (ellipses in original); see also, In re: Lott, 424 F.3d 446, 453 (6th Cir. 2005) ("Implied waivers [such as when a habeas petitioner raises a claim of ineffectiveness] are consistently construed narrowly");[1] Johnson v. Alabama, 256 F.3d 1156, 1179 (11th Cir. 2001) ("the precise boundaries of the privilege will vary from case to case, and in many instances will require careful evaluation by the district court") (cited by Government, *Motion* at 2); Alvarez v. Woodford, 81 Fed.Appx. 119, 2003 WL 22682463 at *1 (9th Cir. Nov. 12, 2003) (approving disclosure of otherwise privilege documents to the prosecution in response to a claim of ineffectiveness after "the Magistrate Judge gave careful consideration to each document at issue, such that only those documents or portions of documents relating to the claim asserted by the client would be disclosed")

---

[1] Lott illustrates the potential havoc that can be wreaked on a habeas petitioner's legitimately held privileges. In Lott the district court found an implicit waiver of the attorney client privilege based on the petitioner's claim of actual innocence. The Court of Appeals noted that "there is no question that the attorney-client privilege remains applicable in habeas proceedings," but is waived for claims of ineffective assistance of counsel, Lott, 424 F.3d at 452-55. It held that a claim of actual innocence does not waive the privilege in any respect. Id., at 455-56.

4

(internal quotation marks and citations omitted); <u>Mason v. Mitchell</u>, 293 F.Supp.2d 819-823-24 (N.D. Ohio 2003) ("waiver in habeas cases should be limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims").

Rather than requesting that the Court supervise a "closely tailored" waiver of the privileges, the Government's *Motion* proposes to cut the Court entirely out of this critical process. Instead, and contrary to <u>Bittaker</u>, it seeks a "categorical" waiver of the privilege. Should the Court grant the Government's *Motion*, the scope of the privileges to be waived, including documents, strategies, communications and other work-product that ought to properly remain privileged – because they are unrelated to Petitioner's claims of ineffectiveness – would be disclosed pursuant to the unilateral reckonings of the Government and Petitioner's former counsel. Both the Court and Petitioner – who continues to validly hold at least some privileges – would be cut entirely out of the disclosure process.

### THE APPROPRIATE REMEDY

Thus, it is left to the Court to devise a mechanism by which the Government can obtain the information it believes it needs, while protecting Petitioner's validly held privileges.

Ideally, this Court would supervise the extent to which the privilege is waived

at an evidentiary hearing.[2]   However, Petitioner appreciates that this might not serve

the Government's asserted need for this information in order to respond to the 2255

Motion. *Motion* at 1.  Petitioner is not sure that the Government must have counsels'

sworn statements to respond to the allegations in the 2255 Motion.[3]   However,

assuming that is so, Petitioner proposes that the Court permit the parties to depose

trial counsel.[4]  Proceeding by deposition would permit Petitioner's counsel to ensure

---

[2]It is noteworthy that in each of the three cases cited by the Government, the question of whether a particular privilege was waived in the face of a claim of ineffectiveness, arose during or following an evidentiary hearing. Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) addressed the privilege issue on appeal following a hearing ("There is not [sic] contention nor any indication in the record that the testimony elicited from the attorney in this case exceeded the scope of that waiver."). Similarly, Johnson v. Alabama, 256 F.3d 1156 (11th Cir. 2001) considered the issue following an evidentiary hearing at which counsel testified. Bittaker (*Motion* at 2) addressed whether privileged information disclosed in response to an ineffective assistance of counsel claim in a habeas proceeding could be used by the prosecution at a subsequent retrial of the petitioner.

[3]In Petitioner's view, the Government does not really need this information to respond to the Petition because even if counsel completed declarations offering facially sound strategic reasons related to each claim of ineffectiveness, Petitioner would still be entitled to an evidentiary hearing to test the validity and accuracy of counsels' assertions. See e.g. Townsend v. Sain, 372 U.S. 293 (1963) ("Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing"); Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (evidentiary hearing is appropriate when it "could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

[4]Depositions in post-conviction litigation are permitted by Rule 6 of the RULES ON MOTION ATTACKING SENTENCE UNDER SECTION 2255, and are routine. See e.g. McCumber v. United States, 30 F.3d 78 (8th Cir. 1994) (referencing deposition of

that only communications, documents and work product directly related to the ineffectiveness claims raised would be disclosed.  In the event that there is a dispute as to any privilege, a timely ruling could be sought from the Court.  See, In re: Lott, 424 F.3d 446, 449, 450 (6th Cir. 2005) (permitting "the extraordinary remedy" of interlocutory mandamus review of discovery order implicating attorney-client privileged communications in habeas litigation, even though the general rule is that such orders are only reviewable at the conclusion of the litigation, because "courts must work to delineate the scope of the privilege in ways that are predictable and certain.  An uncertain privilege – or one which purports to be certain, but rests in widely varying applications by the courts – is little better than no privilege.") (internal quotation marks and citations omitted).

Petitioner's counsel believe that depositions could be completed by the time

---

counsel); Long v. United States, 883 F.2d 966, 969 (11th Cir. 1989) (same); White v. United States, 858 F.2d 416, 419 (8th Cir. 1988) (multiple depositions).  In United States v. Alvarado, 2007 WL 922178 * 7 (S.D. Texas March 23, 2007) this Court declined to grant a petitioner's request for depositions, but only because he failed to allege what would be learned in depositions and therefore failed to show good cause for the discovery.  That is not a concern here because it is clear that the testimony (whether at a deposition or at a hearing) of trial counsel will be required to resolve many of the issues raised in the 2255 Motion.

Although Rule 6(c) contemplates that the Government may be required to pay Petitioner's expenses related to such depositions, Petitioner's counsel would waive any claim for expenses.

that the Government's responsive pleading is currently due.  However, even if depositions would engender short delay in the Government's response, that is a fair and appropriate cost to pay for the protection of Petitioner's validly held privileges.

If, after all counsel coordinate schedules, it appears that depositions could not take place before the current due date for the Government's response, two alternatives occur to Petitioner: 1) the Court could expand the Government's time to answer until shortly after the completion of the depositions or 2) the Court could require that the Government file its response, with leave to supplement it with any information learned during the depositions.

The Court or the Government may have other suggestions for how to strike the careful balance required to protect Petitioner's privileges while giving the Government the information it seeks, and Petitioner is amenable to any reasonable proposals.  Petitioner however, should not be required to sit by while his former counsel and his current party-opponent conduct a unilateral review and potential violation of his privileges.

## CONCLUSION

The Government's *Motion* should be denied.  Instead, the Court should permit the Government to notice trial counsel for depositions to be conducted as quickly as all counsels' schedules permit.  Depending on how quickly the depositions can be scheduled, the Government's response should either be delayed for a short time, or it should be permitted to supplement its response with information learned during the depositions.

Respectfully Submitted,

/s/ Michael Wiseman

_____

Michael Wiseman, Esq.
Chief, Capital Habeas Corpus Unit
Victor J. Abreu, Esq.
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19016
215-928-0520
Michael_Wiseman@fd.org

Dated:      Philadelphia, PA
              August 13, 2008

9

### CERTIFICATE OF SERVICE

I, Michael Wiseman, Esq., hereby certify that on this 13th day of August 2008, I caused the foregoing upon the following person in the manner indicated below:

Tony R. Roberts Esq.
United States Attorney's Office
PO Box 61129
Houston, TX 77208-1129
Tony.Roberts@usdoj.gov

/s/ Michael Wiseman

Michael Wiseman