IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


UNITED STATES OF AMERICA,          *     CRIMINAL ACTION
                                   *
          PLAINTIFF,               *     CR-C-02-216(1)
                                   *
VS.                                *
                                   *     CORPUS CHRISTI, TEXAS
ALFRED BOURGEOIS,                  *     AUGUST 28, 2008
                                   *     8:29 A.M.
          DEFENDANT.               *
                                   *
* * * * * * * * * * * * * * * * *


TRANSCRIPT OF TELEPHONE CONFERENCE

BEFORE THE HONORABLE JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:          MS. PATTI HUBERT BOOTH
                             MS. ELSA SALINAS-PATTERSON
                             OFFICE OF THE U.S. ATTORNEY
                             800 NORTH SHORELINE, SUITE 500
                             CORPUS CHRISTI, TEXAS 78401

                             MR. TONY R. ROBERTS
                             OFFICE OF THE U.S. ATTORNEY
                             P. O. BOX 61129
                             HOUSTON, TEXAS 77208

(APPEARANCES CONTINUED ON PAGE 2)


COURT RECORDER:              MS. LORI CAYCE


PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
MOLLY CARTER, P. O. BOX 270203
CORPUS CHRISTI, TEXAS 78427 (361) 945-2525

APPEARANCES:  (Continued)


FOR THE DEFENDANT:          MR. MICHAEL WISEMAN
                           MR. JAMES McHUGH
                           OFFICE OF THE FEDERAL PUBLIC DEFENDER
                           601 WALNUT STREET
                           THE CURTIS CENTER, SUITE 545
                           PHILADELPHIA, PENNSYLVANIA 19106


ALSO PRESENT:              MR. JOHN GILMORE

(The proceedings began at 8:29 a.m.)

(Call to Order of the Court.)

THE COURT:  Ms. Scotch, would you call the case?

THE CLERK:  Oh, yes, Your Honor.  I'm having a little trouble hearing you.  Did you say call the case?

THE COURT:  Yes.

THE CLERK:  Court calls Criminal Action C-02-216, United States of America versus Alfred Bourgeois.  May I have appearances, please?

MR. ROBERTS:  Tony Roberts for the United States.

MS. BOOTH:  Patti Hubert Booth for the United States.

MR. WISEMAN:  Michael Wiseman and James McHugh for Mr. Bourgeois.

MR. GILMORE:  And John Gilmore.

THE COURT:  I wanted to have this hearing because of the difficulty I understood the Government was having getting responses from the trial attorneys and the appeal attorneys, Mr. Gilmore and Mr. Tinker, because Mr. Bourgeois has stated that he is not waiving his attorney-client privilege to all things, which I understand.  But we have to find a way for Mr. Tinker and Mr. Gilmore to respond to the allegations of ineffective assistance of counsel, both at trial and appeal, and still stay in the boundaries of responding directly to these allegations.

So what I'm thinking is that the case law says pretty

much that the attorney --

MR. WISEMAN:  Your Honor, I'm sorry, I'm having trouble hearing you.  It's Michael Wiseman.

THE COURT:  You know, I can't hear you all either. Should I call back in?

THE CLERK:  Yes.

THE COURT:  Could you hear anything I said, Mr. Wiseman?

MR. WISEMAN:  I barely could hear, and I think I may have missed parts of it.

THE COURT:  Okay.  Let me call back.

MR. WISEMAN:  Okay.

MS. BOOTH:  Okay.  She's going to call back.  Do we hang up?

THE CLERK:  No, no.

MS. BOOTH:  Oh, okay.  Okay.

(PAUSE.)

THE COURT:  Ms. Scotch, would you try again?

THE CLERK:  Yes, Your Honor.  Court calls Criminal Action C-02-216, United States of America versus Alfred Bourgeois.  May I have appearances, please?

MR. ROBERTS:  Tony Roberts for the United States.

MS. BOOTH:  Patti Hubert Booth for the United States.

MS. SALINAS-PATTERSON:  Elsa Salinas-Patterson for the United States.

MR. WISEMAN:  Michael Wiseman and James McHugh for Mr. Bourgeois.

MR. GILMORE:  And John Gilmore.

THE COURT:  Okay.  Can y'all hear me better, Mr. Wiseman?

MR. WISEMAN:  I can, yes.

MS. BOOTH:  Yes, ma'am.

MS. SALINAS-PATTERSON:  Yes, ma'am.

THE COURT:  Okay.  Maybe we should all speak up, because now I'm having trouble hearing you all.  I called the hearing, as I said before, because of the 2255 that Mr. Bourgeois has filed alleging ineffective assistance of counsel in several areas, both in the trial and in the appeal. And Mr. Bourgeois has made it clear that he does not intend to waive all the attorney-client privilege, only attorney-client privileges for those matters that would be required to respond to the allegations of ineffective assistance of counsel.  Is that correct, Mr. Wiseman?

MR. WISEMAN:  Yes, Your Honor.  That is exactly our position.

THE COURT:  All right.  What I'm going to do is order Mr. Gilmore and Mr. Tinker to respond, to the best of their abilities, as they deem fit, all -- and by affidavit or otherwise, and we'll get to that -- all of the allegations, to all of the allegations of ineffective assistance of counsel,

both in the trial and in the appeal.

If now, and I suppose those responses, however they come, I can entertain at another point objections that they've gone outside the bounds of responding to those questions. But I need to at least get the responses as Mr. Gilmore and Mr. Tinker deem it appropriate before I entertain objections as to outside the bounds of attorney-client privilege.

Mr. Wiseman, do you agree with that? Is that an okay way to proceed?

MR. WISEMAN: Yes, I think conceptually that's right. I guess my --

THE COURT: I couldn't think of any other way to do it. You know?

MR. WISEMAN: Yeah, I guess the point being, before the proverbial cat gets out of the bag, we would like to have an opportunity to assert any relevant privileges. I think that would be best accomplished --

THE COURT: I don't think that's actually going to work until the cat is out of the bag, then you can assert your privilege. I can rule on it and strike it from the record.

MR. WISEMAN: Okay. Well, that would work.

THE COURT: That's the only way I can think of doing this conceptually, Mr. Wiseman, because the case law says the attorneys that are alleged to have been incompetent, or ineffective assistance of counsel, have the right to respond as

they deem necessary.  Now, if you believe that they've done more than what's necessary, I will entertain it at that time.

MR. WISEMAN:  Okay.

THE COURT:  So, Mr. Gilmore.

MR. GILMORE:  Yes, Your Honor.

THE COURT:  This is difficult to even talk about.  Do you have any suggestions as to how best to preserve Mr. Tinker's testimony?

MR. GILMORE:  He can communicate right now, Judge. I'm not sure if -- I would have to speak with him to see if he would be more comfortable doing this as an affidavit or, or if his deposition needs to be taken.

THE COURT:  It seems to me that the options are probably not affidavit but written questions --

MR. GILMORE:  Okay.

THE COURT:  -- or oral deposition.

MR. GILMORE:  Okay.

THE COURT:  Because his testimony needs to be preserved for a future evidentiary hearing, if any, and we really can't do that by affidavit, because there has to be some type of cross-examination, either by written questions or by oral deposition.

MR. WISEMAN:  Your Honor, this is Michael Wiseman.  I have a suggestion.  In my limited experience with written questions and other civil litigation, sometimes they prove to

be less than satisfactory, in terms of really getting to the heart of the matter.  And it doesn't really allow for the kind of contemporaneous give and take between the examiner and the witness.  I think, you know, it would be best for all parties and the Court to just have a deposition, where both sides can --

THE COURT:  Mr. Wiseman, Mr. Tinker has brain cancer and has difficulty speaking.

MR. WISEMAN:  Oh, I'm sorry, I didn't know that.

THE COURT:  And may not be able to do that.

MR. WISEMAN:  I'm sorry.  I wasn't aware of that fact.

THE COURT:  And we need to preserve the testimony in whatever way it is comfortable for Mr. Tinker to do.

MR. WISEMAN:  Absolutely.  I absolutely agree.

THE COURT:  If it takes a flurry of written questions over a short period of time, then that's the way it's going to be.

MR. WISEMAN:  Okay.  Absolutely.

THE COURT:  Then we'll leave that, Mr. Gilmore, to Mr. Tinker's option.

MR. GILMORE:  I agree that written questions would probably be the way to go, Judge.

THE COURT:  And I don't mean to be so presumptuous, but I understand that he has some trouble speaking.  Is that

correct?

MR. GILMORE:  That's correct.

THE COURT:  Okay.  So how quickly can you propound these questions?

Can I ask, Mr. Gilmore, on the record if you can tell me that you and Mr. Tinker consulted with all of your trial and appeal strategies?

MR. GILMORE:  Did we consult with --

THE COURT:  With each other.

MR. GILMORE:  I didn't hear that, Judge.  I'm sorry.

THE COURT:  Did you and Mr. Tinker consult with each other on all your trial and appeal strategies?

MR. GILMORE:  We did, Judge.

THE COURT:  Okay.

MR. GILMORE:  But we divided up the trial, Mr. Tinker did all the expert witnesses.  Even though we talked about it, he handled all the expert witnesses, and I handled law enforcement and lay witnesses.

THE COURT:  But you made those decisions jointly on how to proceed with each witness?

MR. GILMORE:  We did.

THE COURT:  Okay.  I ask that for the record, Mr. Wiseman, because -- well, for obvious reasons.

MR. WISEMAN:  Yes.

THE COURT:  So how quickly do you want to proceed?  I

guess it would be the Government proceeding with the first set of questions? And Mr. Gilmore, if you want to be -- if you want to take Mr. Gilmore's deposition, you may do so.

MR. GILMORE: That's fine with me.

THE COURT: Unless, it seems more practical -- now, I'm not interested in the time line of preserving Mr. Gilmore's deposition, I mean testimony. You can start with Mr. Gilmore's affidavit. Mr. Gilmore, I think, would that be better for you? Then they'll know whether or not they want to take a deposition.

MR. GILMORE: That will be fine, Judge.

THE COURT: Is that all right with you, Mr. Wiseman?

MR. WISEMAN: Yeah, I think under the circumstances, whatever way both Counsel feel is best to proceed is going to be okay with us.

THE COURT: So I'm going to order you then to provide your affidavit, Mr. Gilmore, in response to the best of your ability to all these allegations of ineffective assistance of counsel.

MR. WISEMAN: I'm sorry, Your Honor, this is Michael Wiseman. I thought Your Honor was suggesting written questions for Mr. Gilmore.

THE COURT: Not Mr. Gilmore, for Mr. Tinker.

MR. WISEMAN: Oh, I see. So Mr. Gilmore's going to do the affidavit?

THE COURT:  Because I don't have the same concern about preserving the testimony of Mr. Gilmore.

MR. WISEMAN:  I understand.

THE COURT:  It seems to me more efficient for you all to start with the traditional way of affidavits for Mr. Gilmore, and then you can decide whether or not you want to take his testimony or whether we should go directly into a hearing.

MR. WISEMAN:  Okay.  I understand.

THE COURT:  I have a great concern about preserving Mr. Tinker's testimony for any future hearings.

MR. WISEMAN:  Yes.

THE COURT:  And the best way to do that is by question and answer, whether it's written or by oral deposition.  And you must remember that this may be the only time you will have to submit questions to Mr. Tinker.  So do whatever you want as quickly as you need.

Mr. Gilmore, how much time do you need to file an affidavit?

MR. GILMORE:  A week, I guess, Judge.

THE COURT:  All right.  You are familiar then -- you've read the habeas corpus?

MR. GILMORE:  I have in the past, Judge.  I haven't recently.

THE COURT:  Okay.  Then let's make it ten days --

MR. GILMORE:  Okay.

THE COURT:  -- to submit your affidavit.  And how much time do you all want to begin your written questions, Mr. Wiseman and Mr. Roberts, your written questions for Mr. Tinker?

MR. WISEMAN:  I guess I would ask for two weeks, if that's not too long under the circumstances.

MR. GILMORE:  It might be.

THE COURT:  Let's make it a week.

MR. WISEMAN:  A week, okay.

THE COURT:  And then, because there will be follow-up questions, I'm sure.

MR. WISEMAN:  Yeah.

THE COURT:  Now, Mr. Gilmore, I know you can't speak for Mr. Tinker, but I know that you're familiar with his condition.

MR. GILMORE:  I am, Judge.

THE COURT:  How much time do you think would be required for Mr. Tinker to respond to these written questions?

MR. GILMORE:  It just depends on what his condition is.  He has good days and bad days.  I would say that probably, he could probably finish it within a week, depending on how long it is.

THE COURT:  All right.  Well, let's just leave that open.  And Mr. Gilmore, if it's going to take him longer than

two weeks to respond after he receives them, I'll rely on you to file some kind of written notice to the Court.

MR. GILMORE:  I will, Judge.

THE COURT:  Does anybody object to Mr. Gilmore acting on Mr. Tinker's behalf in this regard?

MR. WISEMAN:  Mr. Bourgeois does not.

MS. BOOTH:  Nor does the Government.

THE COURT:  Are there any further issues that we need to resolve at this hearing?  Mr. Wiseman?

MR. WISEMAN:  I don't have any, no.  Thank you.

MR. ROBERTS:  Your Honor, Tony Roberts for the United States.  If I understand right, that gives, that gives us till approximately September 5th.

THE COURT:  Mr. Roberts, I can't hear you.

MR. ROBERTS:  Oh, I'm sorry.  Is that any better?

THE COURT:  That's better.  Thank you.

MR. ROBERTS:  Okay.  Yes, Your Honor.  I'm just trying to clarify, if I understand right, we have until approximately the 5th of September to submit questions to Mr. Tinker?

THE COURT:  Yes.

MR. ROBERTS:  And then you said ten days for Mr. Gilmore.  Would that be approximately the 8th of September?

THE COURT:  Ten days from today for Mr. Gilmore to respond by written affidavit to the allegations.

MR. ROBERTS:  Okay.

THE COURT:  And then you all can decide whether you want to depose him or how far you want to go with that.

MR. ROBERTS:  Yes, Your Honor.  What I'm looking at is obviously our --

THE COURT:  And for Mr. Gilmore, most particularly, I'm going to overrule the attorney-client privilege assertion as to your response to any allegation that has been made against you and Mr. Tinker of ineffective assistance of counsel.

And again, Mr. Wiseman, I'm going to rely on you, on behalf of Mr. Bourgeois, if these responses are filed, by affidavit or by written question, and you think that they have gone outside the bounds of the particular waiver of attorney-client privilege, I will take that up in a subsequent hearing.

MR. WISEMAN:  Yes.  I understand.

MR. ROBERTS:  And Your Honor, Tony Roberts again for the United States.  The only other question I have is our response, of course, is due still on the 19th of September. And, I mean, I can certainly surmise and make arguments as to what I think the --

THE COURT:  No, no, I'll -- let's just leave it as it is until you get these responses.  Okay?

MR. ROBERTS:  Okay.

THE COURT:  Or let's make it mid October.  How is

that?

MR. ROBERTS:  Our response due in mid October?

THE COURT:  Ms. Scotch, what's a day on the calendar in mid October that isn't a weekend?

MR. WISEMAN:  Your Honor, I just have one logistical question.  This is Michael Wiseman again.  Does the Court prefer that we file our proposed questions to Mr. Tinker, or just send them directly to Mr. Gilmore to present to Mr. Tinker?

THE COURT:  You know, I've never done this before.  You know --

MR. WISEMAN:  Yeah.

THE COURT:  In civil discovery, we do not allow discovery to be filed.  It's a local rule with the Court.

MR. WISEMAN:  Right.

THE COURT:  But would you prefer to have them filed with the Court, Mr. Wiseman?

MR. WISEMAN:  I don't really have a preference.  I just didn't want to, under the circumstances, do the wrong thing.

THE COURT:  To run afoul.  I understand.

MR. WISEMAN:  I'd be happy to send them to Mr. Gilmore to present to Mr. Tinker at his discretion, if that's all right with him and the Court.

THE COURT:  I suppose that what you want to do is

when you get the responses, was go ahead and file them with the Court.

MR. ROBERTS:  When we get the responses.

THE COURT:  How about that?

MR. ROBERTS:  This is Tony Roberts.

MR. WISEMAN:  Okay.  So I will send my questions to Mr. Gilmore.  And when we get the responses, we'll make sure they get filed with the Court.  Is that what the Court's suggesting?

THE COURT:  That's what I'm thinking, yes.

MR. WISEMAN:  Yeah, okay, that's fine with us.

MR. ROBERTS:  And of course --

THE COURT:  And that will be a copy -- by that time, it will be a copy of the questions with the answers.  Correct?

MR. WISEMAN:  Right.  Right.  Right.  Okay, well that works for --

THE COURT:  Is there anything further?  Mr. Gilmore, do you have any concerns about the -- procedurally?

MR. GILMORE:  Well, Your Honor, this is John Gilmore. Are you talking to me?

THE COURT:  Yes, sir.

MR. GILMORE:  Oh, I didn't hear the question.  I'm sorry.

THE COURT:  Do you have any concerns at all about this, about my rulings today, procedurally or otherwise?

MR. GILMORE:  No, Your Honor.

THE COURT:  Anything further?

MR. ROBERTS:  Your Honor, on the --

MR. WISEMAN:  Not from Mr. Bourgeois.  Thank you.

THE COURT:  Thank you all very much --

MR. ROBERTS:  Your Honor --

THE COURT:  -- for your appearances.

MR. ROBERTS:  Your Honor --

THE COURT:  You're excused.  Yes?

MR. ROBERTS:  This is Tony Roberts for the United States.  Can you hear me?

THE COURT:  Yes, sir.

MR. ROBERTS:  I just, I didn't hear, did you give us a new date, due date in October for our --

THE COURT:  Oh, Ms. Scotch, the new date?

THE CLERK:  You said mid October, Judge?

THE COURT:  Yeah, mid October, a weekday.

THE CLERK:  Mid October is a Wednesday, October the 15th.

THE COURT:  Okay.

THE CLERK:  And that's a Wednesday.

THE COURT:  That, Mr. Roberts, will be your response date.  And if we need to redo that, we'll think about it later.  Okay?

MR. ROBERTS:  Thank you, Your Honor.

MR. WISEMAN:  Thank you, Your Honor.

THE COURT:  Thank you, you're excused.

MR. GILMORE:  Thank you, Judge.

(Proceedings concluded at 8:46 a.m.)

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ Molly Carter                    January 20, 2009
Molly Carter                        Date