# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. Cr-C-02-216 |
| | : | |
| Respondent, | : | Honorable Janis Graham Jack, |
| | : | U.S.D.J. |
| -against- | : | |
| | : | **Capital Case** |
| ALFRED BOURGEOIS, | : | |
| | : | |
| Petitioner. | : | |

_____

**PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING
AND
DISCOVERY**

Petitioner, ALFRED BOURGEOIS, through undersigned counsel, hereby moves for an evidentiary hearing and discovery in this capital section 2255 proceeding, and in support states the following.

1. Pending before the Court is Petitioner's *Motion for Relief Pursuant to 28 U.S.C. § 2255*. Petitioner has filed a supporting memorandum of law; the Government has answered the motion and memorandum, and Petitioner has replied. Because Petitioner has made allegations, which if proven, would entitle him to relief, he must be afforded an evidentiary hearing and discovery, as follows.

1

**Evidentiary Hearing**

2.      28 U.S.C. § 2255(b) sets forth the standard governing when a hearing is appropriate and required:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon [and] . . . make findings of fact and conclusions of law with respect thereto.

The Court of Appeals for the Fifth Circuit has strictly construed this language, holding that an evidentiary hearing is required "[i]f the district court cannot resolve the allegations without examining evidence beyond the record." United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990); Byrne v. Butler, 845 F.2d 501, 512 (5th Cir. 1988) ("If the petitioner's allegations cannot be resolved absent an examination of evidence beyond the record, a hearing is required"); Martinez v. Dretke, 111 Fed.Appx. 224, 229 & n.15 (5th Cir. 2004) (applying same standard in section 2254 case). The Government's *Answer* acknowledges this standard. *Respondent's Answer* (*RA*) at 142.

3.      Petitioner herein easily meets this standard. He has alleged facts, which if proven, would entitle him to relief, and it is unlikely that the Court can resolve any of his claims without "examining evidence beyond the record," as the Government partially concedes. *RA* at 142 ("While the record in the present case is arguably

sufficient to enable this Court to resolve Petitioner's claims without a hearing, many of the issues rest upon expert witness testimony that this court likely cannot resolve without an evidentiary hearing.  Moreover, the lack of any response by trial defense counsel regarding their tactical decisions may well warrant an evidentiary hearing").

4.     When the above standard is applied to the record of this litigation and Petitioner's allegations, Petitioner is entitled to a hearing. This is particularly so in view of the Government's correct acknowledgment that a hearing is "likely" appropriate.  Petitioner provides the following non-exhaustive list[1] of issues to be resolved at a hearing with respect to each of his claims.

**Claim I:**     A hearing will determine if Petitioner is a person with mental retardation and whether counsel were deficient for failing to thoroughly investigate and present this evidence;

**Claim II:**     A hearing will determine if Petitioner has mental health deficits resulting from his childhood abuse and dysfunction (including cognitive impairments and organ brain damage); whether counsel were deficient for failing to thoroughly investigate and present this evidence;

**Claim III**:     A hearing will determine if the fatal blow was struck outside of federal lands and whether counsel ineffectively failed to investigate, develop

---

[1]Petitioner does not herein set forth every conceivable fact or issue that would be addressed at a hearing, and does not mean to waive any fact or part of a claim that is not expressly discussed.  He offers this list to demonstrate that he requires a hearing to prove at least those issues and facts set forth herein.  This list is also not meant to take the place of a pre-hearing disclosure setting forth in whatever detail the Court requires the precise witnesses who Petitioner would call at a hearing along with the contours of their testimony.

and present this evidence;

**Claim IV:** A hearing will determine if the Government's "proof" that semen was found on the victim and whether she suffered sexual assault was valid and whether counsel ineffectively failed to rebut this proof;

**Claims V & VI:** A hearing will determine whether the forensic opinions offered by and techniques offered in support of the opinions by Dr. Senn, Dr. Chrz, Dr. Oliver with regard to digital enhancements and bite marks were not Daubert-worthy and will show that counsel ineffectively failed to challenge these opinions;

**Claim VII:** A hearing will show that the Government provided undisclosed consideration to the jail-house witnesses and/or that these witnesses possessed a Government-induced expectation of consideration;

**Claim VIII:** A hearing will set forth the nature of trial counsel's relationship with two Government witnesses, and will establish that these relationships affected counsel's representation;

**Claim IX:** A hearing will determine whether counsel possessed a reasonable tactical or strategic reason for failing to object to the various improper prosecutorial comments, or to seek a curative instruction with regard to the same;

**Claims X - XII:** A hearing will resolve whether counsel ineffectively failed to rebut evidence of Petitioner's trial demeanor and whether counsel ineffectively failed to raise any of the record based claims contained in his Motion.

5.    It is inconceivable that the Court will be able to resolve these claims,

most of which require both trial counsel's and expert testimony to resolve, without

a hearing. Accordingly, Petitioner requests that the Court permit a hearing on each of these issues and subparts.

## Discovery

6.    Petitioner's discovery requests are governed by Rule 6 of the *Rules on Motion Attacking Sentence Under Section 2255*. Rule 6 states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." A post-conviction petitioner establishes "good cause" whenever "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)); United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004) (A habeas petitioner may "invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so . . . A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief").

7.    When a petitioner establishes good cause, discovery must be allowed. The United States Supreme Court has explained that "[t]he very nature of the writ [of

habeas corpus] demands that [habeas proceedings] be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." Harris, 394 U.S. at 291. Johnston v. Love, 165 F.R.D. 444, 445 (E.D. Pa. 1996) ("it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry").[2] Since the purpose of post-conviction discovery "is to ensure that the facts underlying a [habeas] claim are adequately developed," a court must allow discovery whenever "a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief." Id. Accordingly, a court may not deny a petitioner's discovery motion "if there is a sound basis for concluding that the requested discovery **might** allow him to demonstrate" his entitlement to relief. Id. This is never more so than in the context of a capital case, where the unique finality and

---

[2]Accord McDaniel v. United States District Court, 127 F.3d 886, 888 (9th Cir. 1997) (where Petitioner "presented specific allegations . . . [he] is entitled to discovery"); Johnston v. Love, 165 F.R.D. at 445 (Rule 6's "history makes clear that its purpose is to ensure that the facts underlying a habeas corpus claim are adequately developed, and that it is a court's obligation to allow discovery in cases in which a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief." Accordingly, "a court may not deny a habeas corpus petitioner's motion for leave to conduct discovery if there is a sound basis for concluding that the requested discovery might allow him to demonstrate that he has been confined illegally."); Gaitan-Campanioni v. Thornburgh, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991) ("Although discovery is permitted only by leave of the court, the court should not hesitate to allow discovery, where it will help illuminate the issues underlying the applicant's claim.").

irreversibility of the sentence requires heightened procedural safeguards. See e.g.

Kyles v. Whitley, 514 U.S. 419, 422  (1995) (Court's "duty to search for

constitutional error with painstaking care is never more exacting than it is in a capital

case").

       8.       With these standards in mind, Petitioner requests the following discovery

from the United States:[3]

    A.      NCIC report and prior criminal record print out for all prisoner witnesses;

    B.      Any and all letters or other correspondence and/or notes of conversations (pre and post trial) concerning the prisoner witnesses and their criminal cases (state and/or federal) involving in any way the Government or its agents and any state and/or local courts, prosecutors, police, probation or parole officers, parole boards or other law enforcement officials, agencies or bodies;[4]

---

[3]**Discovery Instructions:**

1.    Petitioner requests production of only materials that were not  previously provided to the defense (either at trial, on direct appeal or in post-conviction). If the Government believes that any requested materials were previously provided, Petitioner would appreciate being advised of the same, including the date of production, and, if available, a copy of any letter, email or communication sent with and documenting the production.

2.    When Petitioner refers to "prisoner witnesses" he includes both those who testified against Petitioner as well as those who cooperated with the prosecution, or who were spoken with by the prosecution, but who did not testify.

[4]It is to be recalled that Ms. Booth advised counsel that she in fact wrote one letter for witness Longoria to the Texas parole authorities.  See *Petitioner's*

7

C.    Any and all correspondence to and from prisoner witnesses generated before or after trial, including any notes taken by the Government or its agents reflecting discussions with such witnesses;

D.    In United States v. Darrick Moore, 03- CR- 075-1, the Government's sentencing memorandum, and any sentencing motions filed by the Government, including any motion filed pursuant to Fed.R.Crim.P. 35 (both before and after the sentencing proceeding held on 4/22/04), and any correspondence from or to the Government and Mr. Moore and/or his counsel;

E.    In United States v. Wiley Taylor, 01-CR-360, the Government's sentencing memorandum, and any sentencing motions filed by the Government, including any motion filed pursuant to Fed.R.Crim.P. 35 (both before and after the sentencing proceeding), and any correspondence from or to the Government and Mr. Taylor and/or his counsel;

F.    The case names, docket number and agencies involved, and any documents concerning the prisoner witnesses and other criminal matters in which they have cooperated with any federal, state, or local authorities;

G.    Any transcript, tape recordings or notes taken by the Government or its agents of any preparation or proffer sessions with the prisoner witnesses;

H.    All documents relating to any promises or understandings or agreements formal or informal between the prosecution, its agents, and representatives and the prisoner witnesses including counsel for such persons;

I.    All Jencks Act (18 U.S.C. § 3500) material for the prisoner witnesses, not previously disclosed to trial counsel, including but not limited to any proffer agreements, proffer letters, grand jury testimony and plea agreements;

---

*Memorandum*, 90-91; *Petitioner's Reply* at 92.

J.     Mental health records for all prisoner witnesses;

K.     All documents relating to pre-trial meetings or conversations between trial counsel (Mr Tinker and Mr. Gilmore) and the Government's expert witnesses (Dr. Daily, Dr. Chrz, Dr. Senn and Dr. Oliver) with respect to this case, and the dates and locations of said meetings or conversations;

L.     The title of any articles that purport to be a peer review of any aspect of the image enhancement methodology utilized by Dr. William Oliver in this case.

M.     The name of any software programs (freeware or copyrighted) used by Dr. Oliver in this case to enhance the images of the autopsy photographs; any evidence of efforts or attempts to have this software peer reviewed; and any peer reviews of this software;

N.     Any and all notes, reports, correspondence, findings, opinions or conclusions relating to any biological material subjected to forensic testing including, but not limited to, any documents or material tested, reviewed or evaluated regarding the presence of semen by Anthony Onorato, Caroline Zervos, FBI laboratories or Orchid Cellmark laboratories;

O.     Any and all notes, reports, correspondence, finding, opinions and conclusions relating to any evidence of sexual assault to JG-1999 including, but not limited to, any notes, reports, correspondence, findings, opinions or conclusions of Dr. Elizabeth Rouse and Dr. Scott Benton.

P.     Any and all notes, reports and correspondence between Government attorneys, the FBI, or agents thereof, in connection with opinions, findings and conclusions of United States Army Colonel, Dr. J. Curtis Dailey.

Q.     Any and all documents relating to pre-trial, trial and post-trial meetings between Government attorneys, FBI, or agents thereof, and Robin Bourgeois and AB-1994, including, but not limited to notes, letters,

reports and 302's;

R.    In view of the nature of Petitioner's allegations regarding undisclosed consideration and fallacies with respect to some of the forensic opinions, Petitioner requests production of all previously undisclosed 302 reports, expert opinions or expert notes, prepared in this case, regardless of whether the subject of the 302 reports or author of the expert opinion or note testified at trial;

S.    In view of the Government's on-going due process obligations to provide exculpatory evidence to the defense (Imbler v. Pachtman, 424 U.S. 409, 427 n.25 (1976)), Petitioner requests that the Government disclose any evidence that is supportive of Petitioner's claims. In that regard, Petitioner requests that the Government review its file with an eye toward determining if any previously undisclosed evidence is material to Petitioner's guilt or penalty in view of Petitioner's post-conviction claims.

9.    Petitioner seeks the following third party discovery:

T.    Case file maintained by the District Attorney of Nueces County, Texas regarding its prosecution of Adam Longoria (docket #s 03-CR-1884-E and 02-CR-3585-E);

U.    Case file maintained by the District Attorney of Bee County, Texas, regarding its prosecution of Orlando Campos (docket # 99-2055-0-CR-B).[5]

---

[5]Petitioner is serving this Motion on the District Attorney of Nueces and Bee Counties, so that the may be heard on this request.

WHEREFORE, Petitioner respectfully requests that the Court grant the relief

requested herein.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Victor Abreu
James McHugh
Elizabeth Larin
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Counsel for Petitioner,
Alfred Bourgeois

Dated:      Philadelphia, PA
            July 1, 2009

## Certificate of Service

I, Michael Wiseman, hereby certify that on this 1st day of July, 2009 I served the foregoing upon the following persons in the manner indicated:

<u>By U.S. Mail and E-Mail</u>
Tony R. Roberts, Esq.
PO Box 61129
Houston, TX 77208
**Tony.Roberts@usdoj.gov**

Patricia Hubert Booth, Esq.
United States Attorney's Office
800 North Shoreline, Suite 500
Corpus Christi, TX 78401
**Patti.Booth@usdoj.gov**

<u>By U.S. Mail</u>
Nueces County District Attorney
901 Leopard, Room 206
Corpus Christi, TX 78401

Bee County District Attorney
105 West Corpus Christie Street
Room 305
Beeville, TX 78102

/s/ Michael Wiseman

_____
Michael Wiseman