# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

_____

UNITED STATES OF AMERICA,  :        No. Cr-C-02-216
                           :
            Respondent,    :     Honorable Janis Graham Jack,
                           :              U.S.D.J.
        -against-          :
                           :          **Capital Case**
ALFRED BOURGEOIS,          :
                           :
            Petitioner.    :
_____  :

**PETITIONER'S *ANSWER IN PARTIAL OPPOSITION*
TO GOVERNMENT'S MOTION FOR DISCOVERY**

Petitioner, ALFRED BOURGEOIS, through counsel hereby submits this

*Answer in Partial Opposition* to the Government's *Motion for Discovery*.

1.      Pending before the Court is Petitioner's section 2255 motion for relief.

On July 1, 2009 Petitioner filed a *Motion for Evidentiary Hearing and Discovery*

(document # 460).   When the Government had not yet filed any response to

Petitioner's *Motion*, on August 12, 2009 this Court ordered that a response be filed

on or before September 11, 2009 (Document # 462).

2.      On August 28, 2009 the Government filed its *Motion for Discovery*

(document # 463).   Petitioner has no opposition in principle to providing the

Government with appropriate discovery, subject to the requested *Protective Order*

1

discussed below.  However, Petitioner does oppose the Government's *Motion* as currently constituted.

3.     The Government has requested that Petitioner turn over the entire trial file of Mr. Gilmore and Mr. Tinker.[1]  Petitioner believes that this request is over broad.  Petitioner has no objection to providing documents that are relevant to the issues that are before the Court.  However, the entire trial file will obviously contain materials that are irrelevant to the issues before the Court and which are protected by privilege.  Therefore, Petitioner believes that the Government should be required to make a specific request for materials related to issues that are before the Court so that Plaintiffs counsel may go through the file and provide only that information which is relevant.

4.     Pursuant to Fed.R.Civ.P., Rule 26 discovery is limited to "relevant" and non-privileged material.  <u>Wiwa v. Royal Dutch Petroleum Company</u>, 392 F.3d 812, 820 (5th Cir. 2004).  Even though "relevance' is defined broadly under Rule 26 to include any evidence that is "reasonably calculated to lead to the discovery of

---

[1]The Government has a minor misunderstanding.  It seems to believe that Mr. Tinker has retained portions of his file while providing other portions to current counsel for Mr. Bourgeois (<u>see</u> *Motion* at 1 "the government is of the understanding that the Habeas Unit has taken possession of many of the defense trial records").  In reality, Mr. Gilmore and Mr. Tinker represented to current counsel the they provided the entire file to the undersigned.  The file was copied and the original was returned to Mr. Tinker and Mr. Gilmore.

admissible evidence," id., when confronted with a *bona fide* claim of privilege, the relevance of the privileged materials must be established, and even then, relevant, but privileged information may not be discoverable. Baldrige v. Sharpiro, 455 U.S. 345, 360 (1982) ("If a privilege exists, information may be withheld, even if relevant to the lawsuit and essential to the establishment of plaintiff's claim").  To be clear, Petitioner recognizes that he will be waiving attorney-client and work-product privileges for those documents related to claims of ineffective assistance of counsel. However, he will not be making such a waiver for documents unrelated to such claims, for which he retains such privileges.

5.      The over breadth of the Government's request can be seen by comparing it to Petitioner's discovery requests.  Petitioner did not ask for the production of the entire prosecution file and had he done so one can imagine that the Government would vehemently oppose such a broad request.  Instead, he made specific requests for information that is germane to the specific issues before the Court.  The Government should be held to the same standard.  The Court should deny the Government's current *Motion* without prejudice and permit them to file a claim-specific request.

6.      One more point merits mention.  The Government claims that it requires the requested discovery to prepare for "future responses to the Habeas Unit's

Discovery Motions." *Motion* at 1. However, Petitioner's discovery motion specifically requested only those documents **not** provided to trial counsel. See *Discovery Motion* at 7, n.3, Instruction 1.[2] Petitioner assumes that the Government is able to determine what it provided to the defense at trial, and therefore does not understand why the Government needs to see the defense trial file in order to provide Petitioner with the materials that were not provided to trial counsel.

7.    The Government has requested that the Court also unseal *Ex Parte Motions and Hearings*. Petitioner has no objection to this request, again so long as such unsealing is covered by a *Protective Order*.

## Protective Order

8.    Because the materials requested by the Government are privileged work-product and/or attorney client privileged information, should the Court order discovery either in response to the current motion or in the future, Petitioner requests that any such disclosures be covered by the following protective order:

---

[2]Petitioner exempted from disclosure any previously provided information:

Petitioner requests production of only materials that were not previously provided to the defense (either at trial, on direct appeal or in post-conviction). If the Government believes that any requested materials were previously provided, Petitioner would appreciate being advised of the same, including the date of production, and, if available, a copy of any letter, email or communication sent with and documenting the production.

a. Any information provided by Petitioner to the Government that is privileged should not be redisclosed by the Government to any person or entity not directly employed by the Government in the litigation of this case;

b. Should the Government make any public filing in either this litigation or on any appeal by either party, any reference to privileged materials should either be redacted in the public document or the document should be filed under seal;

c. At the conclusion of this litigation and any appeal by either side, the Government should be required to return any such privileged information to Petitioner's counsel and may not retain any paper, electronic or computerized copies;

d. Should Petitioner be awarded a retrial or resentencing, the Government may not use any privileged information learned in the course of these discovery proceedings against Petitioner for any purposes, including on its direct or rebuttal case, or to impeach Petitioner or any other witnesses testimony during any such retrial or resentencing.

WHEREFORE, Petitioner respectfully requests that the Court deny the Government's *Motion* in part, consistent with the arguments made herein, and that it provide that any disclosures be subject to the above *Protective Order*.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Victor Abreu
James McHugh
Elizabeth Larin
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Counsel for Petitioner,
Alfred Bourgeois

Dated:      Philadelphia, PA
            September 4, 2009

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this 4th day of September, 2009 I served the foregoing upon the following persons in the manner indicated:

<u>By U.S. Mail and E-Mail</u>
Tony R. Roberts, Esq.
PO Box 61129
Houston, TX 77208
**Tony.Roberts@usdoj.gov**

Patricia Hubert Booth, Esq.
United States Attorney's Office
800 North Shoreline, Suite 500
Corpus Christi, TX 78401
**Patti.Booth@usdoj.gov**

Elsa Salinas-Patterson
United States Attorney's Office
800 North Shoreline, Suite 500
Corpus Christi, TX 78401
**Elsa.S.Patterson@usdoj.gov**

/s/ Michael Wiseman

_____
Michael Wiseman