IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA,          *    CRIMINAL ACTION
                                   *
          PLAINTIFF,               *    CR-C-02-216(1)
                                   *
VS.                                *
                                   *    CORPUS CHRISTI, TEXAS
ALFRED BOURGEOIS,                  *    SEPTEMBER 9, 2009
                                   *    10:28 A.M.
          DEFENDANT.               *
                                   *
* * * * * * * * * * * * * * * * * *

TRANSCRIPT OF TELEPHONE CONFERENCE

BEFORE THE HONORABLE JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:          MS. PATTI HUBERT BOOTH
                             MS. ELSA SALINAS
                             OFFICE OF THE U.S. ATTORNEY
                             800 NORTH SHORELINE, SUITE 500
                             CORPUS CHRISTI, TEXAS 78401

                             MR. TONY R. ROBERTS
                             OFFICE OF THE U.S. ATTORNEY
                             P. O. BOX 61129
                             HOUSTON, TEXAS 77002

(APPEARANCES CONTINUED ON PAGE 2)

COURT RECORDER:          MS. VELMA GANO

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
MOLLY CARTER, P. O. BOX 270203
CORPUS CHRISTI, TEXAS 78427 (361) 945-2525

APPEARANCES:  (CONTINUED)


FOR THE DEFENDANT:          MR. MICHAEL WISEMAN
                           OFFICE OF THE FEDERAL PUBLIC DEFENDER
                           601 WALNUT STREET
                           THE CURTIS CENTER, SUITE 545
                           PHILADELPHIA, PENNSYLVANIA 19106


ALSO PRESENT:              MR. JOHN S. GILMORE, JR.

(The proceedings began at 10:28 a.m.)

(Call to Order of the Court.)

THE CLERK:  Court calls Criminal Action C-02-216, United States of America versus Alfred Bourgeois.  May I have appearances, please?

MS. BOOTH:  Patti Hubert Booth for the United States.

MS. SALINAS:  Elsa Salinas for the United States.

THE COURT:  That's not loud enough.

THE CLERK:  Yes, Your Honor.

MR. ROBERTS:  Tony Roberts for the United States.

MR. WISEMAN:  Michael Wiseman for Mr. Bourgeois.

MR. GILMORE:  And John Gilmore.

THE COURT:  That's not going to work.

THE CLERK:  Okay.  Hold on.

(PAUSE.)

THE CLERK:  Let's try this one more time.

THE COURT:  Okay.  Let's try it again.

THE CLERK:  Can I have appearances, please, again?

MS. BOOTH:  Patti Hubert Booth for the United States.

MS. SALINAS:  Elsa Salinas for the United States.

MR. ROBERTS:  Tony Roberts for the United States.

MR. WISEMAN:  Michael Wiseman for Mr. Bourgeois.

MR. GILMORE:  And John Gilmore.

THE COURT:  Mr. Wiseman?

MR. WISEMAN:  Yes, Your Honor.

THE COURT:  Do you have copies of all the records of Mr. Gilmore and Mr. Tinker?

MR. WISEMAN:  Yes, Your Honor.

THE COURT:  I'm wondering, anything you cannot agree to turn over, Mr. Wiseman --

MR. WISEMAN:  Yes.

THE COURT:  -- if you could submit to the Court --

MR. WISEMAN:  Sure.

THE COURT:  -- under seal.  I'll go through it all.

MR. WISEMAN:  Okay.

THE COURT:  Because the issue is kind of competence of Mr. Bourgeois, whether or not the attorneys were ineffective for failing to put on evidence of his competence or mental state, mental condition.  So what I thought I would do, if you could -- whatever you can give them, give them.

MR. WISEMAN:  Okay.

THE COURT:  And what you can't agree, give under seal to -- file under seal.  I'll go through it.  And before I give anything to the Defendant, I mean, to the Government, I will file a notice that this is what I think is not covered, or that is relevant to this issue.

MR. WISEMAN:  Okay.

THE COURT:  And then you'll have an opportunity to file objections.

MR. WISEMAN:  About his mental state?

THE COURT:  Does that sound okay?  Mr. Wiseman?

MR. WISEMAN:  Yes, Your Honor.  I was asking if, just the issue related to his mental health deficits or --

THE COURT:  Well -- are you on a speaker phone?

MR. WISEMAN:  -- I can ask for a hearing on.

THE COURT:  Okay.  Mr. Wiseman?

MR. WISEMAN:  Yes.

THE COURT:  Okay.  Are you off the speaker phone?

MR. WISEMAN:  I wasn't on it.

THE COURT:  Oh, okay.  Well, I'm having trouble hearing your voice.

MR. WISEMAN:  Oh, I'm sorry.

THE COURT:  So whatever issues you've raised in your petition --

MR. WISEMAN:  Is Your Honor ordering me to --

THE COURT:  -- relating to ineffective assistance of counsel.

MR. WISEMAN:  Any ineffective assistance claim. Okay.

THE COURT:  Any of your ineffective assistance claims.

MR. WISEMAN:  Okay.

THE COURT:  And the way I understand it is that the most important one are the bite marks, and failure to put on the issue of his mental competence or incompetence.  Is that

correct?

MR. WISEMAN:  Right.

THE COURT:  Anything else, Ms. Salinas?  Ms. Booth?  Mr. Roberts?

MR. ROBERTS:  Your Honor, well, this is Tony Roberts for the United States.  The issue of ineffective assistance is one aspect.  The other thing that we've become aware of recently is that Mr. Bourgeois was making notes, which he passed to his Defense Counsel during trial.  We believe that we are, that notes are relevant to --

THE COURT:  Well, I'm going to -- this is what I'm thinking.  Anything he wrote -- and I can't remember what I did with the letters he sent me, whether they're part of the file or whether I sent them back.  But those kind of things would be relevant as to his competence.

MR. ROBERTS:  Okay.  So --

THE COURT:  But I will make a note of those, and say --

MR. ROBERTS:  -- letters?

THE COURT:  I agree with you.  Anything that would reflect on his ability, his mental competence or mental disability would be relevant.  And so I'll make a list of those, file them, and say this is what I think is relevant, and give Mr. Wiseman and Mr. Bourgeois a chance to object.

MR. WISEMAN:  Your Honor, this is Michael Wiseman.

As a logistical matter, we're going to need a bit of time to do this.  We're dealing with probably about a dozen banker boxes, give or take, so --

THE COURT:  With what?

MR. WISEMAN:  To read all the papers, I would say it's going to take probably 90 days to do that, and to sort out what we think is relevant and not relevant.

THE COURT:  Mr. Wiseman, you're not to sort out.  I'm going to do that.  Anything you can't agree to do --

MR. WISEMAN:  Decide what to give to you and to give to them directly.

THE COURT:  Well, I would imagine that you have reviewed this repeatedly to file your motions.

MR. WISEMAN:  Well, of course we have.  And I'm just saying I have to physically go through it now and make two piles.  And I think that's going to take some time.

THE COURT:  I don't think it should take 90 days.

MR. WISEMAN:  With the Court's order on it, it's just going to take us some time to do that.

THE COURT:  Any objection to 60 days, Mr. Roberts?  Ms. Booth?  Ms. Salinas?

MR. ROBERTS:  No, Your Honor.  I just wanted to add that the --

THE COURT:  Is this Mr. Roberts?

MR. ROBERTS:  Yes.  I'm sorry, Your Honor.  Tony

Roberts for the United States.  I just wanted to add, we are filing a response, in accordance with the Court's order, in response to their request for evidentiary hearing and for discovery.  We are putting that together and will be filing that this week.  And I just wanted to alert the Court that in our response, we are going to make the argument that there is no need for an evidentiary hearing.  And a couple of the things that we've --

THE COURT:  I thought you needed this information to file your response.

MR. ROBERTS:  Well, we need this information to understand part of the response, Your Honor, but we're -- as far as an evidentiary hearing goes, we still believe that you can make a decision without needing the evidentiary hearing, but --

THE COURT:  Well, we don't need to argue that now, though.

MR. ROBERTS:  That's true, Your Honor.

THE COURT:  But it is nice to hear from you, Mr. Roberts.

MR. ROBERTS:  Thank you, Your Honor.  Nice to be back in Texas, in fact.

THE COURT:  Anything else?

MR. ROBERTS:  No, Your Honor.

MR. WISEMAN:  Not from Mr. Bourgeois.

MR. GILMORE:  Nothing from me, Judge.  John Gilmore.

THE COURT:  Well, it's good to hear from you, too, Mr. Gilmore.

MR. GILMORE:  Good to hear from you, too, Judge.

THE COURT:  And Mr. Wiseman, some day we'll meet.  I don't think we've met yet, have we?

MR. WISEMAN:  No, we haven't.  I'm looking forward to it.  Although I was just telling Mr. Gilmore, I've known too well the very humid weather you have down there.  So I hope the Court will keep that in mind with scheduling any appearances.

THE COURT:  Well, we'll try to make it mid winter, if that's all right.

MR. WISEMAN:  That's great.  I appreciate that.

THE COURT:  All right.  Thank you, Mr. Wiseman.

MR. WISEMAN:  Sure thing.  Take care.

THE COURT:  Goodbye.

(Proceedings concluded at 10:36 a.m.)

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ Molly Carter                    October 12, 2009
Molly Carter                        Date