UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Respondent, | § | |
| | § | |
| vs. | § | CR. No. C-02-216 |
| | § | C.A. No. C-07-223 |
| ALFRED BOURGEOIS, | § | |
|     Petitioner. | § | |

GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION FOR AN EVIDENTIARY HEARING AND DISCOVERY
AND MOTION FOR RECIPROCAL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the government," by and through the United

States Attorney for the Southern District of Texas, files this Response to Petitioner's Motion for an

Evidentiary Hearing and Discovery.  Additionally, the Government herein moves for continuing

reciprocal discovery.

On July 1, 2009, Petitioner filed a motion requesting an evidentiary hearing and seeking

discovery.  On August 12, 2009, this Court Ordered the Government to file a reply to Petitioner's

motion.  The Government's response was due on September 11, 2009.  However, this Court held

a telephonic conference to discuss discovery matters regarding the files of Petitioner's former trial

defense counsel.  This Court therein extended the Government's response due date until a time after

Petitioner's current counsel could ascertain what documents could be released to the Government

from the former defense counsel's files.  Petitioner has now delivered a portion of those documents

to the Government, and this Court ordered the Government to file its response.

While the Government will make a concerted effort to comply with the discovery request,

it should be noted that most of the requested discovery should already be in Petitioner's possession

because his trial defense counsel turned over all their files to his current defense counsel team.[1] The record of trial establishes that the Government maintained an "open file policy" with trial defense counsel throughout the litigative process. Moreover, many of the specific discovery requests in Petitioner's motion are so broad that they arguably expand to attorney-work product of the Government attorneys – such as the notes of the Government attorneys who were present during various pre-trial preparation interviews – which is not discoverable and is not relevant to Petitioner's claims. Thus, in responding to Petitioner's discovery request, the Government will not include any notes that are attorney-work product.

I.    Evidentiary Hearing:

Petitioner has moved this Court for an evidentiary hearing. While the Government's October 2008 response briefly discussed the need for an evidentiary hearing (*See* Respondent's Answer, pp. 141-42, Dkt # 442, 443 - Sealed Events), the Government did not concede that a hearing was necessary. It remains true that Petitioner's claims substantially rest upon statements made by "expert" witnesses, and that his claims of ineffective assistance of counsel might warrant a hearing for this Court to make credibility assessments. However, upon a more recent review of the evidence, pleadings, and following a detailed interview of Mr. Gilmore about the tactical decisions made during the trial, the Government is convinced that this Court can resolve all of petitioner's allegations without the need for an evidentiary hearing.

---

[1] As noted, the Government filed a separate discovery request focused upon the trial files that trial defense counsel, John Gilmore, retained in his office. According to Mr. Gilmore, Petitioner's present defense counsel team was given full access to those files and were permitted to copy any and all documents contained therein. Mr. Gilmore's files contained writings made by Petitioner during trial which Petitioner used to communicate his thoughts about the events occurring during the trial. Those documents are still being reviewed and could demonstrate the mental capacity of Petitioner regarding Petitioner's mental retardation claim.

First, while Petitioner has submitted voluminous pleadings and documents discussing the mental capacity and alleged limitations of Petitioner's ability to function, conspicuously absent from Petitioner's submissions is any actual diagnosis of mental retardation. Petitioner has merely submitted evidence that Petitioner might have a low IQ and might have adaptive functioning that could indicate mental retardation that possibly began before he was 18 years old. However, there is no evidence before this Court to support a conclusion that Petitioner does, in fact, suffer from mental retardation. As such, Petitioner has not presented a *prima facie* case to support his claim of mental retardation, and thus, has not established the need for an evidentiary hearing on this matter.

Secondly, the claims of ineffective assistance of counsel are sufficiently refuted upon a review of the sentencing phase transcripts viewed together with Mr. Gilmore's affidavit. (*See* District Court Dkt # 439 - Sealed Event). Mr. Gilmore acknowledges that mitigation evidence existed which could have been presented. However, he clearly notes a significant problem that undermines Petitioner's current claims: "The problem, in our perspective, was that Mr. Bourgeois **denied that he had committed the crime** and [sic] throughout the trial, including his allocution to the jury. Dr. Cunningham's explanation conflicted with Mr. Bourgeois' defense." *Id*. at p.3. Mr. Gilmore also noted in his affidavit that the trial defense team relied upon Dr. Estrada's evaluation of Mr. Bourgeois, and that Dr. Estrada opined that Mr. Bourgeois "appears to have an **above average intelligence**." *Id*. at p.2 (emphasis added). While it is very apparent that Petitioner's current defense team would have chosen a different approach to representing Petitioner, that is not the legal or evidentiary standard for an ineffective assistance of counsel claim. Indeed, Petitioner's claim on his instant motion rests almost entirely upon a wholly different trial tactic – to mitigate the egregious nature of Petitioner's criminal conduct. In the words of Mr. Gilmore, that quite simply

"conflicted with Mr. Bourgeois' defense" that he did not commit the crime.  Petitioner has not established a *prima facie* case of constitutional ineffective assistance of counsel.  They have merely established that there was another tactical approach that could have been taken in this case, but that approach would have required Petitioner to change his defense of innocense.  Thus, there is no need for an evidentiary hearing on this claim.

Finally, the claims of prosecutorial misconduct and insufficient evidence of guilt do not merit an evidentiary hearing because they fall far short of establishing a *prima facie* case of prejudice.  As fully addressed in the Government's October 2008 response, the evidence of guilt was overwhelming.  Petitioner unmercifully beat the two-year old victim and ultimately murdered her while present upon the military facility in Corpus Christi.  Indeed, the Fifth Circuit Court of Appeals stated that "This is not a close case."  *United States v. Bourgeois*, 423 F.3d 501, 512 (5th Cir. 2005).  The evidence of the extent of the injuries, together with the substantial planning and premeditation, established that Petitioner's crime was committed in a most unusually heinous, cruel, and depraved manner.  In the light of such evidence, there is absolutely nothing that could have mitigated against a finding that a sentence of death was the appropriate sentence in this case, particularly where Petitioner's defense was that he did not commit the acts that caused the murder.  There is no need for an evidentiary hearing in this case.

While the Government's position is that this Court can resolve all issues on the record, the Government acknowledges that holding a hearing where a defendant has been sentenced to death is not an unreasonable decision.  It provides the petitioner with one last opportunity to make his record while also permitting the court to assess credibility of witnesses and experts. If this Court deems that holding a hearing is appropriate, the Government moves to limit that hearing to issues

involving ineffective assistance claims and possibly receiving expert testimony upon petitioner's mental retardation claims.

II.    Discovery:[2]

The Government will respond to the requests for discovery by the paragraphs Petitioner assigned to each request in Petitioner's motion without restating the requested discovery.

A.  The "prisoner witnesses" used by the Government during the trial were Adam Longoria, Wiley Taylor, Darrick Moore, and Orlando Campos.   The Government will provide these documents.

B.  The Government will provide these documents absent any attorney work-product.

C.  This is repetitive to request B.  The Government requests petitioner to clarify the request identifying how it is distinctive from the request made in paragraph B.

D.  Sentencing memorandums and motions filed in US v Moore, 03-075-1: These documents are sealed and the Government will make them available for viewing but will not provide a copy.

E.  Sentencing memorandums and motions filed in US v Taylor, 01-360:  These documents are sealed and the Government will make them available for viewing but will not provide a copy.

F.   The Government has no knowledge of cooperation in cases other than the prisoner witnesses' own case (identified in D and E above) and the instant case.

---

[2]  On September 4, 2009, Petitioner filed an answer to the Government's Motion for Discovery.  (District Court Docket # 464).  In that answer, Petitioner states that he "exempted from disclosure any previously provided information" and then restated a part of his Motion for Discovery.  *Id.* at p.4, n.2.  Because the Government had an "open file policy," there is no "date of production, ... copy of any letter, email or communication sent with and documenting the production" of all the evidence made available to trial defense counsel.  Thus, the Government will reproduce as much requested discovery as reasonably available and within its possession.

G.  The Government has no knowledge of transcripts or tape recordings of preparation or proffer sessions with the prisoner witnesses.  The Government will again produce 302s from such sessions.  Any attorneys' notes are work-product.

H.  The Government will produce again the plea agreements related to Moore and Taylor. The Government does not possess any such documents related to Longoria and Campos.  The Government will make the sealed 5K motions available for review but will not provide copies due to safety concerns.

I.  The Government has no material other than that previously disclosed.

J.  The Government will produce any mental health records in our files regarding Moore and Taylor.  However, the Government does not have in its possession any mental health records related to Longoria and Campos.

K.  This request is vague and over-broad.  To the extent it can be determined, the Government is not aware of any documents relating to this request .  However, the Government is aware of a meeting arranged between Doug Tinker and Patti Booth to meet Dr. Senn at Dr. Senn's office.  This meeting occurred, but the Government is not aware of any written documentation regarding this meeting.

L.  This request is vague and seeks irrelevant information at this stage in the proceedings. The habeas corpus process is not intended to provide discovery for the purpose of re-litigating issues on a substantially distinctive trial strategy.  To whatever extent that this request is relevant to issues cognizable in a habeas corpus proceeding, the Government requests more specificity.

M.  The names of software programs that Dr. Oliver used were identified during the trial.

N.  All biological material subjected to forensic testing have already been provided to defense counsel and were discussed during the trial.  The Government is not aware of any forensic testing beyond that already disclosed.

O.  The Government made all evidence of sexual assault available to trial defense counsel and to whatever extent they copied said documentation, it would be contained in the trial defense file.  The Government is not aware of any evidence regarding the sexual assault of the victim other than the evidence already provided to trial defense counsel and presented in court.

P.  This request is unclear, and the Government requests more specificity.  To the extent that it seeks internal deliberative process information, such is privileged and will not be provided.

Q.  This request is too broad, and the Government requests more specificity.  As required by statute, and more specifically due to security concerns involving the safety of witnesses during the trial, the Government had daily contact with Robin Bourgeois and AB-1994.  The Government has previously provided the 302s for both of these witnesses but will provide these documents again.

R.  Requests for documents related to individuals and experts that were not part of the trial are not relevant to a habeas corpus proceeding.  The Government is not aware of any requirement to provide 302 reports or opinions of consultants or experts that are ultimately not used in a case except for the duty to produce statements governed by its obligations under *Brady* and *Giglio*.  The Government is not aware of any such statements other than those already provided.

S. The Government is aware of its continuing duty to provide to Petitioner any evidence that is supportive of Petitioner's claims.  The Government is not presently aware of any such evidence.

7

Respectfully submitted,

TIM JOHNSON
United States Attorney


   *s/ Tony R. Roberts*
TONY R. ROBERTS
Assistant United States Attorney
TX Bar No. 17022000
S.Dist.Tx.  26173
P.O. Box 61129
Houston, Texas  77208-1129

8

<u>CERTIFICATE OF SERVICE</u>

I, Tony R. Roberts, Assistant United States Attorney, do hereby certify that a copy of the

above Response to Petitioner's Motion for Evidentiary Hearing and Motion for Discovery was

placed in the mail on December 24, 2009, via certified mail, return receipt requested to:

Michael Wisemen
Victor Abreu
James McHugh
Maureen Kearney Rowley
Elizabeth Larin
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106

            *s/ Tony R. Roberts*
            TONY R. ROBERTS
            Assistant United States Attorney

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | CR. No. C-02-216 |
| | § | C.A. No. C-07-223 |
| ALFRED BOURGEOIS, | § | |
| Petitioner. | § | |

ORDER

It is hereby ORDERED that an initial hearing will take place on _____, 2010.

This hearing will provide the parties an opportunity to present argument regarding what issues, if

any, should be addressed in a subsequent evidentiary hearing.

The clerk of this Court shall send a copy of this Order to the parties by any receipted means.

Signed at Corpus Christi, Texas, this _____ day of _____ 2009.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE