UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFRED BOURGEOIS, | § | |
| Petitioner, | § | |
| | § | Civil No. C-07-223 |
| v. | § | (Criminal No. C-02-216) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

GOVERNMENT'S UNOPPOSED MOTION TO COMPEL THE
BUREAU OF PRISONS TO FORWARD BOURGEOIS'
CHALLENGED CORRESPONDENCE TO DEFENSE COUNSEL
AND FOR COUNSEL TO PROVIDE A COPY OF THE SUBJECT
CORRESPONDENCE TO THE GOVERNMENT

I.

Relevant Background

On December 20, 2002, the court conducted a hearing in the above criminal case regarding concerns that Bourgeois had sent threatening communications to prospective witnesses in his criminal trial. The court ordered that Bourgeois "could only communicate with others through his [then] attorney, John Gilmore". (DOC. 28). On January 8, 2003, the court clarified its order "that the defendant is not to have any correspondence with anyone except for his attorney, whether by telephone, letter or otherwise. If defendant's attorney believes that this restriction creates an impact upon defendant's legal defense, an application may be made *ex parte* for relief".(DOC. 28).

Thereafter, on December 7, 2009, the Bureau of Prisons retained a piece of

mail, which Bourgeois was attempting to mail in apparent violation of the court's

subject order. The mail was addressed to Ms. Angela Lockett-Sampson, with the

Mississippi Center for Legal Services, which was representing Bourgeois' wife in the

pending divorce proceedings. The government moved the court for an *in camera*

inspection of the subject mailing to determine if it should be mailed as addressed.

(DOC. 472). Bourgeois opposed the government's motion, arguing that, as a *pro se*

litigant in his divorce suit, he should be allowed to correspond with opposing counsel,

who could screen any threatening communications from the intended recipients

(DOC. 473). On December 14, 2009, the court conducted a telephone conference on

the matter. As noted in the court's written order of December 15, 2009 (DOC. 476),

the court denied without prejudice the government's motion for an *in camera*

inspection of the December 7, 2009, challenged mailing. The court noted however,

that Counsel for Bourgeois "offered to obtain the challenged mail from the Federal

Bureau of Prisons and provide a copy to the government". The court further ordered

the parties to "inform the Court whether the challenged mail should be forwarded to

the intended recipient consistent with the Court's earlier orders limiting Bourgeois'

mail". (DOC. 476). On December 17, 2009, the Bureau of Prisons mailed the

challenged mailing to Bourgeois' attorney of record in the instant cause, Victor

Abreu. On January 4, 2010, Counsel forwarded a copy of the December 7, 2009,

mailing to the government. The government has reviewed the subject correspondence and notes that it relates strictly to Bourgeois' divorce suit, and contains no threats to anyone. The government believes the subject mailing should be forwarded to the original addressee, Angela Lockett-Sampson.

On December 14, 2009, the government learned that Bourgeois had been successful in filing pleadings in his divorce suit and in corresponding with Ms. Angela Lockett-Sampson, who had received correspondence from Bourgeois relating to Bourgeois' pending divorce suit. The government alerted the court of this apparent violation of the court's restriction on Bourgeois' correspondence (DOC. 477).

Pending Issue

Thereafter, on February 8, 2010, the Bureau of Prisons retained two additional pieces of mail Bourgeois was attempting to mail from prison, in apparent violation of the court's subject order. One of the pieces is addressed to Bourgeois' wife's divorce attorney, Angela Lockett-Sampson. The second is addressed to the Clerk of the Court, Chancery Court, Warren County, MS.

The government believes this latest correspondence violates the court's restriction on Bourgeois' correspondence. Accordingly, the government moves the court to order the Bureau of Prisons to forward the subject mailings to attorney of record for Bourgeois, Michael Wiseman. Additionally, the government moves the

court to instruct Counsel Wiseman to forward a copy of the two recent mailings to the government (as was done with an earlier mailing), so that the parties may inform the court whether each believes the subject mailings should be forwarded to the original addressees.

II.

For these reasons, the undersigned moves the court to order the Bureau of Prisons to forward to Michael Wiseman, Bourgeois' attorney of record in the instant cause, the two mailings Bourgeois attempted to send on February 8, 2010, which are still retained by the Bureau of Prisons.

The government further moves the court to order Counsel for Bourgeois to forward a copy of the two subject mailings of February 8, 2010, to the government.

Respectfully submitted,

JOSE ANGEL MORENO.
United States Attorney

_____

MARK M. DOWD
Assistant United States Attorney
P.O. Box 61129
Houston, Texas  77208
(713) 567-9102

-4-

## CERTIFICATE OF CONSULTATION

I, Mark M. Dowd, Assistant United States Attorney, certify that on March 5, 2010, I conferred with Mr. Michael Wiseman, Counsel for Bourgeois, who advised he had no objection to the subject motion and proposed order, as long as he had an opportunity to seek relief from the court, if the correspondence contained privileged material.

_____

MARK M. DOWD
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a copy of this motion for extension has been served by placing it in the United States mail, postage prepaid, on March 8, 2010, addressed to:  Mr. Michael Wiseman, Esq., Chief Capital Habeas Corpus Unit, Federal Community Defender for the Eastern District of Pennsylvania, Suite 545 West-The Curtis Center, Philadelphia, PA 19016.

_____

MARK M. DOWD
Assistant United States Attorney