Case 2:02-cv-00216  Document 488-1  Filed 04/19/10 in TXSD  Page 1 of 3

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2010

No. 09-60800
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD LEVAND JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-112

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reginald Levand Johnson, federal prisoner # 12362-042, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion, which challenged his jury trial conviction for violating the Armed Career Criminal Act. Johnson was sentenced to 235 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his COA motion, Johnson argues that trial counsel was ineffective for failing to (1) object to the court's jury instruction regarding a felon in possession of a firearm; (2) investigate and obtain discovery material; (3) call alibi witnesses; (4) inform him of a plea offer and inform the Government of his intention to plead guilty to a lesser included offense; (5) cross-examine government witnesses regarding exculpatory evidence; and (6) object to prior offenses used to enhance his sentence and for failing to furnish the presentence report prior to sentencing. Johnson contends further that appellate counsel was ineffective for failing to raise the above issues on direct appeal and that the district court erred by denying his § 2255 motion without first holding an evidentiary hearing. Johnson also moves this court for authorization to proceed in forma pauperis (IFP) on appeal. Johnson's motion to proceed IFP on appeal is granted.

Johnson has made a substantial showing of the denial of a constitutional right regarding his claim that counsel was ineffective for failing to communicate the plea offer. *See* 28 U.S.C. § 2253(c)(2); *Teague v. Scott*, 60 F.3d 1167, 1170-71 (5th Cir. 1995). The record does not conclusively indicate whether counsel communicated the plea offer of 15 years in prison, making an evidentiary hearing on that issue necessary. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A COA is granted solely on this claim. The district court's judgment is vacated, and the case is remanded for further proceedings in relation to that claim. We offer no opinion on the merits of this ineffective assistance of counsel claim.

Johnson has failed to make a substantial showing of the denial of a constitutional right in relation to his remaining claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Consequently, a COA is denied as to those claims. *See id.*

COA GRANTED IN PART; COA DENIED IN PART; IFP GRANTED; VACATED AND REMANDED.