SOAH Docket No. 520 09- 2882

License No. 21909 (Licensed Psychologist)

TSBEP Complaint No. 07-213-3967 and No. 08-029-3967

| | | |
|---|---|---|
| TEXAS STATE BOARD OF | § | BEFORE THE STATE |
| EXAMINERS OF PSYCHOLOGISTS | § | |
| v. | § | OFFICE OF |
| GEORGE C. DENKOWSKI, Ph.D. | § | |
| RESPONDENT | § | ADMINISTRATIVE HEARINGS |

## COMPLAINT

COMES NOW, the Texas State Board of Examiners of Psychologists (Board), and makes this Complaint against George C. Denkowski, Ph.D. (Respondent), based on the alleged violations of the TEXAS OCCUPATIONS CODE CHAPTER 53, § 53.02; CHAPTER 469, RULE 469.7 AND CHAPTER 470, RULE 470.21 OF THE TEXAS ADMINISTRATIVE CODE, (the Rules). In support of this Complaint and based on information and belief, the Board charges and alleges the following:

### I.

### JURISDICTION

Respondent currently holds, and has held at all times relevant to this matter, Board License Number 21909 (licensed psychologist) and is subject to the jurisdiction of the Board under the Psychologists' Licensing Act.

## II.

## STATEMENT OF FACTS

1. TSBEP No. 07-213-3967:  Respondent provided psychological services to a defendant, Daniel Plata, in a capital murder appeal in 2005.

2. Respondent made administration, scoring and mathematical errors in conjunction with psychological tests given to defendant Daniel Plata.

3. The Respondent deviated from testing protocols in the administration and scoring of psychological tests given to defendant Daniel Plata.

4. The Respondent failed to properly address language and cultural issues with defendant Daniel Plata, a native of Mexico.

5. TSBEP No. 08-029-3967:  Respondent intentionally misused or abused psychological testing, in particular, the Adaptive Behavior Assessment System (ABAS) or Adaptive Behavior Assessment System-II (ABAS-II) in connection with forensic assessments of death row inmates including but not limited to Daniel Plata, Alfred Dewayne Brown, and Michael Richards, with regard to assessment of mental retardation.

6. Respondent intentionally deviated from the norms of scoring methodology presented in the test manual for the ABAS-II, creating his own scoring criteria and substituting his clinical judgment for the scoring criteria.

7. The administration manual provided with the ABAS-II and research literature in this field do not support the Respondent's idiosyncratic approaches to testing and scoring the ABAS-II.

8. Respondent described his proprietary and idiosyncratic method for improperly altering psychological test scores to determine the presence or absence of mental retardation in the subject of a forensic psychological examination, in an article published in the American Journal of Forensic Psychology, Volume 26, Issue 3, 2008.

## III.

## ALLEGED VIOLATIONS

1. Respondent violated Board rule 465.9 pertaining to competency by making administration, scoring and mathematical errors in conjunction with psychological testing; by failing to properly address language and cultural issues in the subjects of psychological testing; and by deviating from testing protocols in the administration and scoring of psychological tests to determine mental retardation in the subjects of psychological testing. This conduct is described above in paragraphs 1, 2, 3, 4, 5, and 6.

2. Respondent violated Board rule 465.10 pertaining to basis for scientific and professional judgments by intentionally deviating from testing protocols in the administration and scoring of psychological tests to determine mental retardation in the subjects of psychological testing and by developing his own idiosyncratic approach to psychological testing. This conduct is described above in paragraphs 1, 2, 3, 5, 6, 7, and 8.

3. Respondent violated Board rule 465.16 pertaining to evaluation, assessment, testing and reports by intentionally deviating from testing protocols in the administration and scoring of psychological tests to determine mental retardation

in the subjects of psychological testing. This conduct is described above in paragraphs 1, 2, 3, 4, 5, 6, 7 and 8.

4.   Respondent violated Board rule 465.18(a)(4) pertaining to forensic services by conduct which violated other Board rules, described above, in the provision of forensic psychological services. This conduct is described above in paragraphs 1, 2, 3, 4, 5, 6, 7 and 8.

5.   The above-referenced Statement of Facts and Rules are subject to amendment.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Board prays that a hearing on this complaint will be heard and that the administrative law judge shall make findings of fact and conclusions of law that Respondent violated Board Rules and the Psychologists' Licensing Act, and to grant the Board all other relief to which it may be entitled under the Administrative Procedure Act, Rules of SOAH, and the Act and Rules of the Board.

Respectfully submitted,

Dianne L. Izzo
State Bar Number 24049733
General Counsel
Texas State Board of Examiners of
Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

(512) 305-7705
(512) 305-7701 fax
Dianne.Izzo@tsbep.state.tx.us

TSBEP Complaint No. 07-213-3967 and No. 08-029-3967          4

## CERTIFICATE

I hereby certify that a true and correct copy of the foregoing was sent by first class mail and by FAX to (817) 338-1787to Jennifer M. Andrews, J.D., attorney for Respondent, at Wallach & Andrews, PC, 550 Bailey Avenue, Suite 500, Fort Worth, TX 76107, on this 27th day of February, 2009.

Dianne L. Izzo