IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE,<br><br>  Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION and FEDERAL BUREAU OF INVESTIGATION, OKLAHOMA CITY FIELD OFFICE,<br><br>  Defendants. | ORDER<br><br>Case No. 2:04CV772 DAK |

This matter is before the court on the Federal Defendants' Motion to Reconsider Discovery Order and Request for Oral Argument. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). Now, being fully advised, the court renders the following Order.

On September 20, 2007, the court issued granted Plaintiff's Motion to Conduct Discovery. Specifically, the court stated that it would permit Plaintiff to take–and videotape–the depositions of Nichols and Hammer, so long as these individuals are willing to cooperate.

The Federal Defendants argue (1) that this court's Discovery Order exceeds the permissible scope of discovery under FOIA, (2) that the court lacks jurisdiction because the court

there is no longer an Article III case and controversy, (3) there is no question as to the FBI's good faith sufficient to justify the Discovery Order, and (4) the BOP has determined that a video recording poses a threat to the security of the institutions where these individuals are confined.

Defendants, however, asserted the first three arguments in their Memorandum in Opposition. The court rejected those arguments previously and will not reconsider them at this point. As to the BOP's concern that a video recording poses a threat to the security of the institutions, the court will limit the usage of the video recording equipment to only the room in which the deposition is taken. The two affidavits submitted by the Federal Defendants express concerns that various aspects of the prison grounds, security systems, equipment storage, offices, staff, other inmates and various other items might be filmed.

While it is doubtful that Plaintiff intended to video anything other than Nichols and Hammer during their actual depositions, the court hereby orders that no video equipment may be used other than in the specific room where each deposition is taking place, and the video equipment may not record the images of any person other than Nichols and Hammer. In addition, if it would allay the security concerns of the respective prison officials, Plaintiff is directed to make arrangements to meet an designated prison official at a predetermined location outside of the correctional facility and so that the prison official may take possession of the recording equipment and transport it to the proper location where the deposition will take place.

Now that the court has declined to reconsider its Discovery Order and made clear that Plaintiff is entitled to conduct this discovery, the court will now close this case. Plaintiff has stated, however, that he "believes that if he is allowed to depose Nichols and Hammer, these men

2

will be able to provide evidence that will link the informants thus far revealed to the SPLC and, thereby, identify and/or document the existence of records responsive to Plaintiff's FOIA requests that have not been produced." If Plaintiff is correct and through these depositions he discovers the existence of records responsive to Plaintiff's FOIA request, he may file a motion to reopen the case. At that point, the court will determine whether it is appropriate to reopen the case or to direct Plaintiff to file another FOIA request.

Finally, the Federal Defendants have filed an "Objection" to Plaintiff's filing of a "Notice of Release of Documents," along with attached documents. While the court agrees that they are not relevant to the issue of whether Plaintiff is entitled to depose Nichols and Hammer--and the court has not relied on these documents in making its decision--the court declines to strike them from the record, as requested by the Federal Defendants.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Federal Defendants' Motion to Reconsider [docket # 114] is DENIED and their Objection [docket # 130] is OVERRULED. The Clerk of the Court is directed to close this case.

DATED this 25th day of September, 2008.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

3