UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. Cr-C-02-216 |
|  | : | No. Cv-07-223 |
| Respondent, | : | Honorable Janis Graham Jack, |
|  | : | U.S.D.J. |
| -against- | : |  |
|  | : |  |
| ALFRED BOURGEOIS, | : | Electronically Filed |
|  | : |  |
| Petitioner. | : |  |

_____   :

### PETITIONER'S MOTION FOR ADDITIONAL COURT DATES TO PRESENT HIS EVIDENCE

Petitioner, Alfred Bourgeois, through undersigned counsel moves for additional court dates to present his evidence in support of this section 2255 motion. The Government takes no position on this Motion.

1.     The Court initially set an evidentiary hearing on Petitioner's section 2255 Motion to commence on September 20, 2010.  Petitioner was to have two and one half days to present his evidence and the Government was allotted one and half have days to present its case.  The Court ruled that it would hear evidence on all of Petitioner's claim, except for his jurisdiction claim.

2.     Because one of Petitioner's expert witnesses, Michael Gelbort, Ph.D.,

1

was unable to appear during the week of September 20, the Court permitted him to testify on September 10, 2010.

3.    On August 13, 2010 Petitioner provided the Government with its Witness List (attached as Exhibit A) and its list of pre-marked hearing exhibits (attached as Exhibit B).

4.    As evidenced by the Witness List and pre-marked exhibits, the hearing will present a series of factually complex issues. Petitioner understands that the Court is primarily interested in evidence related to Petitioner's claim of mental retardation and the related claim that trial counsel were ineffective for failing to present available mental-health related mitigating evidence.  Petitioner will call eight expert witnesses in support of these two claims.  Additionally, he will call Mr. Gilmore (trial counsel), Gerald Bierbaum, Esq. (mitigation specialist) and Kerry Brown, Esq. (a lawyer who assisted the family during the trial).  In order to save time, Petitioner agreed to call a representative sampling of the dozens of lay witnesses that could be called. Accordingly, Petitioner has listed nine potential lay witnesses, of which he will call between four and six.

5.    Undersigned counsel are experienced in the requirements and logistics of putting on a hearing of this nature.  It is counsel's considered view that it will be near impossible to put on eight experts, three lawyers and four to six mitigation

witnesses in the time allotted.  Of course, Petitioner would also like to present evidence on his other claims, thus making the schedule even more difficult for Petitioner.

6. The Court may believe that it would be appropriate to allow the hearnig to proceed and delay a ruling on whether Petitioner should get additional time, based on the progress of the hearing.  However, because the bulk of Petitioner's witnesses are either experts, or other professionals, scheduling takes on increased significance. Petitioner does not wish to be in a position of having forensic witnesses on location waiting to testify, only to have to reschedule them because the hearing has not gone as quickly as the Court imagined it might.  Petitioner would prefer to have a reasonable schedule, so as to not incur additional expense in having multiple experts waiting to testify.

**Petitioner's Request**

7. Petitioner proposes the following changes to the schedule:

A. Since Petitioner will present Michael Gelbort, Ph.D. on Friday September 10, Petitioner requests that he be allowed to call additional witnesses to fill out that day.

B. Petitioner requests that he be provided the second half of Wednesday September 22 – currently scheduled for the beginning of the

Government's presentation – and all day Thursday to complete his case. Thus, under the proposed changes, Petitioner will have five full days to present his case: September 10 and 20 through 24.

C.    If the Court is agreeable to these changes, the Government's presentation will have to be rescheduled. If the Court's and Government counsel's schedule permits, it would make sense to have the Government begin its case on Friday September 25. Counsel will then make themselves available at the Court and Government's request for the second day of the Government's presentation.

### Conclusion

8.    Petitioner's counsel appreciate the multiple accommodations provided to them by the Court and its staff. They make this request because of their sincere belief that additional time is needed. Counsel's only interest is in making a complete and persuasive presentation. Counsel has not requested more days than they believe they need in the hope that the Court will split the difference. Counsel believe that they will need five days to present their case. This request is not meant to vex or to delay the resolution of this important case.

9.    Petitioner's counsel have communicated with Government counsel, who indicated that they take no position on this Motion.

10.    Finally, because scheduling of witnesses is being held up pending

resolution of this Motion, Petitioner requests that the Court address it at its earliest

convenience.  Counsel will be available for a telephone conference to discuss this,

should the Court desire.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman

Michael Wiseman
Victor Abreu
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:      Philadelphia, PA
            August 16, 2010

### Certificate of Service

I, Michael Wiseman, hereby certify that on August 16, 2010 he served the foregoing on Government's counsel by email and electronic case filing:

Tony Roberts, Esq.
Patti H. Booth, Esq.
Mark Dowd, Esq.
Elsa Patterson-Salinas

/s/ Michael Wiseman

Michael Wiseman