UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____

|                                     |   |                                     |
|-------------------------------------|---|-------------------------------------|
| UNITED STATES OF AMERICA,           | : | No. Cr-C-02-216                     |
|                                     | : | No. Cv-07-223                       |
| Respondent,                         | : | Honorable Janis Graham Jack,        |
|                                     | : | U.S.D.J.                            |
| -against-                           | : |                                     |
|                                     | : |                                     |
| ALFRED BOURGEOIS,                   | : | Electronically Filed                |
|                                     | : |                                     |
| Petitioner.                         | : |                                     |

_____  :

**PETITIONER'S RENEWED MOTION FOR ADDITIONAL COURT
TIME IN WHICH TO
PRESENT HIS EVIDENCE**

Petitioner, Alfred Bourgeois, through undersigned counsel renews his motion for additional court time. In support of this Motion, Petitioner states as follows:

1.    On August 16, 2010 Petitioner filed a motion requesting additional court time to present his case. The Court denied the motion the next day.

2.    Petitioner has completed two full court days (September 20 and 21, 2010) in this post-conviction case. In addition, the Court heard from a single witness on September 10, 2010 and has accepted as evidence the video deposition of Carlos Estrada, which the Court has graciously agreed to review during non-Court time. The Court's initial scheduling order allotted Petitioner two and one half days. Petitioner

1

acknowledges that because of the September 10 court session and the Court's willingness to review the Estrada deposition outside of normal court hours, that Petitioner has already been provided more than the original two and one half days allotted. Petitioner is highly appreciative of this consideration.

3. However, as Petitioner has maintained since the April 20, 2010 argument addressing the scope of the hearing, and in his August 16, 2010 original motion for additional court days, due to the number of issues, their complexity and the weightiness of this matter, additional time would be needed.

4. At the end of this second court date, Petitioner still has the following witnesses who are ready and available to provide relevant testimony on issues that the Court has already ruled are worthy of evidentiary development:

- John Gilmore (trial counsel)
- Dr. Elizabeth Johnson (trial counsel's DNA expert)
- Kerry Brown, Esq. (Mr. Bourgeois private counsel prior to the offense)
- Dr. George Holden (trial expert on family violence)
- Dr. Michael Bowers (bite mark and photo imaging expert)
- Gerald Bierbaum, Esq. (trial mitigation specialist)
- Alan Keel (post-conviction DNA expert)
- Various witnesses relevant to undisclosed consideration provided to government witnesses including: Jennifer Valdez, Orlando Campos, Darrick Moore, Adam Longoria and Tim Allen.

5. Counsel respectfully submit that they have proceeded expeditiously and with dispatch. While they do not claim to have proceeded with perfection, they do

believe that they have presented relevant, non-cumulative evidence that is worthy of consideration.

6.      Without question the Court is vested with wide discretion to rule on this request, as it did in setting the original schedule and in denying Petitioner's initial motion for additional court time.  Petitioner further appreciates that the Court has started early and gone late on each date.  However, the fact remains that Petitioner has at least another day's worth of witnesses.  Because these witnesses have relevant testimony to provide on issues that this Court has deemed hearing-worthy, Petitioner respectfully submits that it would be an abuse of this Court's discretion to not permit Petitioner to complete his case.  Petitioner would further submit that the provision of a hearing on issues before the Court is not full and fair if the Court does not permit counsel to present relevant, non-cumulative evidence on issues that the Court should already ruled would be the subject of the hearing.  Moreover, denial to Petitioner of the ability to complete the hearing will result in a denial of his Fifth Amendment right to due process as well as a denial of those rights that are asserted in his Grounds for Relief.

7.      In consideration of the Court's schedule, past accommodations and to ease any extra burden on the Court, Petitioner makes the following concessions:

- ●      They will proffer the witnesses related to undisclosed consideration;

- Counsel and the Government have agreed that they will proffer Alan's Keel's declaration and will offer him for cross examination, thus saving additional time;

- Petitioner's counsel will gladly return at a later date, if the Court wishes to proceed further, but the Court's schedule cannot accommodate extra time this week;

- If it would ease any burdens on the Court and its personnel, counsel will waive Mr. Bourgeois' presence at any future hearing date.

8.     Petitioner will report to this Court at 9:15 a.m. tomorrow, as directed at the close of today's session.  They are prepared to proceed with their witnesses.

It is Petitioner's earnest hope that the Court will permit him to complete his presentation.

Respectfully Submitted

/s/     Michael Wiseman

Michael Wiseman
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:     Philadelphia, PA
                September 21, 2010

**Certificate of Service**

I, Michael Wiseman, hereby certify that on September 21, 2010 he served the foregoing on Government's counsel by e-mail and electronic case filing:

Tony Roberts, Esq.
Patti H. Booth, Esq.
Mark Dowd, Esq.
Elsa Patterson-Salinas


/s/ Michael Wiseman

Michael Wiseman