UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____
                                            :
UNITED STATES OF AMERICA,         :         No. Cr-C-02-216
                                            :         No. Cv-07-223
              Respondent,         :         Honorable Janis Graham Jack,
                                            :         U.S.D.J.
       -against-                  :
                                            :
ALFRED BOURGEOIS,                 :         Electronically Filed
                                            :
              Petitioner.         :
_____   :

**PETITIONER'S OBJECTION TO COURT'S
COMMENT REGARDING THE DEMEANOR OF
DR. MARK CUNNINGHAM**

1.      Mark Cunningham, Ph.D. testified in these post-conviction proceedings on September 21, 2010.  Toward the end of the Government's cross-examination of Dr. Cunningham, the Court stated on the record that the witness appeared "angry." Petitioner's counsel attempted to place his legal position on the record with respect to this comment by the Court.  The Court precluded counsel from placing his position on the record and threatened to prohibit his re-direct examination of this witness if he persisted in addressing this issue.

2.      Since counsel was not permitted to speak on the record, counsel hereby files this objection to the Court's comment, and the Court's refusal to permit him to

1

state his position on the record.

3.      Had the Court permitted counsel to address the Court, he would have told the Court the following:

> In counsel's estimation the witness never raised his voice.  He made no hand gestures or facial expressions that even remotely seemed inappropriate or angry.  His tone of voice, rate of speech and overall demeanor was consistent throughout his testimony.
>
> Counsel would further observe that shortly before the Court's observation, the Court ridiculed part of the witness' testimony; asked prosecutor Booth if she agreed with this ridicule and laughed at the witness.
>
> In counsel's view the witness had every reason to become angry, but, as noted above, he remained calm and consistent in his presentation.

4.      Had the Court not threatened to preclude counsel's re-direct examination of this witness, counsel could have asked the witness questions that would have established that he was not in fact "angry."

5.      Obviously the Court is the finder of fact in this matter.  In that role the Court has every right to discount any or all of the testimony of any witness.  However, when the Court makes an observation as it did in this instance, counsel have the right and indeed the obligation, to place their views respecting the observation on the record.

6.      Subsequent to counsel's attempt to speak, the Court commented that

counsel needed to be respectful to the Court.  Counsel believes that they have been respectful and they indeed possess an abiding respect for the Court.  Nonetheless, if the Court believes that counsel acted inappropriately in any way, the Court has counsel's apology for their conduct.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Counsel for Petitioner,
Alfred Bourgeois

Dated:       Philadelphia, PA
              September 22, 2010

### Certificate of Service

I, Michael Wiseman, hereby certify that on this 22[th] day of September, 2010, I served the foregoing upon the following persons by E-Mail and ECF filing:

Tony Roberts, Esq.
Patti Booth, Esq.
Mark Down, Esq.

/s/ Michael Wiseman

_____

Michael Wiseman