UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____
                                        :
UNITED STATES OF AMERICA,               :        No. Cr-C-02-216
                                        :        No. Cv-07-223
                Respondent,             :    Honorable Janis Graham Jack,
                                        :        U.S.D.J.
            -against-                   :
                                        :
ALFRED BOURGEOIS,                       :        Electronically Filed
                                        :
                Petitioner.             :
_____ :

**PETITIONER'S MOTION TO STRIKE FOR VIOLATION
OF FED.R.CIV.P. 26**

Petitioner, Alfred Bourgeois, through undersigned counsel moves to strike a

portion of the testimony of Dr. Price taken at the proceedings of September 23, 2010.

In support of this Motion, he states as follows.

1.      The Court ordered the parties to conduct expert witness discovery for the

current hearing pursuant to Fed.R.Civ.P. 26(a)(2).  Pursuant to the Court's order, the

exchange of expert reports were required by August 13.  The parties ostensibly met

that deadline when they exchanged expert reports and related materials by that date.

2.      As the Court is well aware, Rule 26(a)(2) states that an expert report

"must contain a complete statement of **all** opinions the witness will express and the

1

basis and reasons for them." A portion of today's testimony of Dr. Randall Price violated the requirements of the Rule. His report addresses the IQ testing that has been administered to Petitioner, the question of adaptive deficits relevant to the mental retardation issue before the Court, and the question of personality disorders.

3. Dr. Price's report quite literally does not contain a single word, much less an opinion and the basis for it, regarding the presence or absence of organic brain damage. Nonetheless, in his testimony today, Dr. Price critiqued Dr. Weiner's and Dr. Gelbort's reliance on Petitioner's deficient scores on the Categories Test and Trails B test in reaching their conclusion that Petitioner's suffers from brain damage.[1] Moreover, his critique relied on his application of unidentified norms to evaluate Petitioner's performance. Dr. Price neither named the norms he purportedly applied, nor did he offer any specific explanation as to how they apply in this case.

4. What is particularly troubling about this violation of the disclosure rule is that these particular questions are highly complex and would require counsel to conduct research into the literature or consult with his experts to rebut this testimony.

---

[1]To be clear, organic brain damage can occur even in the absence of a traumatic brain injury. As Drs. Gelbort and Weiner testified, such damage can have a variety of other causes. As explained to the Court today, counsel are relying on the 1993 truck accident in which Mr. Bourgeois struck his head on the steering wheel, not as proof that he sustained a traumatic brain injury on that occasion, but to support their position that counsel ineffectively failed to pursue neuropsychological testing before trial despite the presence of this red flag for organic damage.

Counsel has endeavored to acquire expert information on these questions tonight, but has been unsuccessful.

5.    Obviously, the purpose of the disclosure rule is to enable counsel to conduct proper preparation of their cross examination.  Petitioner has been able to do so with all other aspects of Dr. Price's testimony, which was properly disclosed in his report.  However, an area as complex as this cannot be prepared "on the fly."  Petitioner's ability to cross examine has been significantly prejudiced by this violation.  Accordingly, he requests that the testimony regarding Trails B and Categories be stricken from the record.

6.    Due to the lateness of the hour, counsel has not endeavored to ascertain the Government's position regarding this Motion.

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:      Philadelphia, PA
            September 23, 2010

## Certificate of Service

I, Michael Wiseman, hereby certify that on September 23, 2010 he served the foregoing on Government's counsel by electronic case filing:

Tony Roberts, Esq.
Patti H. Booth, Esq.
Mark Dowd, Esq.
Elsa Patterson-Salinas

/s/ Michael Wiseman

Michael Wiseman