UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. Cr-C-02-216 |
| | : | No. Cv-07-223 |
| Respondent, | : | Honorable Janis Graham Jack, |
| | : | U.S.D.J. |
| -against- | : | |
| | : | |
| ALFRED BOURGEOIS, | : | Electronically Filed |
| | : | |
| Petitioner. | : | |

_____ :

**PETITIONER'S OPPOSED MOTION TO TAKE
BRIEF DEPOSITION OF DR. MICHAEL GELBORT**

1.    As the Court will recall, Petitioner moved to strike a portion of the testimony of Dr. Randall Price that was related to the question of whether Petitioner suffers from organic brain damage.  In his *Motion to Strike for Violation of Fed.R.Civ.P. 26* (document # 568, filed on September 23, 2010), Petitioner pointed out that Dr. Price's report did not include any discussion whatsoever of the issue of Petitioner's organic brain damage. Because the report did not mention brain damage, Petitioner's counsel was not prepared to cross-examine Dr. Price on this highly technical subject.

2.    To make Petitioner whole for this violation of Fed.R.Civ.P. 26, the Court

1

permitted Petitioner to take the deposition of Dr. Price on this topic.  That deposition is scheduled to occur on November 10, 2010 in Houston, Texas (the location having been agreed to by the parties).  In preparing for this deposition counsel have learned that Dr. Gelbort would have had significant points to make regarding Dr. Price's view of the neuropsychological testing, but of course those points were not made because Dr. Price's views of the testing were not contained in his report.

3.     Thus, to make Petitioner further whole for the Government's violation of Rule 26, Petitioner moves to depose Dr. Gelbort on this limited issue.  Counsel believe that this deposition would last for less than one hour.  Dr. Gelbort already plans to sit with counsel during their deposition of Dr. Price and counsel would be prepared to conduct the Gelbort deposition immediately upon completion of Dr. Price's deposition.

4.     Counsel communicated this request to the Government, which opposes it.  The Government proposed as an alternative, that Dr. Gelbort submit a declaration regarding his view on this topic.  This counter-proposal is not acceptable to Petitioner because, as with all of the other witnesses in this case, the Court should be able to make credibility determinations based on actual testimony.  In this regard it should be noted that the Government successfully opposed the admission of other declarations for this precise reason.

5.     What is clear is that these issues have arisen because the Government violated the Rule.  Petitioner should not suffer any disadvantage as a result of this violation.  In short, he should be made whole, which in this instance means being afforded the opportunity of having the Court view the testimony of Petitioner's witness on video tape.

WHEREFORE, Petitioner respectfully moves for an order permitting the video-taped deposition of their expert, Dr. Michael Gelbort, in which he will respond to Dr. Price's testimony on organic brain damage.

Respectfully Submitted

/s/     Michael Wiseman

Michael Wiseman
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:     Philadelphia, PA
           October 21, 2010

**Certificate of Service**

I, Michael Wiseman, hereby certify that on October 21, 2010 he served the foregoing on Government's counsel by e-mail and electronic case filing:

Tony Roberts, Esq.

Patti H. Booth, Esq.

Mark Dowd, Esq.

Elsa Patterson-Salinas, Esq.

/s/ Michael Wiseman

Michael Wiseman