UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____   :

UNITED STATES OF AMERICA,   :   No. Cr-C-02-216
                            :   No. Cv-07-223
Respondent,   :   Honorable Janis Graham Jack,
                            :   U.S.D.J.

-against-   :

                            :
ALFRED BOURGEOIS,   :   Electronically Filed

                            :
Petitioner.   :

_____   :

**PETITIONER'S MOTION FOR LEAVE OF COURT TO TAKE THE
DEPOSITIONS OF WILLIAM MAY AND ADAM LONGORIA IN
SUPPORT OF CLAIM VII TO HIS *MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. SECTION 2255***

Petitioner, ALFRED BOURGEOIS, Through undersigned counsel respectfully

moves for leave to take the depositions of William May and Adam Longoria in support

of Claim VII to his Motion *for Relief Pursuant to 28 U.S.C. Section 2255*

 corpus.  In support of this motion, Petitioner states as follows:

1.   William May and Adam Longoria are critical witnesses from whom

testimony is material to Claim VII of the Motion for Relief Pursuant to 28 U.S.C.

Section 2255.   On September 3, 2010 – 17 days prior to the start of the evidentiary

hearing – counsel filed ex parte motions pursuant to Federal Rule of Criminal

Procedure 17 (b) and 28 U.S.C. §1825 for the issuance and service of subpoenas

compelling the attendance of both May and Longoria at the evidentiary hearing. Petitioner's motion identified Mr. May's address as 4353 Eldora Drive, Corpus Christi, Texas.  Petitioner's motion identified Mr. Longoria's address as Barton County Jail, 1408 Kansas Ave., Great Bend, Kansas, 67530.

2.    On September 3, 2010 the Court granted petitioner's motion as to Mr.Longoria, finding, inter alia, that the presence of Mr. Longoria was necessary to an adequate defense of this case and ordering, inter alia, that a subpoena shall be served on this witness by the United States Marshal compelling attendance at the evidentiary hearing.

3.    On September 20, 2010, petitioner was notified by the United States Marshal that Mr. Longoria  – although he was a homicide suspect in Great Bend, Kansas – was being housed in Sedgwick County Jail for security reasons.  On this same date petitioner's counsel was notified by the United States Marshal that a writ was needed to compel his presence at the hearing.  Petitioner brought this to the attention of the court on Tuesday, September 21, 2010 which was the second day of the hearing and prior to resting its case.

4.    Petitioner now requests leave of Court to depose Mr. Longoria because he is a critical and necessary witness and was not brought to the hearing pursuant to the properly filed motion for subpoena and the Court's order compelling service of a

subpoena on him.

5.      The Court also granted petitioner's motion compelling service of a subpoena upon William May by the United States Marshal.  However, the Court informed counsel that Mr. May was no longer residing in Corpus Christi.  On September 15, 2010 petitioner's counsel discovered Mr. May's correct address in Irving, Texas and also determined that he was physically unable to attend the hearing in Corpus Christi due to severe medical issues.

6.      During the course of the hearing – but prior to resting –  petitioner's counsel, James J. McHugh, Jr., noting the medical condition of Mr. May, asked Assistant United States Attorney Tony Roberts if the Government would agree to the deposition of Mr. May at a later date to be decided by the parties.  Mr. Roberts advised counsel that he would need to check with other members of the prosecution team and would thereafter advise petitioner' s counsel of the government's position.

7.      Thereafter, on Wednesday September 22, 2010 petitioner rested.  At the time it rested Petitioner had not yet been informed by the Government of its position concerning the deposition of William May.

8.      Procedural defect cannot bar subpoena enforcement and procedural rules should not bar federal habeas review.  Here, there was not a clear rule that stated Petitioner was responsible for drafting the writ of habeas corpus ad testificandum

following the issuance of the subpoena, rather than the court. Furthermore, while procedural rule may serve legitimate interests, it may be set aside when the defendant is not given a reasonable opportunity to assert his federal rights, which is without question the circumstance here. See Lee v. Kemna, 122 S.Ct. 877 (2002) (Subpoenaed alibi witnesses left the courthouse without explanation, District Court refused to grant continuance, Eighth Circuit affirmed, but Supreme Court vacated and remanded).

9.      Petitioner's counsel has been advised by counsel for the government that they oppose this motion.

WHEREFORE, Petitioner respectfully requests that this Court grant this motion for leave of court to take the depositions of William May and Adam Longoria  in support of Claim VII to his petition for a writ of habeas corpus.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Michael Wiseman
Victor Abreu
Elizabeth Larin
James McHugh
Federal Community Defender
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West, The Curtis Center
Philadelphia, PA 19106
Counsel for Petitioner
Alfred Bourgeois

Dated:      Philadelphia, PA
                 November 15, 2010

## Certificate of Service

I, Michael Wiseman, hereby certify that on this 15th day of November, 2010 I served the foregoing on the following person by ECF Filing:

Tony Roberts
Mark Dowd
Patti Booth
Elsa Salinas-Patterson

/s/ Michael Wiseman

_____

Michael Wiseman