UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____     :

UNITED STATES OF AMERICA,           :        No. Cr-C-02-216
                                    :        No. Cv-07-223
              Respondent,           :     Honorable Janis Graham Jack,
                                    :              U.S.D.J.
         -against-                  :
                                    :
ALFRED BOURGEOIS,                   :      Electronically Filed
                                    :
              Petitioner.           :
                                    :
_____     :

**PETITIONER'S UNOPPOSED MOTION FOR AN ADDITIONAL
THIRTY DAYS TO SUBMIT EVIDENCE IN
SUPPORT OF CLAIM III TO HIS *MOTION FOR RELIEF PURSUANT
TO 28 U.S.C. SECTION 2255***

Petitioner, ALFRED BOURGEOIS, through undersigned counsel, respectfully

moves this Court for an additional thirty (30) days to submit evidence, via video

deposition, in support of Claim III to his Section 2255 Motion.  In support of this

motion, Petitioner states as follows:

1.    In Claim III of his *Motion*, Petitioner alleged that the Government lacked

jurisdiction to prosecute him as no reasonable view of the Government's evidence

existed upon which a  fact finder could conclude that the fatal injuries to JG-1999 were

inflicted on the Corpus Christi Naval Air Station, and that trial counsel was ineffective

for failing to raise this issue.  See Petitioner's Motion for Relief Pursuant to  28 U.S.C.

Section 2255, at 58-62. Specifically, Petitioner alleged that the subdural hematoma identified as the cause of death by the medical examiner, Dr. Elizabeth Rouse, resulted from an injury that occurred days before Petitioner arrived at the naval base. Id. see also Neuropathology Report of Dr. Kathleen Kagan-Hallet, MD, contained in *PA*, document # 50. Thus, despite the fact that JG-1999 was found unconscious on the base, the Government lacked jurisdiction to prosecute Mr. Bourgeois. Id.; 18 U.S.C. § 3236 (murder is "committed at the place **where the injury was inflicted** . . . which caused the death, **without** regard to the place where the death occurs").[1]

2. During argument on the scope of the evidentiary hearing, the Court denied a hearing on Claim III but stated that Petitioner could proffer, via affidavit, any expert evidence in support of his claim. See NT 4/20/10, 55. The Court also requested that any additional expert opinion and affidavit specifically include and reference a review of the testimony of Dr. Coufal, the Opthamologist, and the emergency room physician. Id. at 67. Additionally, the Court noted that Petitioner's experts had not previously had an opportunity to review the actual autopsy slides prepared by Dr. Rouse during the autopsy of JG-1999, id. at 61-62, and required that any subsequent defense opinions take those slides into account.

---

[1]The Government was aware of this potential issue prior to trial. See attached Notes of Government counsel (provided by AUSA Tony Roberts to undersigned counsel when counsel were present in Corpus Christi in advance of the April 20, 2010 argument regarding the scope of the evidentiary hearing).

3.      Immediately thereafter, Petitioner consulted forensic neuropathologist, Jan E. Leestma, M.D., M.M.,[2] to review the evidence regarding JG-1999's cause of death and the age and timing of the previously identified fatal subdural hematoma.  However, after conducting his initial review (including the testimony of Dr. Coufal and the ER physician as the Court requested), Dr. Leestma also requested review of the autopsy slides.  On June 11, 2010, petitioner requested those slides from the Government.

4.      On August 9, 2010, AUSA Tony Roberts notified Petitioner that Dr. Rouse had finally responded to his previous inquiries and informed him that the autopsy slides were currently located at the Wilford Hall Medical Center at Lackland Air Force Base in San Antonio, TX.

5.      After several attempts to reach their legal department, Petitioner confirmed the presence of the autopsy slides at the Wilford Hall Medical Center and that a subpoena duces tecum would be required to release the autopsy slides to

---

[2]Dr Leestma is a 1964 graduate of the University of Michigan School of Medicine.  He completed his training in Neuropathology at Albert Einstein College of Medicine, NY in 1968. Dr. Leestma served in the United States Air Force Medical Corps at the Armed Forces Institute of Pathology from 1968-71 and was honorably discharged with the rank of Major USAF, MC.  From 1971-85, Dr. Leestma was Associate Professor of Pathology and Neurology at Northwestern Medical School and Chief, Neuropathology at Northwestern Memorial Hospital and the Children's Memorial Hospital in Chicago, IL.  He has also served as Assistant Medical Examiner with the Cook County Medical Examiner's Office.  Dr. Leestma is the author of more than 100 professional publications including his text, FORENSIC NEUROPATHOLOGY, 2d. Ed. (2009).

Petitioner's expert, Dr. Leestma.

6.     Petitioner subsequently requested that this Court issue a subpoena requiring the Custodian of Records at the Wilford Hall Medical Center to produce any and all slides, photographs and impressions prepared during the course of the autopsy of JG-199 by Dr. Elizabeth A. Rouse.  Petitioner also requested that in lieu of personal appearance, the slides, photographs and impressions could be delivered to Dr. Leestma, in Chicago IL.   On September 13, 2010, the Court issued an Order granting Petitioner's request to issue a subpoena.

7.     During the evidentiary hearing, Petitioner learned that the autopsy slides had not been delivered to Dr. Leestma and requested additional time for Dr. Leestma to receive and review the slides and opine on the timing of the fatal injuries to JG-1999.  NT 9/24/10, 238-41.  The Court granted Petitioner's request and ordered that any additional evidence from Dr. Leestma be presented, not by affidavit as previously ordered, but through deposition which Petitioner stated that he would endeavor to complete by November 15, 2010.  Id., 240-41.

8.     Thereafter, Petitioner, through repeated phone calls, vigorously urged Wilford Hall Medical Center and their custodian of records, Sylvia Rodriguez, to deliver the slides to Dr. Leestma and comply with Court's subpoena.  However, Petitioner was informed that original slides are never released and when requested, new

duplicate slides are created which are produced from the original paraffin blocks. Petitioner was also informed that in this case, production of the new slides and thus delivery to Dr. Leestma was delayed because Dr. Rouse, who created the original slides at the time of autopsy, was now retired and a new doctor would have to create the duplicate slides.

9.      On October 13, 2010, Petitioner was informed that production of the new slides had been completed and that they were en route to Dr. Leestma.  Dr. Leestma received the autopsy slides on October 14, 2010.  Thus, Dr. Leestma had only thirty days, until November 15, 2010, to review the slides, compare them to the evidence he had already reviewed, draw conclusions, schedule, prepare for and be deposed at a date and time convenient to all parties.  This already difficult undertaking was rendered impossible by the fact that Dr. Leestma was  out of the country from October 17, 2010 until November 14, 2010.

10.     Furthermore, after review, Dr. Leestma has determined that the slides that were provided by the government were incomplete.  Wilford Hall Medical Center did not include the slides viewed by the neuropathologist  Dr. Kathleen Kagan-Hallet which are relevant to his analysis.

11.     Nevertheless, Dr. Leestma has reviewed the slides that were provided to him, along with the autopsy photographs, the relevant trial testimony concerning the

time of death and the autopsy report of Dr. Elizabeth Rouse as well as the neuropathology report of Dr. Kathleen Kagan-Hallet.  Dr. Leestma has determined from this initial review that the time of the infliction of the fatal injury was prior to the time the petitioner and the decedent were on federal property.  Nevertheless, per this Court's direction, Dr. Leestma still needs to review the relevant slides to conclude his analysis.  See NT 4/20/10, 61-62.

12.    Accordingly, Petitioner respectfully requests an additional thirty (30) days, until December 15, 2010 in which to depose Dr. Leestma.   Petitioner believes that a deposition of Dr. Leestma will greatly assist the Court in its review and resolution of Claim III and an additional thirty days will allow all parties time to schedule and prepare for the deposition.  Of course, that proposed deadline is dependent on the prompt provision of the autopsy slides to Dr. Leestma.

13.    Petitioner has contacted attorney for the Government, AUSA Tony Roberts, Esq., who has indicated that the Government is not opposed to this Motion.

WHEREFORE, Petitioner respectfully requests that this Court grant this motion for an additional thirty days to submit evidence in support of Claim III to his Motion for Relief Pursuant to 28 U.S.C. Section 2255.

Respectfully submitted,

/s/Michael Wiseman

Michael Wiseman
Victor J. Abreu
Elizabeth Larin
James McHugh
Federal Community Defender Office
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West - The Curtis Center
Philadelphia, PA 19106
215-928-0520

Dated:      November 15, 2010
            Philadelphia, PA

### Certificate of Service

I, Michael Wiseman, hereby certify that on this 15th day of November, 2010 I served the foregoing on the following person by ECF Filing:

Tony Roberts
Mark Dowd
Patti Booth
Elsa Salinas-Patterson

/s/ Michael Wiseman

_____

Michael Wiseman