UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | CR. No. C-02-216 |
| | § | C.A. No. C-07-223 |
| ALFRED BOURGEOIS, | § | |
| Petitioner. | § | |

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR
ADDITIONAL THIRTY DAYS AND OPPOSITION TO THE MOTION FOR LEAVE
OF COURT TO TAKE DEPOSITIONS OF WILLIAM MAY AND ADAM LONGORIA

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the government," by and through the United

States Attorney for the Southern District of Texas, files this Response to Petitioner's Motion for

Additional Thirty Days and Motion to Depose William May and Adam Longoria. Additionally, the

Government herein moves for the production of evidence relevant to Dr. Jan E. Leestma's, M.D.,

M.M..

On November 15, 2010, Petitioner filed a series of motions related to the evidentiary hearing

in this case. Those motions do not accurately reflect the government's position on the subject matter

contained within those motions. On November 17, 2010, this Court Ordered the government to file

a response to Petitioner's motion to take depositions. The government herein files this motion in

compliance with this Court's Order and in an effort to clarify the government's position on

Petitioner's motions.

I.

**Petitioner's "Unopposed" Motion for Additional Thirty Days
to submit Evidence in Support of Claim III**

On November 14, 2010, the Assistant Federal Public Defender submitted the following

request to the government via an email:

> Judge Jack gave us additional time to get supporting documents from our expert
> and/or conduct a deposition in support of the claim.  Unfortunately, the slides were
> not completed and mailed to Dr. Leetsma until October 13, 2010.  Apparently, the
> slides were delayed because the original slides are never released and new slides
> have to be prepared from the original blocks.
>
> This process took significantly longer because Dr. Rouse is no longer at that facility
> and a new doctor had to prepare the slides from the original blocks.  Anyway,
> because of the delay in getting him the slides and other commitments out of the
> country, Dr. Leetsma has not completed his review and I would like to ask Judge
> Jack for some additional time for him to do that.  Would you guys be opposed to that
> -- I'm thinking no more than 30 days.  Please let me know and I apologize for any
> inconvenience this may cause and certainly appreciate the consideration.

The government responded to this request stating that we do not oppose an additional 30 days.  In

so responding, the government interpreted the request to mean "30 additional days to review the

slides." However, the motion Petitioner subsequently filed clearly requests "an additional thirty (30)

days, until December 15, 2010 in which to depose Dr. Leestma."  (*See* Document 604, page 6,

paragraph 12) (emphasis added).  Petitioner's motion then states that the government is not opposed

to this Motion.  That is not entirely correct.

The government is not opposed to Petitioner's request that Dr. Leestma have an additional

thirty days to review the autopsy slides.  However, the government is currently opposed to the taking

of a deposition of Dr. Leestma.  Importantly, Petitioner has not yet provided the government with

a report by Dr. Leestma, a curriculum vitae, or Rule 26 disclosures.  Until the government receives

these documents, the government is in no position to evaluate the necessity of a deposition.

2

The issue in Claim III is whether the United States had jurisdiction over the murder. The Petitioner claims that the assault that killed the child did not occur on the naval station. On September 24, 2010, the last day of the evidentiary hearing, Petitioner acknowledged that this Court called this claim "absurd" during the April 20, 2010 hearing. (Evidentiary Hearing, September 24, 2010, page 238). Petitioner also reminded the Court that the Court had previously said the Petitioner could "proffer two affidavits from [a] doctor" on this issue. Petitioner was unable to produce the affidavits at the evidentiary hearing stating that there was difficultly in locating the original autopsy slides. This Court authorized a subpoena for the release of the autopsy slides to Petitioner's expert. Petitioner's counsel requested permission to file their affidavits by November 15, 2010. This Court then said  that "if we're going to do that, we're going to depose them." (Evidentiary Hearing, September 24, 2010, page 240). This Court then recalled that Mr. Bourgeois' own testimony contradicted the theory in Claim III. *Id*. This Court then reiterated that it would not "let them do that without a deposition." *Id*. at page 241.

The government is presently uncertain about the need for a deposition as the Petitioner has not submitted any report or other evidence from any doctor supporting the contention that the fatal assault occurred prior to Mr. Bourgeois arriving on the naval station. Moreover, to the best of our collective recollection, the government does not recall Petitioner identifying the doctor upon whom they would rely for this opinion until the November 14, 2010 email quoted above. Thus, we have absolutely no basis to evaluate the need for a deposition at this time.

As such, we are not opposed to Petitioner's motion for an additional 30 days for the doctor to evaluate the autopsy slides. However, at this time, the government does oppose Petitioner's request to depose Dr. Jan Leestma. Until such time as the government receives the necessary

documents to evaluate Dr. Leestma's qualifications and conclusions, the government cannot in good faith agree to another deposition well beyond the date of the evidentiary hearing. Additionally, it might be necessary for the government to have Dr. Leestma's report reviewed by someone of similar qualifications and possibly even have that individual deposed in response to Dr. Leestma's conclusions.

The government herein requests Petitioner to provide the relevant documents to enable the government to evaluate the qualifications and conclusions of Dr. Leestma. The government also requests an opportunity to review Dr. Leestma's conclusions and opinions at least 10 days prior to any proposed deposition. Upon review of the relevant documents, it is conceivable that the government could move this Court to deny a deposition on this matter. In any event, the government has not agreed to extent the November 15, 2010 deadline for depositions at this time, particularly for an expert who has not submitted a report. We should also note that Petitioner never attempted to set a date for a deposition of Dr. Leestma prior to this Court's November 15, 2010, date for completing all deposition testimony.

II.

**Petitioner's Motion to take Depositions of William May and Adam Longoria**

On November 15, 2010, the date in which this Court required Petitioner to have all additional depositions completed for the Section 2255 motion, Petitioner filed a motion seeking leave of court to take two additional depositions. Petitioner claims that he filed *ex parte* motions on September 3, 2010, for the issuance and service of subpoenas to compel William May and Adam Longoria to be present at the September 20, 2010 evidentiary hearing. Petitioner notes that this Court granted his *ex parte* motions. Petitioner failed to present testimony from William May or Adam Longoria

at the evidentiary hearing.  Petitioner now seeks leave of court to depose these two individuals.  The government opposes Petitioners motion for leave of court to depose William May and Adam Longoria.

## A.      Untimely Notice to the Court of Witnesses Absence

Petitioner's counsel did not raise the issue of these witnesses absence until Wednesday, September 22, 2010; the final day that this Court had allotted for Petitioner to present his evidence. On page 21 and 22 of the September 22, 2010 transcript, Mr. McHugh informed this Court that Mr. May and a couple of other witnesses "had not appeared."  This Court reminded counsel that their original deadline for presenting evidence "was over at noon today."  (Evidentiary Hearing, September 22, 2010, page 23).  This Court added:

> It's a little late to demand attendance from people that you were – it's 1:15 on Wednesday.  The time that I gave you was till noon today to present your case.  It's a little late to talk about compulsory process .... you should have brought it in a timely fashion.

*Id*.  The government maintains that Petitioner's request is untimely and should be denied.

## B.      Adam Longoria

Petitioner requests leave of court to depose Mr. Longoria "because he is a critical and necessary witness and was not brought to the hearing pursuant to the properly filed motion for subpoena and the Court's order compelling service of a subpoena on him."  (Doc. 602, Petitioner's Motion, p. 1-2).  However, the true reason Mr. Longoria was not present at the hearing is because Petitioner's counsel failed to file a writ although they knew Mr. Longoria was in prison in another state.

Petitioner called Jennifer Valdez as a witness at the evidentiary hearing.  (Evidentiary Hearing, September 22, 2010, page 24).  Ms. Valdez was the former wife of Adam Longoria.  *Id.*

at 25.  Ms. Valdez testified about Mr. Longoria being presently incarcerated.  After Ms. Valdez' testimony, Mr. James McHugh informed this Court that the U.S. Marshals "might be better able to speak" about why Mr. Longoria was not present in court.  *Id* at 31.  One of the U.S. Marshals stated that they received a subpoena but not a writ.  *Id*.  This Court asked Mr. McHugh whether Petitioner's trial team had asked for a writ to be issued.  Mr. McHugh ultimately admitted that they failed to request a writ.  *Id*. at 32.

According to Petitioner, Adam Longoria was a homicide suspect in Kansas at the time of the September 20, 2010 evidentiary hearing.  (Doc. 602, Petitioner's Motion, p.2).  Petitioner claims that the United States Marshal did not notify Petitioner of the need for a writ for Adam Longoria until September 20, 2010.  However, the record indicates that Petitioner's counsel was aware that Mr. Longoria was incarcerated in another state prior to September 20, 2010 and failed to request a writ.  Mr. Longoria was not present at the hearing due to Petitioner's failure to file the writ, and they should not be permitted to depose this witness well after the court's original and subsequent deadlines for presenting evidence.  Indeed, even the instant request was not submitted to this Court until the very day in which this Court required Petitioner's additional depositions to be concluded.

**C.**    **William May**

Petitioner also moved this Court to compel service of a subpoena on Mr. May.  Petitioner provided a Corpus Christi address to the U.S. Marshals.  This Court informed Petitioner that Mr. May was residing in Irving, Texas.  During the evidentiary hearing, this Court reminded Petitioner's counsel that the Court had informed them that Mr. May was living in the Dallas area, and noted that Petitioner's counsel had him served in Corpus at an address where they knew he would not be located.  (Evidentiary Hearing, September 22, 2010, page 32-33).

Petitioner claims that Mr. James McHugh asked Assistant United States Attorney Tony Roberts whether the government would agree to deposing Mr. May at a later date to be decided by the parties. Petitioner states that AUSA Roberts said "he would have to check with other members of the prosecution team and would thereafter advise petitioner's counsel of the government's position." Petitioner claims that the government failed prior to the Petitioner resting to provide its position concerning taking the deposition of Mr. May.

First, the government's recollection of the events with regard to the request to depose Mr. May is a bit different than those recited by Petitioner's counsel. The government recalls Mr. McHugh informing AUSA Roberts during a recess that Petitioner intended to request this Court to permit a deposition of Mr. May after the evidentiary hearing. AUSA Roberts recalls immediately discussing this matter with the other members of the government team and informing Petitioner's counsel, during the same recess, that the government would oppose the request to depose Mr. May. Second, the government does not recall Petitioner's counsel making a specific request on the record to depose Mr. May. If Petitioner's counsel had made such a motion, the government would have objected on the record. In light of Petitioner failing to provide an accurate address to the U.S. Marshals to effectuate service of the subpoena and failing to move the Court to permit a post-hearing deposition of Mr. May, the government concluded that Petitioner decided to forgo moving to take Mr. May's deposition.

7

**D.**    <u>**The government opposes Petitioner's motion to depose Mr. May and Mr. Longoria**</u>

The government opposes Petitioner's request to depose Mr. Longoria and Mr. May.  This Court extended the original deadline of noon on September 22, 2010 and permitted Petitioner to continue presenting evidence until the end of the day on September 22, 2010.  This Court granted Petitioner an extra day of depositions on September 10, 2010, prior to the evidentiary hearing, enabling the testimony of two additional expert witnesses to be presented.  This court also permitted two additional depositions after the conclusions of the evidentiary hearing.  Petitioner's counsel has failed to demonstrate cause for their failure to call Mr. Longoria and Mr. May during the evidentiary hearing.  Any evidence presented by Mr. Longoria and Mr. May would only be relevant to the *Brady* claims in which Petitioner claims that AUSA Patti Booth failed to reveal "promises" made to various prisoner witnesses.  The substance of those claims are contained in the pleadings and provide a sufficient basis for this Court to make a determination with regard to the issues raised. This Court should deny Petitioner's motion for leave of court to depose Mr. Longoria and Mr. May for its untimeliness and because the issue can be resolved on the current record.

Respectfully submitted,

JOSÉ ANGEL MORENO
United States Attorney

PATTI BOOTH
Assistant United States Attorney

ELSA SALINAS
Assistant United States Attorney

MARK DOWD
Assistant United States Attorney


_s/ Tony R. Roberts_

TONY R. ROBERTS
Assistant United States Attorney
TX Bar No. 17022000
S.Dist.Tx.  26173
P.O. Box 61129
Houston, Texas  77208-1129

9

CERTIFICATE OF SERVICE

I, Tony R. Roberts, Assistant United States Attorney, do hereby certify that a copy of the above Response to Petitioner's Motion for Additional Thirty Days and Motion to Depose William May and Adam Longoria was placed in the mail on November 29, 2010, via certified mail, return receipt requested to:

Michael Wisemen
Victor Abreu
James McHugh
Maureen Kearney Rowley
Elizabeth Larin
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106

      *s/ Tony R. Roberts*
TONY R. ROBERTS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | CR. No. C-02-216 |
| | § | C.A. No. C-07-223 |
| ALFRED BOURGEOIS, | § | |
| Petitioner. | § | |

ORDER

Petitioner's Motion for Additional Thirty Days to permit Dr. Jan Leestma to review autopsy slides is GRANTED.  Dr. Leestma must submit a report to the government no later than

_____ .

Petitioner's Motion for Leave of Court to depose William May and Adam Longoria is hereby DENIED.

The clerk of this Court shall send a copy of this Order to the parties by any receipted means.

Signed at Corpus Christi, Texas, this _____ day of _____ 2010.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE