UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

———————————————————————    :

UNITED STATES OF AMERICA,    :    No. Cr-C-02-216
                             :    No. Cv-07-223
            Respondent,      :    Honorable Janis Graham Jack,
                             :    U.S.D.J.
        -against-            :
                             :
ALFRED BOURGEOIS,            :    Electronically Filed
                             :
            Petitioner.      :
———————————————————————    :

**PETITIONER'S POINTS AND AUTHORITIES REGARDING
COUNSEL'S PENALTY PHASE INEFFECTIVENESS**

Petitioner, Alfred Bourgeois, through counsel, hereby submit these *Points and Authorities* for use during the January 13, 2011 argument on counsel's ineffectiveness for failing to present mitigating evidence at the penalty phase.[1]

I.    **United States Supreme Court Cases Addressing Generally Counsel Ineffectiveness at the Penalty Phase of a Capital Trial**

Eddings v. Oklahoma, 455 U.S. 104, 115 (1982) ("Evidence of a difficult family history and of emotional disturbance is **typically** introduced by defendants in mitigation. See McGautha v. California, 402 U.S. 183, 187-188 . . . (1971).");

---

[1]All emphasis is added.

<u>Williams v. Taylor</u>, 529 U.S. 362, 595-598 (2000) (counsel ineffective despite having **three mental health** professionals evaluate client because they failed to present evidence of childhood abuse, family dysfunction organic brain dysfunction and low intelligence, and having prepared for penalty hearing one week before trial);

<u>Wiggins v. Smith,</u> 539 U.S. 510, 516-17 (2003) (counsel ineffective for failing to present evidence of physical and sexual childhood abuse, family dysfunction cognitive dysfunction and emotional disturbance);

<u>Smith v. Texas</u>, 543 U.S. 37, 44 (2004) ("There is no question that a jury might well have considered petitioner's IQ scores [of 78]. . . as a reason to impose a sentence more lenient than death.");

<u>Rompilla v. Beard</u>, 545 U.S. 374, 392-93 (2005) (counsel ineffective although they interviewed numerous family members and had client evaluated by **three mental health professionals** for failing to conduct thorough investigation which would have revealed organic brain dysfunction, low intelligence, childhood abuse and family dysfunction);

<u>Porter v. McCollum</u>, 130 S.Ct. 447, 449 (2009) (counsel ineffective failed to present evidence of abusive childhood, impaired mental capacity and mental health impairments);

<u>Sears v. Upton</u>, 130 S.Ct. 3259, 3261-62 (2010) (counsel ineffective for failing to present evidence of low intellectual functioning, cognitive impairments, physical and sexual abuse and family dysfunction).

**II.**    **Fifth Circuit Cases Addressing Counsel Ineffectiveness at Penalty Phase of Capital Trial**

Walbey v. Quarterman, 2009 WL 113778, *8, 309 Fed.Appx. 795 (5th Cir. Jan. 19, 2009) (**on deficient performance**: counsel deficient for presenting only "scant" mitigating evidence; **on prejudice**: "Texas's next argument – that Walbey suffered no prejudice because the brutality of his crime eclipses any mitigating evidence – is a non-starter. ... To permit a jury to impose the death sentence solely because the facts are heinous and egregious would be to return to the days of inflicting capital punishment based on emotion and revenge .... Almost without exception, the cases we see in which conviction of a capital crime has produced a death sentence arise from extremely egregious, heinous, and shocking facts. But, if that were all that is required to offset prejudicial legal error and convert it to harmless error, habeas relief ... would virtually never be available, so testing for it would amount to a hollow judicial act.");

Lewis v. Dretke, 355 F.3d 364, 368 (5th Cir. 2003) (counsel ineffective for presenting only "skeletal" information about childhood abuse);

Moore v. Johnson, 194 F.3d 586, 613-614 (5th Cir. 1999) (counsel ineffective for failing to present evidence of borderline intelligence, organic brain dysfunction and childhood abuse).

**IV.**    **Neither the Court nor the Government May Divine Reasons for Counsel's Failures and Omissions – The Court May only Consider Counsel's Actual Reasons**

Wiggins, 539 U.S. at 526-27 ("[T]he 'strategic decision' the state courts and respondents all invoke to justify counsel's limited pursuit of mitigating evidence resembles more a *post hoc* rationalization of counsel's conduct than an accurate description of their deliberations prior to sentencing.");

Kimmelman v. Morrison, 477 U.S. 365, 386-87 (1986) (under Strickland, courts cannot use hindsight to supply a strategy for counsel);

Thomas v. Varner, 428 F.3d 491, 499 n.7 (3d Cir. 2005) ("We believe that an inquiry into whether counsel actually had some strategy is permissible ... Otherwise, incompetency of defense counsel could be rewarded by ingenuity on the part of a State's attorneys in supplying hypothetical strategies to explain defense counsel's uninformed prejudicial oversights.");

Alcala v. Woodford, 334 F.3d 862, 871 (9th Cir. 2003) ("We will not assume facts not in the record in order to manufacture a reasonable strategic decision for Alcala's trial counsel.");

Griffin v. Warden, 970 F.2d 1355, 1358 (4th Cir. 1992) ("courts should not conjure up tactical decisions an attorney could have made, but plainly did not" (citing Strickland; Kimmelman))

Respectfully Submitted,

/s/ Michael Wiseman

Michael Wiseman
Victor Abreu
James McHugh
Elizabeth Larin
Capital Habeas Corpus Unit
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106

Dated:        January 12, 2011

4

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this 12th day of January, 2010 I served the foregoing on the following persons by filing the same through ECF:

Tony Roberts
Patti Booth
Mark Dowd
Elsa Salinas-Patterson

/s/ Michael Wiseman

Michael Wiseman