UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____     :

UNITED STATES OF AMERICA,     :          No. Cr-C-02-216
                              :          No. Cv-07-223
            Respondent,       :     Honorable Janis Graham Jack,
                              :          U.S.D.J.
      -against-               :
                              :
ALFRED BOURGEOIS,             :          Electronically Filed
                              :
            Petitioner.       :
_____     :

**PETITIONER'S MOTION TO REOPEN EVIDENTIARY
HEARING ON THE QUESTION OF THIS COURT'S JURISDICTION
AND MOTION FOR LIMITED PRE-HEARING DISCOVERY**

Petitioner, Alfred Bourgeois, through counsel, hereby move to reopen the

evidentiary hearing recently concluded by the Court in order to further develop the

record with regard to Claim III regarding Petitioner's contention that this Court

lacked jurisdiction to try Petitioner; that counsel ineffectively failed to challenge this

element of the offense, and that the Government failed to prove it. In support he

states the following.

1.    During oral argument on April 20, 2010, the Court denied an evidentiary

hearing on the jurisdiction claim raised in the Section 2255 Motion (Claim III).

Eventually, the Court permitted limited discovery in the form of an deposition of their

expert, Jan Leestma, M.D.  Due to difficulty in securing the autopsy slides, which were an essential component of Dr. Leestma's opinion, and at the Court's insistence on April 20, 2010 that Petitioner's expert review them, the deposition did not occur until January 10, 2011.  The Court then granted the Government's motion to permit the testimony of Dr. Elizabeth Rouse, which this Court heard by telephone on January 13, 2011.

2.    The deposition and testimony of Leestma and Rouse raise additional questions about this Court's lack of jurisdiction.  Dr. Rouse testified that her opinion that the fatal blows were struck on the Corpus Christi Naval Air Station was based on anecdotal information developed during the investigation.  Yet, when she was questioned at the hearing, she was understandably unable to recall precisely what she relied upon.  See e.g. Tr. 1/13/11, 43.  Additionally, without access to photos both admitted at trial and those seized from Petitioner following his arrest but which were not admitted at trial, current counsel could not properly cross examine Dr. Rouse.  Even if counsel had such photos available, her testimony by phone precluded use of them.

3.    Had the Court permitted full evidentiary development, as it permitted on April 20, 2010 for all other claims in the Section 2255 motion, Petitioner could have conducted orderly discovery and examination of this witness.  However, due to the

truncated nature of the hearing on this issue, counsel believe that the interest of justice requires further proceedings on this question. Counsel propose that the Court permit the defense to review all photos in the Government's possession that were retrieved from Mr. Bourgeois or his family, which depict the condition of the victim from when she entered Mr. Bourgeois custody until her death. These photos should then be provided to each side's experts so that they can further respond on this question. Once that has been done, the Court should schedule one additional hearing day at which Dr. Leestma and Dr. Rouse can testify.

4.      Additionally, Mr. Gilmore should be required to provide evidence on his ineffective failure to challenge jurisdiction. Counsel were not able to ask him about this as the Court denied a hearing on this claim. And, when the Government had an opportunity to propound interrogatories to Mr. Tinker, they failed to ask about this issue. See Exhibit P – 82 (Government's Interrogatories to Mr. Tinker); see also Exhibit P – 83 (Mr. Gilmore's Response Affidavit, also containing no mention of the jurisdictional issue).

5.      Counsel are filing this motion contemporaneously with a memorandum addressing, *inter alia*, the jurisdiction claim based on the existing record. They hereby incorporate that memorandum as if fully set forth herein.

Respectfully Submitted

/s/ Michael Wiseman

Michael Wiseman
Federal Community Defender
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Counsel for Petitioner,
Alfred Bourgeois

Dated:        February 1, 2011
              Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that on February 1, 2011 he served the foregoing on Government's counsel by electronic case filing:

Tony Roberts, Esq.
Patti H. Booth, Esq.
Mark Dowd, Esq.
Elsa Patterson-Salinas

/s/ Michael Wiseman

Michael Wiseman