

**U.S. Department of Justice**
Federal Bureau of Prisons
*Federal Correctional Complex*

---

Office of the Complex Warden

*4700 Bureau Road South*
*Terre Haute, Indiana 47802*

July 31, 2018

Hon. Janis Graham Jack, Senior Judge
United States District Court
Southern District of Texas
Corpus Christi Division
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401

United States Courts
Southern District of Texas
FILED

AUG 2 8 2018

David J. Bradley, Clerk of Court

RE:    Alfred Bourgeois, Federal Register Number 98911-079

Dear Judge Jack,

As I am sure you are aware, staff from the Federal Correctional Complex located in Terre Haute, Indiana (FCC Terre Haute) have spoken with Linda Smith in your office on several occasions through the years. Ms. Smith suggested we write to you with our concerns regarding inmate Alfred Bourgeois, who is currently housed in the Special Confinement Unit (SCU) at FCC Terre Haute.

I am aware of your Order of January 8, 2003 and the subsequent Order entered October 24, 2003, both of which restrict inmate Bourgeois' contact to phone and mail with his attorney only. A member of the SCU unit team has contacted your office in regular intervals since Mr. Bourgeois' arrival to confirm that our adherence to those orders remained proper. However, Mr. Bourgeois has new attorneys who have asked us to review our observance of those pretrial orders regarding Mr. Bourgeois' ability to have contact with individuals other than his attorneys in light of Seventh Circuit law. Mr. Bourgeois' attorneys have made it clear that they intend to file a lawsuit against me based on our continued enforcement. They directed us to current Seventh Circuit caselaw[1] which will leave me, and possibly other staff members at FCC Terre Haute, vulnerable to such a legal challenge.

I have conferred with my attorneys and the Regional Counsel. Based upon those discussions, we propose that the best way to enforce the intent of your orders is to place Mr. Bourgeois on restricted general correspondence. By policy, the Warden of an institution is able to place an inmate on restricted general correspondence which will limit who he can write to and allows us to review his correspondence before it is mailed out of the institution. We believe placing Mr. Bourgeois on restricted general correspondence, in lieu of the current orders, will allow us to maintain better management of this inmate under our policies and regulations while still honoring the

---

[1] Please see, *United States v. Sotelo*, 94 F.3d 1037, 1041 (7th Cir. 1996).

intent of your Orders.  *See* 28 C.F.R. § 540.15, and BOP Program Statement 5265.14, *Correspondence*, available at www.bop.gov.

I have been advised that continued adherence to your pretrial Orders will likely leave me, and possibly other staff, vulnerable to a finding of individual liability.  We would appreciate a modification or clarification of your Orders to allow me to manage inmate Bourgeois under the manner allowed by BOP policy.  I look forward to your response.

Sincerely,

J. E. Krueger, Complex Warden
FCC Terre Haute

cc:    Richard Winter, Regional Counsel, North Central Regional Office
       Katherine Siereveld, Senior Attorney, FCC Terre Haute