IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA                2:02-cr-00216-1

VS.                                     March 18, 2010
                                        Corpus Christi, Texas
                                        4:31 p.m.
ALFRED NMI BOURGEOIS
        Defendant


TELEPHONE CONFERENCE

BEFORE THE HONORABLE JANIS GRAHAM JACK

UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the United States          Patricia Hubert Booth, AUSA
                               Elsa Salinas, AUSA
                               Office of the U. S. Attorney
                               800 N. Shoreline Boulevard
                               Suite 500
                               Corpus Christi, Texas 78401

                               Tony R. Roberts, AUSA
                               Office of the U. S. Attorney
                               1000 Louisiana
                               Suite 2300
                               Houston, Texas 77002

For the Defendant             Michael Wiseman, AFPD
                              Office of the Federal Public
                                 Defender
                              601 Walnut Street
                              The Curtis Center
                              Suite 545
                              Philadelphia, Pennsylvania
                                 19106

Proceedings from official electronic sound recording;
transcript produced by court approved transcriber.

DIGITAL SCROLL TRANSCRIPTION                      281.382.9862

Capital Law Clerk                Chris Cutler

Court Clerk                      Sandra Scotch

Electronic Recording Operator    Velma Gano
                                 U. S. District Clerk's
                                   Office
                                 1133 N. Shoreline Blvd.
                                 Suite 208
                                 Corpus Christi, Texas 78401

COURT CLERK:  The Court calls Criminal Action C-02-216, United States of America versus Alfred Bourgeois.

May I have appearances, please?

MS. BOOTH:  Patti Hubert Booth for the United States.

MS. SALINAS:  Elsa Salinas for the United States.

MR. ROBERTS:  Tony Roberts for the United States.

MR. WISEMAN:  Michael Wiseman for Mr. Bourgeois.

THE COURT:  Okay.  You all want to set a date to orally argue what will be heard in the evidentiary hearing; is that right?

MR. WISEMAN:  That would be, yes, I believe we're ready to do that, Your Honor.

It's Michael Wiseman.

MR. ROBERTS:  Yes. Your Honor.

Tony Roberts.

THE COURT:  How much time do you think you're going to need?

MR. WISEMAN:  From Michael Wiseman, who thinks we probably would need maybe three hours.

THE COURT:  Okay.

MR. WISEMAN:  Give or take.  Half a day.

THE COURT:  Ms. Scotch?

When – are you all prepared to do it now?

MR. WISEMAN:  You mean right now?

THE COURT:  No, I meant – do you need more time to

prepare, or can I just set it anywhere we can fit you in in the next month or so?

MR. WISEMAN:  Yeah.  I mean I just have scheduling issues.  I would prefer if we could set it for April 19th or later.

THE COURT:  I can't believe that.  Ms. Scotch just handed me April 19th, at 1:30.

MR. WISEMAN:  April 19th, at 1:30.

THE COURT:  Mr. Roberts?

MR. ROBERTS:  I think that would be fine, Your Honor.
     Tony Roberts.

THE COURT:  Ms. Salinas?

MS. SALINAS:  Yes, Your Honor, that would be fine.

THE COURT:  Ms. Booth?

MS. BOOTH:  Oh, I – any other day but that, but if I'm the only one on that date.

THE COURT:  Is that that day that –

MS. BOOTH:  We – I was going to take – I had an appointment, I think, with the Governor to take my Thomas Moore group up to Austin on that date, but I can – I can change it.

THE COURT:  Well, I don't want you to change your appointment with the Governor and the kids.

MS. BOOTH:  Well, it hasn't been confirmed yet, but that was the date that – that we were given, so – but I will

change it, Judge.

THE COURT:  When will you be back?

MS. BOOTH:  It's so much important than anything else.  It's just that date pulled out of the air was the only one, you know, that was going to cause a problem.

THE COURT:  Well, how about April 23rd?

MR. WISEMAN:  The 23rd works better for me than the 19th.

THE COURT:  Is this Mr. Wiseman?

MR. WISEMAN:  Yeah, that's right.

THE COURT:  Mr. Roberts?

MR. ROBERTS:  Your Honor, Tony Roberts.

That week is the last week of – I believe that's the week that I am going to be out of town – out of the State, in fact.

MS. BOOTH:  Uh-oh.

We cannot do it without Mr. Roberts.

THE COURT:  It's – it's the Friday.  She – Ms. Scotch thought you were going to be out – is that the 26th or the 30th?

Did you say you were going to be out the last week of April?

MR. ROBERTS:  I believe it's the – Your Honor, unfortunately, I'm not in front of my calendar right now, so – but I know that the second and third week of April are clear

6

for me.  The last week of April is out.

THE COURT:  Well, this is not – that's – I guess you must have told Ms. Scotch that, because this is the third week of April; it's a Friday.

MR. ROBERTS:  And it's the 23rd, Your Honor?

THE COURT:  Yes, sir.

MS. SALINAS:  It's a Friday.

THE COURT:  Ms. Salinas?

MR. ROBERTS:  For some reas- -- for some reason that just –

THE COURT:  Can't – where are you?

MR. ROBERTS:  Your Honor, I'm halfway between Corpus Christi and Houston.

THE COURT:  Are you – are you driving?

MR. ROBERTS:  Yes, Your Honor.

THE COURT:  Well, you know what?  Why don't we just – you hang up; you call your office, and then, you call back and we'll just all wait.

MR. ROBERTS:  Okay, Your Honor.  I'll do that right now.

THE COURT:  Okay.

MR. ROBERTS:  Thank you.

(Pause in the proceedings.)

THE COURT:  You know what?

While he's gone, we can at least take up the –

do we still have a motion pending – Ms. Scotch just handed it to me – Government's corrected unopposed Motion to Compel the Bureau of Prison to forward Bourgeois' challenged correspondence to the Defense counsel and for Defense counsel to provide a copy of the subject correspondence to the Government – it's an agreed – is that still pending?

MR. WISEMAN:  Yes, it is, Your Honor.

THE COURT:  Isn't it –

MR. WISEMAN:  That was filed about ten days ago or so, and as indicated, the Petitioner has no objection, so the Court ordered that we'll review the materials when we get them.

THE COURT:  Okay.

MR. WISEMAN:  It'll be on the 8th.

THE COURT:  Okay.  Then, I just signed that.

Is that all right, Ms. Booth, Ms. Salinas?  That was ya'lls' motion, I think.

MS. BOOTH:  Yes, ma'am.

MS. SALINAS:  Yes, ma'am.

MS. BOOTH:  It certainly is.

THE COURT:  Okay.

Now, I guess now we just wait for Mr. Roberts to come back.

Can I – can I –

MS. BOOTH:  If there's a problem with that and the

19th is the only date, then the 19th will be fine.

THE COURT:  Let me ask you two about –

Mr. Wiseman?

MR. WISEMAN:  Yes.

THE COURT:  Is your client going to need to be here when we set this for oral argument?

MR. WISEMAN:  Uh- --

THE COURT:  Or can we –

MR. WISEMAN:  You know, I – I think that's in the Court's discretion.  I'm not sure what Mr. Bourgeois' preference would be.

THE COURT:  I would prefer for him to be here at the evidentiary hearing and not at –

MR. WISEMAN:  Yes.  Yeah, I prefer – the evidentiary hearing I will agree.  Perhaps we can do one of those video hookups the whole week and just listen in, since it's a long – and oral argument.

THE COURT:  We can do – we can do an audio.

MR. WISEMAN:  That's I mean – yeah, something like that.  Yeah.

THE COURT:  Because he can call the in-calling on the "Meet Me" line.

MR. WISEMAN:  Right.

(Pause in the proceedings.)

THE COURT:  Can you, Mr. Wiseman, give him the "Meet

Me" line number when we set this up and tell him to call in at that time?

MR. WISEMAN:  Well, yeah.  Obviously, I've got to go through the prison, but yeah, we can – we can do that.

It – before Your Honor makes a final decision on that, if I could just have a chance to communicate with him because he may have a strong preference, in which case I would –

THE COURT:  Well, I appreciate that, but it is a civil case.

MR. WISEMAN:  No, I understand.  I understand.

THE COURT:  And it's a huge to do for the Marshals to do this.  I don't even –

MR. WISEMAN:  Yeah.  It's –

THE COURT:  -- know what they went through the last time.

They had to have – they had to keep him in the courthouse, 24/7 guards from all around the country, because they don't have enough manpower.

MR. WISEMAN:  Yeah, yeah, yeah.

THE COURT:  And he has to fly down by the prison jets or whatever, Marshal's jets or something.  And I – and if there's any way we can – I don't see why you would need to do that at oral arguments.

MR. WISEMAN:  Your Honor, I – I tend to agree.

THE COURT:  And I need – how much heads up to give a hearing date, Marshals?  How much time do you all want?

DEPUTY MARSHAL COLLINS:  Judge, I don't have that answer.  I believe they said two months, but I don't know how to answer that.

THE COURT:  Okay.

We want – after we have the oral arguments and decide what I'm going to hear at the evidentiary hearing, we like, at least two and half three months heads up.

MR. WISEMAN:  Yeah, that certainly works.  We'll need that much time so we'll get all our stuff lined up as well.

THE COURT:  Okay.  Get your bags packed and all?

MR. WISEMAN:  Right.  I have to pack to prepare my delivery.

MR. ROBERTS:  Your Honor, this is Tony Roberts; come back.

THE COURT:  Yes, sir.

MR. ROBERTS:  Yes, Your Honor, the – the 23rd is the date that I have to be in a training session for the military. So, I was thinking that – I knew it was – it started towards the end of the month, but I had – for some reason I thought the 23rd was going to be a Monday, but it's actually a Friday. I have to be present that morning in Alabama.

THE COURT:  Okay.  Do – when do you leave then?  The 22nd?

MR. ROBERTS:  I'm sorry, Your Honor?

THE COURT:  Do you leave on the 22nd then?

MR. ROBERTS:  Yes, Your Honor, but at nighttime, so I could be – I could be present in Corpus for a hearing on the 22nd.

THE COURT:  Ms. Scotch, what about – what's – something must be going on on the 22nd.

(Pause in the proceedings.)

THE COURT:  Why don't we work around that and see if we can set it for the morning of the 22nd?

COURT CLERK:  Sure.

THE COURT:  Or the morning of the 20th; I mean, you have jury selection in the afternoon.

(Discussion had between Court and Clerk.)

THE COURT:  20th in the afternoon.

How about April 20th, in the afternoon starting at one?

MR. WISEMAN:  That works for Michael.

MS. BOOTH:  Perfect.

MR. ROBERTS:  Judge, for Tony Roberts.

MS. SALINAS:  And for Elsa Salinas.

THE COURT:  Well, this is just too great.

And, Mr. Roberts, while you were gone, I went ahead and signed the order – of the unopposed order to compel the Bureau of Prisons to provide some documents to

Petitioner's attorney to review it and forward it to you all.

MR. ROBERTS:  Yes, Your Honor.

THE COURT:  And we kind of hashed out whether or not Mr. Bourgeois needs to be here for the evidentiary hearing, and because the Marshals need so much heads up to get him here, I don't think that it's necessary that he be here.  He can appear by the "Meet Me" line.  And, of course, he'll want to be here at the evidentiary hearing.

MR. ROBERTS:  Yes, Your Honor.  And I'll – I'll speak with Ms. Scotch about getting that number to the hear- --

THE COURT:  Would you all like – would you all like to – this is the number that you just called.

MR. WISEMAN:  The number I just called?

THE COURT:  Yes.

MR. WISEMAN:  Uh- --

THE COURT:  To get here.

MR. WISEMAN:  I think that's – Mike Wiseman – okay.

THE COURT:  You know what?  Why don't we – since we're all here, why don't pick a date for the evidentiary hearing?

MR. WISEMAN:  Okay.

THE COURT:  And that'll give them all the heads up they need.

MR. ROBERTS:  Your Honor, I thought we were looking at – I've been – I've been under the – this is Tony Roberts,

Your Honor.  I've been under the impression we were looking at June or July for the evidentiary hearing.  It's not –

THE COURT:  Yeah, let's – let's talk about July then.

MR. WISEMAN:  Well, Your Honor, before we start down that road, I have got a – a trip of a life time planned for the last couple of weeks of June and most of July, so I'm going to be out of commission at that point.  And –

THE COURT:  Well, you just have to come back in the middle of it.

MR. WISEMAN:  I don't want to come back to the evidentiary hearing.

THE COURT:  Where – where are you going?

MR. WISEMAN:  My wife is a law professor, and she's going to be teaching in Lausanne, Switzerland.

THE COURT:  Oh, how wonderful.

MR. WISEMAN:  And I will tag along.

THE COURT:  Well, don't you think we ought to have this there?

MR. WISEMAN:  What's that?

THE COURT:  We can have the evidentiary hearing in Lausanne.

MR. WISEMAN:  Oh, that would be great.

MS. BOOTH:  I second that.

MR. ROBERTS:  That's for sure.

MR. WISEMAN:  I expect it will be a little cooler

than –

THE COURT:  But there may be a problem with Mr. Bourgeois getting to Switzerland.

MR. WISEMAN:  I could ask the Court if we could maybe shoot for after Labor Day.  I'm pretty wide open at this point, if –

THE COURT:  September's good for me.  Usually if I do things in the middle of the month like this, I can kind of clear out the criminal docket and the civil docket at the beginning of the month.

MR. WISEMAN:  Okay.

Oh, we haven't really talked about how long it would take and maybe that would depend in part on –

THE COURT:  Well, I'm just going to say that –

MR. WISEMAN:  -- what Your Honor wants to hear, and my suggestion would be maybe block out three –

THE COURT:  I thought maybe two days, and then. we can subtract from that?

MR. WISEMAN:  Two days?

THE COURT:  Yes.

MS. BOOTH:  That's good.

MR. WISEMAN:  Yeah.  I –

MS. BOOTH:  That's a little on the high side for me.

THE COURT:  Well, I thought –

MR. WISEMAN:  Two days or two weeks?

MS. BOOTH:  Two days.

THE COURT:  Well, I thought that he wanted to bring in experts, and you know, I don't think it will take two days either, but I – but I know that he was talking about various and sundry experts.

Isn't that right, Mr. Wiseman?

MR. WISEMAN:  Your Honor, I – I hate to sound like the predictable Defense lawyer, but this is going to take a lot more than two days.  I've got my –

THE COURT:  A lot more?

MR. WISEMAN:  -- post conviction hearings, and, you know, we want –

THE COURT:  Tell me.  Did you say a lot more?

MR. WISEMAN:  I'm sorry?

THE COURT:  Did you say more?

MR. WISEMAN:  Considerably more.  I would think at least a week, if not more than that even.  But I would think a week is – you know, if I'm wrong, I might be wrong by a day.

THE COURT:  Well, let me tell the situation.

The trial took about two and a half weeks.

MR. WISEMAN:  Right.

THE COURT:  I'm not giving you a week to rehash it.

MR. WISEMAN:  Okay.

Yeah, Your Honor.  What I would suggest then is maybe it would make sense to hold off on the length of the

hearing until after we see what Your Honor wants to hear exactly.

THE COURT:  No, I know.  I really want to set up – I can give you four days.  I can give you four days in the middle of the month, but no more than that.

MR. WISEMAN:  Okay.  Well, why don't we say that then.

Can we say that with a good faith – put it by law that if it legitimately looks like either side might need more time then that might be available, because – yeah, I'm assuming the Government is going to want to put on some rebuttal.

THE COURT:  Four days, Mr. Wiseman – two and a half for you –

MR. WISEMAN:  I'm sorry?

THE COURT:  Four days, that's it.

MR. WISEMAN:  Okay, four days.

THE COURT:  I'll give a day and a half to the Government and the rest for you.

MR. WISEMAN:  Okay.

THE COURT:  September 20th is a Monday.

MR. ROBERTS:  I'm sorry, Your Honor.  You said, "September"?

THE COURT:  September the 20th.

MR. WISEMAN:  So just the 20th through the 23Rd ,then?

That's fine by us.

MR. ROBERTS:  And I'm sorry, Your Honor.  It's September, correct?

THE COURT:  September of this very year.

MR. ROBERTS:  Okay.  Thank you, Your Honor.

I don't think I have anything, Judge, and further, we can do that as well.

THE COURT:  You know, I've got the – our Capital Law Clerk on the phone, too, and I really want to ask him if he is available these two dates.

Mr. Cutler?

Mr. Cutler, are you there?

MR. CUTLER:  Yes.

THE COURT:  Does that work into your calendar also?

MR. CUTLER:  Yeah, that will work fine.

THE COURT:  Both those – the September date and the April date?

MR. CUTLER:  Yeah, they'll both – both work for me.

THE COURT:  Okay.  I just want to make sure.  I didn't forget about you.

MR. CUTLER:  Oh, thanks, Judge.

MR. ROBERTS:  Your Honor, it just occurred to me. Our office has a year's evaluation.  I'm not – I'm not – I don't know if you've heard – they're all – I know you have, but they always come and ask judges.  We have a year's

evaluation for September.  I'm not –

THE COURT:  Who is this?

MR. ROBERTS:  I'm not sure –

THE COURT:  Who's talking?

MR. ROBERTS:  I'm actually the point of contact for –

THE COURT:  Who's talking?

MR. ROBERTS:  I don't even remember when it is.

THE COURT:  Okay.  Do you remember who you are?

Who's talking?

MR. ROBERTS:  Sorry?

THE COURT:  Who's talking?

MR. ROBERTS:  Sorry.  Sorry.  This is Tony Roberts.

THE COURT:  Oh, okay.

Well, you're not going to be there.

MR. ROBERTS:  Your Honor, we have this – this evaluation in Washington, D.C., Judge, an evaluation every three years, and it's set for September and I don't remember when.  I think it's before the 20th, but I –

THE COURT:  Well, let's hope it is for your sake, because you're going to be here.  This has been –

MR. ROBERTS:  Very well, Your Honor.

THE COURT:  This just needs to get done.

MR. ROBERTS:  Yes, Judge, that's –

THE COURT:  And that will be part of your evaluation that you're right on the spot where you're supposed to be.

MR. ROBERTS:  I'll type a note to our new interim U. S. Attorney, Your Honor.

THE COURT:  Anything else pending?

MR. WISEMAN:  Not from the Petitioner.

I think we're still owed a discovery – as I said, we're still owed a discovery response and possibly some documents, but other than that, I don't think there's anything outstanding.

THE COURT:  You mean the ones that I – what are you owed?  What's outstanding?

MR. WISEMAN:  I don't believe the Government ever entered – correct me if I'm wrong, Mr. Roberts – I don't think the Government ever filed an answer to our discovery motions. There was some indications that they're looking at stuff and they thought we had everything, but I don't know that we ever had –

THE COURT:  I thought we were – I thought we did all your discovery except some things that I – that I determined – no, that was the other way around.

MR. WISEMAN:  That was –

THE COURT:  That was the other way around.

MR. WISEMAN:  That was from Petitioner.

THE COURT:  That was the other way around.

MR. WISEMAN:  Yeah, the Petitioner.

MR. ROBERTS:  We did – Mr. Wiseman, we – we did

actually file a Response.  It was a cumulative Response to the evidentiary hearing and discovery.

MR. WISEMAN:  Oh, okay.

MR. ROBERTS:  I'll tell you – you know, I'll get together – why don't you and I plan to get together and, you know, we'll make sure you get all the things you don't think you still have.

MR. WISEMAN:  Okay.  That sounds fine.

Then, there's nothing else from Petitioner's perspective.

THE COURT:  Okay.  Now, I really need to hear from you all if you've got any discovery issues at all, because that needs to be worked out before we have this oral argument.

MR. WISEMAN:  Yes, ma'am.

MR. ROBERTS:  Yes, Your Honor.

THE COURT:  Anything else?

MR. WISEMAN:  Not from Mr. Bourgeois.

MR. ROBERTS:  Not from the Government, Your Honor.

MS. SALINAS:  No.

THE COURT:  All right.  Thank you all very much.

MR. WISEMAN:  Okay.

THE COURT:  I'll see you in April.

MR. WISEMAN:  Thank you, Your Honor.

MR. ROBERTS:  Thank you.

MS. SALINAS:  Thank you.

Bye-bye.

MR. ROBERTS:  Bye.

DIGITAL SCROLL TRANSCRIPTION                                  281.382.9862

22

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION


    I, Linda Griffin, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


/s/ Linda Griffin                          January 27, 2020
Linda Griffin                                      Date

DIGITAL SCROLL TRANSCRIPTION                          281.382.9862