1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA                    2:02-cr-00216-1

VS.                                         April 9, 2010
                                            Corpus Christi, Texas
                                            8:32 a.m.
ALFRED NMI BOURGEOIS
        Defendant


TELEPHONE CONFERENCE

BEFORE THE HONORABLE JANIS GRAHAM JACK

UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the United States           Patricia Hubert Booth, AUSA
                                Office of the U. S. Attorney
                                800 N. Shoreline Boulevard
                                Suite 500
                                Corpus Christi, Texas 78401

For the Defendant               Michael Wiseman, AFPD
                                Office of the Federal Public
                                    Defender
                                601 Walnut Street
                                The Curtis Center
                                Suite 545
                                Philadelphia, Pennsylvania
                                    19106

Court Clerk                     Sondra Scotch

Electronic Recording Operator   Velma Gano
                                U. S. District Clerk's
                                    Office
                                1133 N. Shoreline Blvd.
                                Suite 208
                                Corpus Christi, Texas 78401

Proceedings from official electronic sound recording;
transcript produced by court approved transcriber.

DIGITAL SCROLL TRANSCRIPTION                        281.382.9862

COURT CLERK:  The Court calls Criminal Action C-02-216 –

THE COURT:  Ms. Scotch?

COURT CLERK:  Yes -- yes, Your Honor.

MS. BOOTH:  Good morning.  This is Patti Booth.

THE COURT:  Ms. Booth, are you and I the "it"?

MR. WISEMAN:  I'm here as well, Your Honor.

It's Michael Wiseman.

MS. BOOTH:  She was here, but –

THE COURT:  I think we missed Sondra, because there –

COURT CLERK:  Here I am.

Can you hear me?

THE COURT:  I think she's still on hold there.

MS. BOOTH:  Maybe so.

COURT CLERK:  Oh.

MS. BOOTH:  You want me to call her on another line?

THE COURT:  Why don't you do that and see what's happened?

MS. BOOTH:  Okay.  Okay.

THE COURT:  Because we have to get the AT&T operator back to call her.

MS. BOOTH:  Yes, sir – yes, ma'am.

Just a minute.  Let me find my –

COURT CLERK:  Can you hear me?

Hello.

MS. BOOTH:  Hold on just one second.

COURT CLERK:  Judge?

Judge, can you hear me?

THE COURT:  How are you, Mr. Wiseman?

MR. WISEMAN:  I'm fine, Your Honor.

Thank you.

COURT CLERK:  They can't hear me.

THE COURT:  Good.

MR. WISEMAN:  These – these calls always seem to present technical difficulties.

THE COURT:  They usually go through pretty well really.

MR. WISEMAN:  Oh, do they?  Yeah?

THE COURT:  At least everybody else has the screwups before I get on the phone.

MR. WISEMAN:  Well, I remember the last time we tried we were – they had the time difference for all –

(Pause in the proceedings.)

MS. BOOTH:  She says that we are recording and that she can hear you fine.

THE COURT:  Oh, okay.  Well, then, we should continue on.

Mr. Wiseman, I think you wanted this conference?

MS. BOOTH:  She says continue on.

MR. WISEMAN:  Yes, Your Honor.  We had filed a motion

4

styled Petitioner's Motion to Complete Record and Consolidate Brief in Support, and I believe Your Honor set this time, presumably, for the parties to state their positions.  I can start if you like, or if you want to hear from Ms. Booth.

THE COURT:  Presumably for the time to do what?

MR. WISEMAN:  For the parties to state their positions are going to be –

THE COURT:  Oh, I'm sorry.  I thought you said, depositions.

MR. WISEMAN:  Oh, no, no.  I'm sorry.

THE COURT:  Oh, wait a minute.

MR. WISEMAN:  Positions.

THE COURT:  I thought you wanted the rest of the autopsy pictures from Jacarem.

MR. WISEMAN:  Yes, that's right, as well as some taped statements.

THE COURT:  And play the CPS records.  I think I signed an order for the CPS records.

MR. WISEMAN:  You did, and we are going to be down later this week to inspect them.

THE COURT:  Right.

MR. WISEMAN:  Pursuant to your order.

THE COURT:  Did you have any objection, Ms. Booth, to that sentence?

MS. BOOTH:  Well, Judge, the problem that I have is

that I waited Thursday to get this motion, and I never got it. It didn't come in until late. I got it this morning. I was on religious leave on Friday.

THE COURT: Okay.

MS. BOOTH: I have – I found some things that are untrue in the motion, and that's the problem I have with it.

THE COURT: Ms. Booth, you all have always given all discovery on earth, so I knew that there was – I just thought I would set it for a hearing.

MS. BOOTH: Right.

THE COURT: And he couldn't have had any objections to the CPS records because we all looked at them together.

MS. BOOTH: Exactly.

THE COURT: I didn't look at them, but you all looked at them in my Chambers together.

MS. BOOTH: Certainly.

THE COURT: And I – and I think it's fair that they see those.

The problem that I have they say that I wouldn't give them discovery. Now, that's not true. I asked them to follow – in – our appellate people, Mr. Turner and Mr. Roberts asked that they follow the rules, that they file the appropriate motions so that we can check off everything as we – as we do this.

Now, I look at the motion, and there's some

misrepresentations in it, and I just want to clear it up.

THE COURT:  That's fine.

MS. BOOTH:  They say that we did not – that the current counsel cannot assess the trial, counsel's failure to secure the discovery.  In fact, if it – their failure to secure discovery, in fact, caused prejudice.

Well, we gave them every single thing that they're asking for, has already been given to counsel.

THE COURT:  Right.

MS. BOOTH:  Total records.

THE COURT:  I know that, and I realize that.  And that's why I set the hearing so you can say that.

But I also realize that what Mr. Wiseman has the obligation to do is the records that Mr. Bourgeois, just like – and we all know this.

MS. BOOTH:  Oh, certainly.

THE COURT:  Just like Mr. Tinker and Mr. Gilmore, as you call him Atticus Finch, Ms. Booth.

MS. BOOTH:  Well, see –

THE COURT:  But – but what – what he's got to do is look at the same material that Mr. Tinker and Mr. Gilmore looked at and see if there was some deficiency in the representations by failing to use Slide A instead of – or letting in Slide B.

MS. BOOTH:  Right.

THE COURT:  That kind of thing.

MS. BOOTH:  And, Judge, I do not have a problem with that.  What I have a problem with is saying that they – that there was a time when the trial counsel did not have those.  They took – we gave them total discovery.

THE COURT:  I know that.

MS. BOOTH:  And the record is real clear about that.

THE COURT:  I know.

MS. BOOTH:  Every single picture, every single thing that was done they had a copy of, and I want the record clear on that.

MR. WISEMAN:  Your Honor, it's just – I don't want Ms. Booth to think we were just bandying about these suggestions.  I mean, we're going by what's in the files that we have obtained.  And I'm not doubting that counsel may have had an opportunity –

THE COURT:  Right.

MR. WISEMAN:  -- to look at this stuff.

THE COURT:  And I just –

MR. WISEMAN:  We're sending it back.

MS. BOOTH:  No, they had copies of it.  They had copies of it.

MR. WISEMAN:  Your Honor, it's not in their file; that's the problem we have.

THE COURT:  Well, that's okay.

MR. WISEMAN:  Yeah.

THE COURT:  And that – and, you know, even if it's not in their file, I can assure you that they had access to every single thing, and though – and if they chose not to copy it, that's one thing.

MS. BOOTH:  Well, we provided copies of everything.

THE COURT:  I think you provided them to me with everything.

MS. BOOTH:  Yes.  Yes, we provided copies.  Either we gave them – some of it was done just in hard photograph form. Some of it was done on CD form.

THE COURT:  Right.

MS. BOOTH:  And – but every single thing we had, they got a copy.

Now, the fact that this has gone through two sets of counsel, and this is the third set –

THE COURT:  Now, that's not anybody's fault but mine, and I appointed these – all of these counsel.

MS. BOOTH:  Well – and – and that's wonderful for the Defense attorney – I mean, for the Defendant, and – but I just want the record clear, because there's a misrepresentation in this – in this motion, and I want that cleared up.

THE COURT:  Okay.

Would you like leave to file your Response on that?

MS. BOOTH:  Yes, ma'am.  I sure would.

THE COURT:  Just in case this actual phone conference is not enough.

MS. BOOTH:  I really would like a little time to respond in writing to this – to this motion.

THE COURT:  I'm going to let you supplement that, but I'm going to go ahead and let them have access because you don't really have any objection to it anyway.

MS. BOOTH:  No, I just have –

THE COURT:  Your objection was to the wording in the motion.

MS. BOOTH:  That is correct.

THE COURT:  Which I, obvious- -- which I actually didn't pay any attention to, because I'm not sure that they – that they would know exactly everything that Mr. Tinker and Mr. Gilmore looked at.  And, you know, they're supposed to be finding any flaws that they possibly can.

MS. BOOTH:  Right.

THE COURT:  And I can't fault them for that.

MS. BOOTH:  No.

MR. WISEMAN:  Your Honor, just, logistically, I appreciate the Court and Ms. Booth accommodating us on this –

THE COURT:  All of this jacking around?

MR. WISEMAN:  We're going to have Mr. Abreu and Mr. McCue (phonetic), who are both from my office, and I

believe Ms. Suter, who's a paralegal, are going to be in Corpus Christi starting tomorrow and Wednesday, and I was just wondering if maybe this material can be available for them on Wednesday.

MS. BOOTH:  I – it can't be available on Wednesday, Judge, because – and like I told them last week, I am taking my daughter to college on Wednesday.

MR. WISEMAN:  Oh.

MS. BOOTH:  And that day I won't be here.

MR. WISEMAN:  Okay.  That's – that's good news.  See you.

THE COURT:  Congratulations on the good news.

MS. BOOTH:  Well, thank you.

THE COURT:  Would you mind, since they're going to be here, I think they're going to look through the CPS records.

MR. WISEMAN:  That's right.  And the autopsy photos that were part of the trial record as well.

THE COURT:  Right.

Would you mind just filing before you leave then that CD under seal?

MS. BOOTH:  Judge, now what they're asking for –

THE COURT:  Who are they asking for?

MS. BOOTH:  They're ask- -- it's a huge amount of – and, see, we need to go back through that.  That's why, Judge, I would like an opportunity to respond.

THE COURT: You need to look at it first. That's a fact.

MS. BOOTH: I need to look at it. I just got the motion this morning, and I waited on Thursday to get a copy of it, and –

MR. WISEMAN: Your Honor, this is all fine. We can – we can make another trip. I just thought if we were there –

THE COURT: I know that, but I think – I think –

MR. WISEMAN: Yeah.

THE COURT: -- that Ms. Booth is certainly allowed to look through and make sure –

MR. WISEMAN: Absolutely.

THE COURT: -- she's got it all there.

MR. WISEMAN: Absolutely.

MS. BOOTH: Right.

THE COURT: So, there's no slip up of any kind.

And you all can make another trip down and look at it. I know you're coming up to your deadline of filing your writ.

MR. WISEMAN: Yes, that's – that is the problem.

THE COURT: And – yeah. And I want to make sure that you have access to all that before your deadline.

MR. WISEMAN: Yes, indeed.

THE COURT: And I'm – I'm going to go ahead and grant your motion, not for the reasons that you set out, but –

MR. WISEMAN:  Okay.

THE COURT:  -- because you need to have access to all these documents to evaluate.  I assume the big issue is ineffective assistance of counsel.

MR. WISEMAN:  Yes, indeed.

So, we will be in touch with Ms. Booth about a convenient time for us –

THE COURT:  Fine.

MR. WISEMAN:  -- to review the materials.  And –

THE COURT:  So, you all know how I stand in letting – in giving them access, and I know –

MS. BOOTH:  Oh, sure.

THE COURT:  -- she wouldn't object to it anyway.  She just needs to be able to make sure it's all there.

MR. WISEMAN:  Yeah.  Yeah, I understand.

MS. BOOTH:  Well, actually, this is the fourth set of – Jose Gonzalez Valle had a set.  Then we gave a set to John Gilmore and Mr. Tinker, and then the Appeals people had it, and then, this is the fourth set.

THE COURT:  Just out of curiosity, have you asked for it from Mr. Gonzalez Valle and the appellate lawyers?

MR. WISEMAN:  Yeah, we – we have gotten everybody's prior files, and that's –

THE COURT:  Are they different at all?

MR. WISEMAN:  Yeah, it's not there.  I mean,

obviously, we would prefer to do it that way –

THE COURT:  Okay.

MR. WISEMAN:  -- to file a motion.

THE COURT:  Okay.

MR. WISEMAN:  And that's the first thing we do is we look and see what we got in the – in the prior files.

THE COURT:  Okay.

MR. WISEMAN:  There was one other matter which I – I hope will not be controversial.

We were in touch with the Marshal Service in your court –

THE COURT:  Right.

MR. WISEMAN:  -- a Mr. Trevizo.

THE COURT:  Yes, he's our Deputy U. S. Marshal.

MR. WISEMAN:  Yes.

And we had asked him for – well, he actually called us – like, the call at the prisoner tracking system –

THE COURT:  Okay.

MR. WISEMAN:  -- which contains transportation, medical and housing information, which he says is routinely provided, although – since he doesn't really know who we are, he would require a Court order.

Could we, if Ms. Booth has no objection, file a proposed order –

THE COURT:  Yes.

MR. WISEMAN:  -- and a brief motion for that?

THE COURT:  Sure.

MR. WISEMAN:  Okay.

Ms. Booth, do you have any objection that you can see?

MS. BOOTH:  No.

MR. WISEMAN:  No?  Okay.  Well, good.

MS. BOOTH:  I don't.

MR. WISEMAN:  Okay.  We'll get that –

THE COURT:  I don't know if you don't what efforts the Marshal went to for Mr. Bourgeois to make sure he was – because he was not housed around locally.

MR. WISEMAN:  Yes, I know that.

THE COURT:  He wanted to make sure that his counsel were able to reach him at all times –

MR. WISEMAN:  Yes.

THE COURT:  -- prior to trial.

MR. WISEMAN:  Yes.

THE COURT:  So, they moved him to the courthouse, and he had fantastic food that was provided.  And he had 24-hour Marshals there.  So, the lawyers were always accessible.  And I had asked them to do it sometime before the trial.

MR. WISEMAN:  Do you provide such food to out of town counsel as well?

THE COURT:  I'm afraid you may come up short on that.

MR. WISEMAN:  Okay.  Well, I thought I'd ask.

Okay.  Well, we'll get that motion e-filed this morning, and again, we appreciate both the Court and Ms. Booth's consideration.

THE COURT:  And, Ms. Booth, as soon as you get that e-filed – because I keep up pretty carefully about several times a day checking the e-filings –

MS. BOOTH:  Uh-huh.

THE COURT:  -- if you have any objection to that, would you let Ms. Scotch know, otherwise, I'll probably just order generate the proposed order.

MS. BOOTH:  Okay.  Yes, ma'am.

MR. WISEMAN:  Okay.  Well, that's all we have, Your Honor.

THE COURT:  Fine.  Thank you –

And, Ms. Booth, where are you taking your daughter?

MS. BOOTH:  Well, Judge, you – I hate to tell you this – she's going up to try out for the dance team so that she can get a full ride up in – at Blinn.

THE COURT:  Oh, that's fantastic.

MS. BOOTH:  It's – there's a national champion dance team.  I mean, every child is different, Judge.

THE COURT:  Well, you – but you've always encouraged all your children.

MS. BOOTH:  That is – I have an artist that, you know, that goes to a different drummer, but – so, we're going up to Blinn, and she's trying out for the dance team on Wednesday.

THE COURT:  Oh, good luck.

MS. BOOTH:  Oh, well, thank you.

Thank you.

MR. WISEMAN:  Yes, likewise.

THE COURT:  Thank you all very much for calling in and working around the schedule and everything.  I appreciate it.

MR. WISEMAN:  Not a problem.

Thank you, Your Honor.

THE COURT:  Thank you all.

MR. WISEMAN:  All right.  Okay.

MS. BOOTH:  Thank you, Your Honor.

THE COURT:  Bye-bye.

MS. BOOTH:  Bye-bye.

(Proceedings concluded at 8:45 a.m.)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

    I, Linda Griffin, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ Linda Griffin                          January 29, 2020
Linda Griffin                                      Date