```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                      CORPUS CHRISTI DIVISION

 4  UNITED STATES OF AMERICA              2:02-cr-00216-1

 5
    VS.                                   April 9, 2007
 6                                        Corpus Christi, Texas
                                          8:32 a.m.
 7  ALFRED NMI BOURGEOIS
          Defendant
 8


 9
                         TELEPHONE CONFERENCE
10
               BEFORE THE HONORABLE JANIS GRAHAM JACK
11
                    UNITED STATES DISTRICT JUDGE
12
    APPEARANCES:
13
    For the United States            Patricia Hubert Booth, AUSA
14                                   Office of the U. S. Attorney
                                     800 N. Shoreline Boulevard
15                                   Suite 500
                                     Corpus Christi, Texas 78401
16
    For the Defendant                Michael Wiseman, AFPD
17                                   Office of the Federal Public
                                        Defender
18                                   601 Walnut Street
                                     The Curtis Center
19                                   Suite 545
                                     Philadelphia, Pennsylvania
20                                       19106

21  Court Clerk                      Sondra Scotch

22  Electronic Recording Operator    Velma Gano
                                     U. S. District Clerk's
23                                      Office
                                     1133 N. Shoreline Blvd.
24                                   Suite 208
                                     Corpus Christi, Texas 78401
25
    Proceedings from official electronic sound recording;
    transcript produced by court approved transcriber.

    DIGITAL SCROLL TRANSCRIPTION                       281.382.9862
```

```
 1            COURT CLERK:  The Court calls Criminal Action
 2   C-02-216 –
 3            THE COURT:  Ms. Scotch?
 4            COURT CLERK:  Yes -- yes, Your Honor.
 5            MS. BOOTH:  Good morning.  This is Patti Booth.
 6            THE COURT:  Ms. Booth, are you and I the "it"?
 7            MR. WISEMAN:  I'm here as well, Your Honor.
 8                It's Michael Wiseman.
 9            MS. BOOTH:  She was here, but –
10            THE COURT:  I think we missed Sondra, because there –
11            COURT CLERK:  Here I am.
12                Can you hear me?
13            THE COURT:  I think she's still on hold there.
14            MS. BOOTH:  Maybe so.
15            COURT CLERK:  Oh.
16            MS. BOOTH:  You want me to call her on another line?
17            THE COURT:  Why don't you do that and see what's
18   happened?
19            MS. BOOTH:  Okay.  Okay.
20            THE COURT:  Because we have to get the AT&T operator
21   back to call her.
22            MS. BOOTH:  Yes, sir – yes, ma'am.
23                Just a minute.  Let me find my –
24            COURT CLERK:  Can you hear me?
25                Hello.
```

1          MS. BOOTH:  Hold on just one second.
2          COURT CLERK:  Judge?
3              Judge, can you hear me?
4          THE COURT:  How are you, Mr. Wiseman?
5          MR. WISEMAN:  I'm fine, Your Honor.
6              Thank you.
7          COURT CLERK:  They can't hear me.
8          THE COURT:  Good.
9          MR. WISEMAN:  These – these calls always seem to
10   present technical difficulties.
11         THE COURT:  They usually go through pretty well
12   really.
13         MR. WISEMAN:  Oh, do they?  Yeah?
14         THE COURT:  At least everybody else has the screwups
15   before I get on the phone.
16         MR. WISEMAN:  Well, I remember the last time we tried
17   we were – they had the time difference for all –
18      (Pause in the proceedings.)
19         MS. BOOTH:  She says that we are recording and that
20   she can hear you fine.
21         THE COURT:  Oh, okay.  Well, then, we should continue
22   on.
23              Mr. Wiseman, I think you wanted this conference?
24         MS. BOOTH:  She says continue on.
25         MR. WISEMAN:  Yes, Your Honor.  We had filed a motion

1   styled Petitioner's Motion to Complete Record and Consolidate
2   Brief in Support, and I believe Your Honor set this time,
3   presumably, for the parties to state their positions.  I can
4   start if you like, or if you want to hear from Ms. Booth.
5            THE COURT:  Presumably for the time to do what?
6            MR. WISEMAN:  For the parties to state their
7   positions are going to be –
8            THE COURT:  Oh, I'm sorry.  I thought you said,
9   depositions.
10           MR. WISEMAN:  Oh, no, no.  I'm sorry.
11           THE COURT:  Oh, wait a minute.
12           MR. WISEMAN:  Positions.
13           THE COURT:  I thought you wanted the rest of the
14  autopsy pictures from Jacarem.
15           MR. WISEMAN:  Yes, that's right, as well as some
16  taped statements.
17           THE COURT:  And play the CPS records.  I think I
18  signed an order for the CPS records.
19           MR. WISEMAN:  You did, and we are going to be down
20  later this week to inspect them.
21           THE COURT:  Right.
22           MR. WISEMAN:  Pursuant to your order.
23           THE COURT:  Did you have any objection, Ms. Booth, to
24  that sentence?
25           MS. BOOTH:  Well, Judge, the problem that I have is

1   that I waited Thursday to get this motion, and I never got it.
2   It didn't come in until late.  I got it this morning.  I was
3   on religious leave on Friday.
4           THE COURT:  Okay.
5           MS. BOOTH:  I have – I found some things that are
6   untrue in the motion, and that's the problem I have with it.
7           THE COURT:  Ms. Booth, you all have always given all
8   discovery on earth, so I knew that there was – I just thought
9   I would set it for a hearing.
10          MS. BOOTH:  Right.
11          THE COURT:  And he couldn't have had any objections
12  to the CPS records because we all looked at them together.
13          MS. BOOTH:  Exactly.
14          THE COURT:  I didn't look at them, but you all looked
15  at them in my Chambers together.
16          MS. BOOTH:  Certainly.
17          THE COURT:  And I – and I think it's fair that they
18  see those.
19              The problem that I have they say that I wouldn't
20  give them discovery.  Now, that's not true.  I asked them to
21  follow – in – our appellate people, Mr. Turner and Mr. Roberts
22  asked that they follow the rules, that they file the
23  appropriate motions so that we can check off everything as
24  we – as we do this.
25              Now, I look at the motion, and there's some

```
 1  misrepresentations in it, and I just want to clear it up.
 2          THE COURT:  That's fine.
 3          MS. BOOTH:  They say that we did not – that the
 4  current counsel cannot assess the trial, counsel's failure to
 5  secure the discovery.  In fact, if it – their failure to
 6  secure discovery, in fact, caused prejudice.
 7              Well, we gave them every single thing that
 8  they're asking for, has already been given to counsel.
 9          THE COURT:  Right.
10          MS. BOOTH:  Total records.
11          THE COURT:  I know that, and I realize that.  And
12  that's why I set the hearing so you can say that.
13              But I also realize that what Mr. Wiseman has the
14  obligation to do is the records that Mr. Bourgeois, just
15  like – and we all know this.
16          MS. BOOTH:  Oh, certainly.
17          THE COURT:  Just like Mr. Tinker and Mr. Gilmore, as
18  you call him Atticus Finch, Ms. Booth.
19          MS. BOOTH:  Well, see –
20          THE COURT:  But – but what – what he's got to do is
21  look at the same material that Mr. Tinker and Mr. Gilmore
22  looked at and see if there was some deficiency in the
23  representations by failing to use Slide A instead of – or
24  letting in Slide B.
25          MS. BOOTH:  Right.
```

```
 1              THE COURT:  That kind of thing.
 2              MS. BOOTH:  And, Judge, I do not have a problem with
 3   that.  What I have a problem with is saying that they – that
 4   there was a time when the trial counsel did not have those.
 5   They took – we gave them total discovery.
 6              THE COURT:  I know that.
 7              MS. BOOTH:  And the record is real clear about that.
 8              THE COURT:  I know.
 9              MS. BOOTH:  Every single picture, every single thing
10   that was done they had a copy of, and I want the record clear
11   on that.
12              MR. WISEMAN:  Your Honor, it's just – I don't want
13   Ms. Booth to think we were just bandying about these
14   suggestions.  I mean, we're going by what's in the files that
15   we have obtained.  And I'm not doubting that counsel may have
16   had an opportunity –
17              THE COURT:  Right.
18              MR. WISEMAN:  -- to look at this stuff.
19              THE COURT:  And I just –
20              MR. WISEMAN:  We're sending it back.
21              MS. BOOTH:  No, they had copies of it.  They had
22   copies of it.
23              MR. WISEMAN:  Your Honor, it's not in their file;
24   that's the problem we have.
25              THE COURT:  Well, that's okay.
```

DIGITAL SCROLL TRANSCRIPTION                                281.382.9862

1        MR. WISEMAN:  Yeah.
2        THE COURT:  And that – and, you know, even if it's
3    not in their file, I can assure you that they had access to
4    every single thing, and though – and if they chose not to copy
5    it, that's one thing.
6        MS. BOOTH:  Well, we provided copies of everything.
7        THE COURT:  I think you provided them to me with
8    everything.
9        MS. BOOTH:  Yes.  Yes, we provided copies.  Either we
10   gave them – some of it was done just in hard photograph form.
11   Some of it was done on CD form.
12       THE COURT:  Right.
13       MS. BOOTH:  And – but every single thing we had, they
14   got a copy.
15          Now, the fact that this has gone through two
16   sets of counsel, and this is the third set –
17       THE COURT:  Now, that's not anybody's fault but mine,
18   and I appointed these – all of these counsel.
19       MS. BOOTH:  Well – and – and that's wonderful for the
20   Defense attorney – I mean, for the Defendant, and – but I just
21   want the record clear, because there's a misrepresentation in
22   this – in this motion, and I want that cleared up.
23       THE COURT:  Okay.
24          Would you like leave to file your Response on
25   that?

DIGITAL SCROLL TRANSCRIPTION                              281.382.9862

```
 1              MS. BOOTH:  Yes, ma'am.  I sure would.
 2              THE COURT:  Just in case this actual phone conference
 3   is not enough.
 4              MS. BOOTH:  I really would like a little time to
 5   respond in writing to this – to this motion.
 6              THE COURT:  I'm going to let you supplement that, but
 7   I'm going to go ahead and let them have access because you
 8   don't really have any objection to it anyway.
 9              MS. BOOTH:  No, I just have –
10              THE COURT:  Your objection was to the wording in the
11   motion.
12              MS. BOOTH:  That is correct.
13              THE COURT:  Which I, obvious- -- which I actually
14   didn't pay any attention to, because I'm not sure that they –
15   that they would know exactly everything that Mr. Tinker and
16   Mr. Gilmore looked at.  And, you know, they're supposed to be
17   finding any flaws that they possibly can.
18              MS. BOOTH:  Right.
19              THE COURT:  And I can't fault them for that.
20              MS. BOOTH:  No.
21              MR. WISEMAN:  Your Honor, just, logistically, I
22   appreciate the Court and Ms. Booth accommodating us on this –
23              THE COURT:  All of this jacking around?
24              MR. WISEMAN:  We're going to have Mr. Abreu and
25   Mr. McHugh, who are both from my office, and I believe
```

```
 1  Ms. Suter, who's a paralegal, are going to be in Corpus
 2  Christi starting tomorrow and Wednesday, and I was just
 3  wondering if maybe this material can be available for them on
 4  Wednesday.
 5              MS. BOOTH:  I – it can't be available on Wednesday,
 6  Judge, because – and like I told them last week, I am taking
 7  my daughter to college on Wednesday.
 8              MR. WISEMAN:  Oh.
 9              MS. BOOTH:  And that day I won't be here.
10              MR. WISEMAN:  Okay.  That's – that's good news.  See
11  you.
12              THE COURT:  Congratulations on the good news.
13              MS. BOOTH:  Well, thank you.
14              THE COURT:  Would you mind, since they're going to be
15  here, I think they're going to look through the CPS records.
16              MR. WISEMAN:  That's right.  And the autopsy photos
17  that were part of the trial record as well.
18              THE COURT:  Right.
19                Would you mind just filing before you leave then
20  that CD under seal?
21              MS. BOOTH:  Judge, now what they're asking for –
22              THE COURT:  Who are they asking for?
23              MS. BOOTH:  They're ask- -- it's a huge amount of –
24  and, see, we need to go back through that.  That's why, Judge,
25  I would like an opportunity to respond.
```

```
 1              THE COURT:  You need to look at it first.  That's a
 2   fact.
 3              MS. BOOTH:  I need to look at it.  I just got the
 4   motion this morning, and I waited on Thursday to get a copy of
 5   it, and –
 6              MR. WISEMAN:  Your Honor, this is all fine.  We can –
 7   we can make another trip.  I just thought if we were there –
 8              THE COURT:  I know that, but I think – I think –
 9              MR. WISEMAN:  Yeah.
10              THE COURT:  -- that Ms. Booth is certainly allowed to
11   look through and make sure –
12              MR. WISEMAN:  Absolutely.
13              THE COURT:  -- she's got it all there.
14              MR. WISEMAN:  Absolutely.
15              MS. BOOTH:  Right.
16              THE COURT:  So, there's no slip up of any kind.
17               And you all can make another trip down and look
18   at it.  I know you're coming up to your deadline of filing
19   your writ.
20              MR. WISEMAN:  Yes, that's – that is the problem.
21              THE COURT:  And – yeah.  And I want to make sure that
22   you have access to all that before your deadline.
23              MR. WISEMAN:  Yes, indeed.
24              THE COURT:  And I'm – I'm going to go ahead and grant
25   your motion, not for the reasons that you set out, but –
```

```
 1            MR. WISEMAN:  Okay.
 2            THE COURT:  -- because you need to have access to all
 3   these documents to evaluate.  I assume the big issue is
 4   ineffective assistance of counsel.
 5            MR. WISEMAN:  Yes, indeed.
 6              So, we will be in touch with Ms. Booth about a
 7   convenient time for us –
 8            THE COURT:  Fine.
 9            MR. WISEMAN:  -- to review the materials.  And –
10            THE COURT:  So, you all know how I stand in letting –
11   in giving them access, and I know –
12            MS. BOOTH:  Oh, sure.
13            THE COURT:  -- she wouldn't object to it anyway.  She
14   just needs to be able to make sure it's all there.
15            MR. WISEMAN:  Yeah.  Yeah, I understand.
16            MS. BOOTH:  Well, actually, this is the fourth set
17   of – Jose Gonzalez Valle had a set.  Then we gave a set to
18   John Gilmore and Mr. Tinker, and then the Appeals people had
19   it, and then, this is the fourth set.
20            THE COURT:  Just out of curiosity, have you asked for
21   it from Mr. Gonzalez Valle and the appellate lawyers?
22            MR. WISEMAN:  Yeah, we – we have gotten everybody's
23   prior files, and that's –
24            THE COURT:  Are they different at all?
25            MR. WISEMAN:  Yeah, it's not there.  I mean,
```

```
 1  obviously, we would prefer to do it that way –
 2            THE COURT:  Okay.
 3            MR. WISEMAN:  -- to file a motion.
 4            THE COURT:  Okay.
 5            MR. WISEMAN:  And that's the first thing we do is we
 6  look and see what we got in the – in the prior files.
 7            THE COURT:  Okay.
 8            MR. WISEMAN:  There was one other matter which I – I
 9  hope will not be controversial.
10               We were in touch with the Marshal Service in
11  your court –
12            THE COURT:  Right.
13            MR. WISEMAN:  -- a Mr. Trevizo.
14            THE COURT:  Yes, he's our Deputy U. S. Marshal.
15            MR. WISEMAN:  Yes.
16               And we had asked him for – well, he actually
17  called us – like, the call at the prisoner tracking system –
18           THE COURT:  Okay.
19            MR. WISEMAN:  -- which contains transportation,
20  medical and housing information, which he says is routinely
21  provided, although – since he doesn't really know who we are,
22  he would require a Court order.
23               Could we, if Ms. Booth has no objection, file a
24  proposed order –
25            THE COURT:  Yes.
```

1     MR. WISEMAN:  -- and a brief motion for that?
2     THE COURT:  Sure.
3     MR. WISEMAN:  Okay.
4           Ms. Booth, do you have any objection that you
5  can see?
6     MS. BOOTH:  No.
7     MR. WISEMAN:  No?  Okay.  Well, good.
8     MS. BOOTH:  I don't.
9     MR. WISEMAN:  Okay.  We'll get that –
10    THE COURT:  I don't know if you don't what efforts
11 the Marshal went to for Mr. Bourgeois to make sure he was –
12 because he was not housed around locally.
13    MR. WISEMAN:  Yes, I know that.
14    THE COURT:  He wanted to make sure that his counsel
15 were able to reach him at all times –
16    MR. WISEMAN:  Yes.
17    THE COURT:  -- prior to trial.
18    MR. WISEMAN:  Yes.
19    THE COURT:  So, they moved him to the courthouse, and
20 he had fantastic food that was provided.  And he had 24-hour
21 Marshals there.  So, the lawyers were always accessible.  And
22 I had asked them to do it sometime before the trial.
23    MR. WISEMAN:  Do you provide such food to out of town
24 counsel as well?
25    THE COURT:  I'm afraid you may come up short on that.

Case 2:02-cr-00216   Document 695   Filed on 01/30/20 in TXSD   Page 15 of 17

15

```
 1              MR. WISEMAN:  Okay.  Well, I thought I'd ask.
 2                   Okay.  Well, we'll get that motion e-filed this
 3   morning, and again, we appreciate both the Court and
 4   Ms. Booth's consideration.
 5              THE COURT:  And, Ms. Booth, as soon as you get that
 6   e-filed – because I keep up pretty carefully about several
 7   times a day checking the e-filings –
 8              MS. BOOTH:  Uh-huh.
 9              THE COURT:  -- if you have any objection to that,
10   would you let Ms. Scotch know, otherwise, I'll probably just
11   order generate the proposed order.
12              MS. BOOTH:  Okay.  Yes, ma'am.
13              MR. WISEMAN:  Okay.  Well, that's all we have, Your
14   Honor.
15              THE COURT:  Fine.  Thank you –
16                   And, Ms. Booth, where are you taking your
17   daughter?
18              MS. BOOTH:  Well, Judge, you – I hate to tell you
19   this – she's going up to try out for the dance team so that
20   she can get a full ride up in – at Blinn.
21              THE COURT:  Oh, that's fantastic.
22              MS. BOOTH:  It's – there's a national champion dance
23   team.  I mean, every child is different, Judge.
24              THE COURT:  Well, you – but you've always encouraged
25   all your children.
```

1       MS. BOOTH:  That is – I have an artist that, you
2  know, that goes to a different drummer, but – so, we're going
3  up to Blinn, and she's trying out for the dance team on
4  Wednesday.
5       THE COURT:  Oh, good luck.
6       MS. BOOTH:  Oh, well, thank you.
7           Thank you.
8       MR. WISEMAN:  Yes, likewise.
9       THE COURT:  Thank you all very much for calling in
10 and working around the schedule and everything.  I appreciate
11 it.
12      MR. WISEMAN:  Not a problem.
13          Thank you, Your Honor.
14      THE COURT:  Thank you all.
15      MR. WISEMAN:  All right.  Okay.
16      MS. BOOTH:  Thank you, Your Honor.
17      THE COURT:  Bye-bye.
18      MS. BOOTH:  Bye-bye.
19    (Proceedings concluded at 8:45 a.m.)
20
21
22
23
24
25

1     IN THE UNITED STATES DISTRICT COURT

2     FOR THE SOUTHERN DISTRICT OF TEXAS

3     CORPUS CHRISTI DIVISION

4

5    I, Linda Griffin, court approved transcriber, certify that

6 the foregoing is a correct transcript from the official

7 electronic sound recording of the proceedings in the above-

8 entitled matter.

9

10 /s/ Linda Griffin                          January 29, 2020
   Linda Griffin                                       Date
11